# EXHIBIT A



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

February 22, 2024

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via Email*</u>

Nathan Rehn and Benjamin Arad
U.S. Attorney's Office
1 Saint Andrews Plaza
New York, New York 10007

Re:   <u>**United States v. Roman Storm**</u>
      **23 Cr. 430 (KPF)**

Dear Counsel:

We write on behalf of our client Roman Storm in connection with the above-captioned case.

There are a number of items that the government has not produced relevant to our client's case and defense that we believe the government has in its possession, custody, or control and that Mr. Storm is entitled to receive pursuant to applicable discovery-related case law (*e.g.*, *Brady v. Maryland*), statutes, and rules. As you are no doubt aware, it is incumbent on the government to ensure that all discovery has been gathered from all agencies working on this case and to produce it or make it available for inspection to the defense in a timely manner.

We request the below by no later than Friday, March 4, 2024, or, if you are going to decline to produce any of the below, please notify us in writing by that date as well.

1. All communications, including any Mutual Legal Assistance Treaty requests, between the FBI, the United States Attorney's Office for the Southern District of New York ("USAO"), National Security Division (DOJ), and/or Office of International Affairs (DOJ), on one hand, and any Netherlands authorities (*e.g.*, law enforcement and/or government officials) or judicial bodies, on the other hand, relating to Mr. Storm, Roman Semenov, Alexey Pertsev, Peppersec, and/or the Tornado Cash protocol.

   The term "communications" as used in this letter includes e-mails, text messages, instant messages, correspondence, drafts, and documents reflecting notes of conversations.

2. All Office of Foreign Assets Control ("OFAC") materials and communications relating to Mr. Storm or this case. This request includes, for example, communications between OFAC, on one hand, and the FBI, USAO and/or National Security Division (DOJ), on the other hand, concerning Mr. Storm or this case. This request also specifically includes an unredacted copy of the OFAC Evidentiary Memorandum, USAO_00002362-USAO-_00002449.

Case 1:23-cr-00430-KPF   Document 25-1   Filed 03/29/24   Page 3 of 4



The term "materials" as used in this letter includes both draft and final versions of documents (even if there are multiple versions and multiple copies), and includes information stored anywhere and on any device, including email, calendar/task information, user-created files like word processing documents, spreadsheets, PowerPoint presentations, etc.  It also applies to hard copies as well as documents stored on a computer and/or other electronic media.

3. All Financial Crimes Enforcement Network ("FinCEN") materials and communications relating to Mr. Storm or this case.  This request includes, for example, communications between the FinCEN, on one hand, and the FBI, USAO and/or National Security Division (DOJ), on the other hand, concerning Mr. Storm or this case.

4. All communications relating to Mr. Storm or this case between the USAO and the law enforcement agencies investigating this case.  This request includes, for example, e-mails and text messages between you two, Benjamin Gianforti, and/or Jessica Peck, on one hand, and law enforcement special agents like FBI Special Agents Haley Richins and Elizabeth Kudirka, on the other hand.

5. All communications and materials relating to the search warrants tied to this case.  As examples, drafts of the warrants transmitted to law enforcement or otherwise circulated outside the USAO, emails between the USAO and other law enforcement (*e.g.*, an email between one of you and Special Agent Richins in connection with revisions of an affidavit), and emails, text messages, and instant messages that may provide details relating to executing the warrants.

6. All grand jury subpoenas served in this case.

7. In connection with any grand jury proceedings in this case, we request the disclosure of: (a) whether any persons were present during grand jury proceedings other than the grand jurors, witnesses under examination, court reporters, and the USAO; or (b) whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any persons other than the grand jurors, witnesses under examination, court reporters, and the USAO.

8. If the government intends to offer evidence of crimes, wrongs, or acts not charged in the indictment pursuant to Federal Rule of Evidence ("FRE") 404(b), or any other statute, rule, or legal principle, defendant demands prompt notice of such crimes, wrongs, or acts as well as the evidence upon which the government intends to rely so that fair and appropriate investigation of such matters may be conducted by the defense.

9. To the extent not covered by the above requests, all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, and/or



February 22, 2024
Page 3 of 3

which affect the credibility of the government's case and requests, pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972); all promises, express or implied, made to any government witness in exchange for their testimony; and all other information which could arguably be used for the impeachment of any government witness.

10. Pursuant to FRE 807, we request that the government advise whether it intends to offer a statement under the residual hearsay exception. If so, Mr. Storm requests that statement, as well as the name and address of the declarant.

We also request that you let us know by March 4, 2024 whether the government has been able to access the laptop and/or any of the devices (USBs, wallets) seized from Mr. Storm's residence. We are considering a suppression motion(s), so this information is relevant to our potential motion(s).

If you have any questions regarding the above requests, let us know as soon as possible as well, so we can speak at your convenience.

As you know, the government's discovery obligations are continuing in nature.  If the government discovers additional items requested above later, notify us promptly of their existence.  This continuing obligation runs through the end of any trial, and if applicable, any sentencing.

Mr. Storm expressly reserves the right to supplement these discovery requests at a later time, and to file appropriate motions.

Best regards,

Brian E. Klein
Keri Curtis Axel
Kevin M. Casey
Waymaker LLP

*Attorneys for Roman Storm*