

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

July 9, 2024

**BY ECF & EMAIL**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Roman Storm*
     23 Cr. 430 (KPF)

Dear Judge Failla:

  The Government respectfully submits this letter in opposition to the defendant's motion to adjourn his trial—long scheduled for September 23, 2024—until early 2025. (Dkt. 64). As described further below, the defendant has failed to provide good cause to support a postponement, citing only the volume of discovery—which he vastly inflates and the substantial majority of which he has had for nearly 10 months—and the complexity of the issues—which are tied to the cryptocurrency mixing service *he* created and maintained. In addition, the public interest strongly favors a speedy trial here given the interest that this case has attracted from various stakeholders. Accordingly, the defendant's motion should be denied.

  As the Court knows, on August 21, 2023—nearly a year ago—a grand jury sitting in this District returned an indictment against the defendant, charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); conspiracy to operate an unlicensed money transmission business, in violation of 18 U.S.C. § 371; and conspiracy to violate the International Emergency Economic Powers Act, in violation of 50 U.S.C. § 1705, Executive Order 13722, and 31 C.F.R. § 510.201, in connection with his development, deployment, marketing, operation, and maintenance of the cryptocurrency mixing service known as Tornado Cash (the "Indictment"). (Dkt. 1). The Indictment is 37 pages long and contains detailed allegations regarding the Government's theory for the criminal conduct it alleges. (*See id*.).

  Since the defendant's indictment, the Government has made approximately 11 discovery productions pursuant to Rule 16, approximately 7 of which were made in 2023. The vast majority of the discovery was produced in September and October of 2023, that is, approximately 9 to 10 months ago. The first production, made on September 15, 2023, contained, among other things, (1) relevant Telegram chats and draft translations, including chats in which the defendant participated; (2) the returns from search warrants obtained by the Government including warrants for accounts associated with the defendant; (3) tax records; (4) records from the Office of Foreign Asset Control; and (5) extensive open-source records gathered during the Government's investigation. On September 26 and 30, 2023, the Government produced, among other things, all

of its grand jury subpoena returns to date, search warrant returns from various service providers, and materials the Government had received from Dutch law enforcement through the Mutual Legal Assistance Treaty ("MLAT") process. The MLAT materials in particular are significant because they contain communications with the defendant that Dutch law enforcement extracted from another Tornado Cash founder's phone after his arrest in the Netherlands, many of which are in Russian.[1] The defendant is a Russian speaker; the Government's attorneys are not. Accordingly, the Government has been diligently translating relevant chats, many of which involve the defendant, and providing those to the defense on a rolling basis. The Government produced translations of the most relevant chats—those between the defendant and the other two Tornado Cash founders—as part of its September 2023 productions.

On October 18, 2023, the Government produced forensic extractions of devices that the Government seized from the defendant's home on the date of his arrest. On December 28, 2023, the Government produced responsive materials from certain devices seized from other subjects of the Government's investigation.

In sum, the bulk of the discovery was complete before the end of 2023, nine months before the trial date. While the Government has made additional small productions of documents on a rolling basis in 2024, these have primarily consisted of new subpoena returns and translations of Russian chats as they have been completed. The Government has produced fewer than 30,000 pages of discovery to date in 2024.[2]

The defendant's motion cites the "millions of pages" of discovery produced in this case, but that number requires additional context, as it dramatically overstates the volume of substantive discovery. The Government has produced a total of approximately 4.5 million Bates-stamped pages of discovery, but approximately 4 million of those pages are 2703(d) returns, which consist simply of email header information. Because of how these returns are produced in the Relativity software that the Government uses to manage discovery, each email header is recorded as a separate document. But there are no contents of these documents aside from the header information, which can be easily compiled into a single searchable spreadsheet. For instance, if an email address sent ten emails to another email address, that would produce ten "pages" of documents in Relativity from the 2703(d) returns, but the information would amount to just ten lines on a spreadsheet listing, for each email, information regarding the sender and recipient email addresses and the time the email was sent. Thus, it would be more accurate to say that the discovery in this case is less than a million pages.

---

[1] On May 14, 2024, this other founder was convicted of money laundering by a Dutch court and sentenced to over five years' imprisonment.

[2] The Government recently completed its responsiveness review of a hard drive found in the defendant's residence, and will be producing responsive materials within the next week, which will consist of approximately 9,000 documents. However, the Government produced a full image of the defendant's hard drive in October 2023. Thus, unlike the Government, the defendant has had full access to these materials for months. And in any event, the defendant will have more than two months to review the responsive materials, which consist entirely of his own documents, in advance of trial.

The defendant's motion does not identify any particular issues in the discovery that have hampered his efforts to prepare for trial by September 23, 2024, a trial date which has been on the calendar *for seven months*. He simply makes a generalized complaint about the volume of discovery. But, as noted, his estimates of the size of discovery are vastly overstated. Moreover, the Government's discovery productions have been accompanied by letters with indexes of each production and the discovery is in text-searchable electronic format. While the total discovery is voluminous, it is far less than the discovery at issue in other recent cases that have been scheduled for trial even more quickly. *See United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (the Government produced more than 8 million pages of discovery and the trial was scheduled less than ten months after the indictment); *United States v. Menendez*, 23 Cr. 490 (SHS) (the Government produced approximately 15 million pages of discovery and the trial was scheduled less than a year after the indictment). In an age of electronic discovery, page counts can overstate the burden of reviewing the discovery, given the ability of counsel to quickly search the discovery in electronic databases and identify those materials most relevant for trial. Moreover, in its discussions with defense counsel, the Government has also offered to answer any questions the defense may have about the discovery, including where to find any particular materials therein.

In short, the defendant asks the Court to move a trial date that he has known about since *late last year*—a trial date for which the Government has been diligently preparing and expending resources—for no good reason other than this case is complex and has substantial discovery. But of course the defendant knew that from the outset as the co-founder of a complex cryptocurrency mixing service, and certainly was aware of these issues when the trial was scheduled last year. *See Menendez*, 23 Cr. 490, Dkt. 112 (Dec. 28, 2023) (denying defendants' motion to adjourn trial, and noting that the parties knew discovery would be voluminous when the trial schedule was agreed to and that the Government had produced discovery in a searchable electronic format). The Government opposes the defendant's motion to adjourn the trial until early 2025.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Benjamin A. Gianforti
Thane Rehn
Ben Arad
Assistant United States Attorneys
(212) 637-2490
(212) 637-2354
(914) 993-1907

Kevin Mosley
Special Assistant United States Attorney