

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

October 14, 2024

Brian E. Klein
Direct (424) 652-7814
bklein@waymakerlaw.com

**By ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   United States v. Roman Storm
      23 Cr. 430 (KPF)

Dear Judge Failla:

      We write on behalf of our client Roman Storm to respectfully request a stay of the Court's October 10, 2024 oral ruling ordering reciprocal pretrial disclosures of expert witness information, with case-in-chief expert disclosures ordered for November 4, 2024 and rebuttal expert disclosures to follow seven days later on November 11, 2024. On Wednesday, October 17, 2024, Mr. Storm intends to file in the Second Circuit a petition for a writ of mandamus to overturn that ruling. The Second Circuit will need time to consider and decide the writ, and it will not likely be able to reach a decision before November 4, 2024. If a stay is not granted, then Mr. Storm would be forced to make his expert witness disclosures before trial without the benefit of the Second Circuit's decision on his mandamus petition. The government opposes this request for stay.

      A stay is warranted because the issue is novel and significant and is appropriate for appellate review on mandamus. The defense respectfully believes that the Court's ruling contravenes Federal Rule of Criminal Procedure 16(b)(1)(C), which on its face requires that the defense make a request for pretrial government disclosure of expert witness information and that the government comply before triggering any defense obligation to produce its expert witness disclosures. As the Court knows, the defense intentionally made no such request here. The defense is unaware of any other court decision ordering the disclosure to the government of defense expert witness information before trial under such circumstances, and there are a number of contrary decisions. The defense seeks to maintain the confidentiality of its expert witness information before trial because disclosure of such information would necessarily reveal confidential defense strategy and work product, and greatly prejudice Mr. Storm. If he were forced to make his expert witness disclosures before trial, even if he ultimately decided not to call certain or even all of his expert witnesses, this confidential and protected information would forever be revealed to the government, a harm which could not be adequately remedied on appeal from final judgment. A stay is necessary to ensure that Mr. Storm is given the opportunity



to raise this significant issue through the issuance of a writ of mandamus before he suffers serious prejudice.

      Mr. Storm respectfully requests that the Court issue its decision granting or denying a stay as expeditiously as possible. If a stay is denied, Mr. Storm intends to ask the Second Circuit to order a stay, and the Second Circuit would require time to issue such an order before the impending November 4, 2024 deadline for reciprocal pretrial expert disclosures.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Kevin M. Casey
Waymaker LLP

-and-

David E. Patton
Hecker Fink LLP

*Attorneys for Roman Storm*