

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

October 16, 2024

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   *United States v. Roman Storm*
      23 Cr. 430 (KPF)

Dear Judge Failla:

The Government respectfully writes in opposition to the defendant's motion for a stay of the Court's October 10, 2024 decision ordering the parties to exchange expert disclosures in accordance with Rule 16 by November 4, 2024.[1] (Dkt. 87). The defendant seeks this stay pending his forthcoming mandamus petition to the Second Circuit to overturn the Court's decision. As set forth below, the defendant comes nowhere near meeting the standard for such a stay, as he has no likelihood of success in obtaining a writ of mandamus. Accordingly, his motion should be denied.

**I.   Applicable Law**

As set forth in *Roseman v. Bloomberg L.P.*, No. 14 Civ. 2657 (DLC), 2017 WL 5176379, at *1 (S.D.N.Y. Nov. 7, 2017), "[t]he standard for evaluating a stay application is well established"—the district court must assess:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (*per curiam*) (citation omitted) (mandamus petition). *See also In re Electronic Books*

---

[1] The transcript of this proceeding is attached here as Exhibit 1 and is referred to herein as "Tr."

*Antitrust Litigation*, 2014 WL 1641699, at *4 (S.D.N.Y. Apr. 24, 2014) (applying standard to Rule 23(f) petition). The Second Circuit applies these same factors in considering whether to vacate a stay. *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007). These factors operate as a "sliding scale" where "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors ... [and][t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted). A stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted).

*Id.*

## II. The Defendant Cannot Meet the Conditions Necessary to Warrant a Stay

All of the stay factors weigh against the defendant's request here.

First, the defendant is not likely to succeed in obtaining a writ of mandamus from the Second Circuit. The common law writ of mandamus "may lie only in exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion," and thus is to be used "sparingly." *In re United States*, 945 F.3d 616, 622-23 (2d Cir. 2019). Accordingly, a petitioner seeking the writ must satisfy the following "three demanding conditions: (1) the petitioner must 'have no other adequate means to attain the relief [it] desires;' (2) the petitioner must satisfy 'the burden of showing that [its] right to issuance of the writ is clear and indisputable;' and (3) the issuing court 'must be satisfied that the writ is appropriate under the circumstances.'" *Id*. at 623 (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004)). The Second Circuit has stated that, with respect to the standard for mandamus review, "[t]he ultimate question is simply whether, bearing in mind the exceptional nature of mandamus, [the reviewing court is] left with the 'firm conviction' that the district court's view of the law was incorrect." *Id*. at 625-26 (quoting *In re Int'l Bus. Machines Corp.*, 687 F.2d 591, 600 (2d Cir. 1982)).

Here, the defendant cannot satisfy any of the "demanding" conditions necessary to warrant a writ of mandamus. Far from a "judicial usurpation of power or a clear abuse of discretion," *id*. at 622, the Court's decision mandating expert disclosures consistent with Rule 16 was grounded in multiple bodies of lawful authority, including its inherent power to control the progress of trial to prevent "gamesmanship [from] trump[ing] justice"; the Advisory Committee notes to Rule 16, which strongly suggests that the defendant's interpretation of Rule 16 is contrary to what the Committee intended; and the Court's gatekeeping powers under the Federal Rules of Evidence, including Rules 104 and 702 and the *Daubert* and *Kumho Tire* line of cases. (Tr. 23-25). Put differently, as the Court ably demonstrated in its analysis of the various bodies of law relevant here, the law supports the Court's order and the defendant's disagreements with that order do not come close to showing a "clear and indisputable" right to the exceptional relief he seeks. This ends the inquiry as to whether the defendant can establish to the level of a firm conviction that the Court's decision was incorrect. This, in combination with the strong presumption against the use of mandamus relief, alone requires that the Court deny defendant's motion for a stay.

Second, the defendant will not be "irreparably injured absent a stay." *Citigroup Global Markets Inc.*, 673 F.3d at 162. While the defendant claims that pretrial expert disclosures will force him to prematurely reveal defense strategy, the injury the defendant will suffer is overstated. The reality is that the Court has ordered such disclosures to occur mere weeks—not months—before trial, undermining any claims of harm arising from having to make expert-related disclosures prior to trial. Shedding some light on the defendant's strategy shortly before trial hardly amounts to the "great[] or "serious prejudice" that the defendant claims (Dkt. 87 at 1-2), especially when the alternative would be to order a lengthy mid-trial adjournment to allow the Court and the Government to review the proposed expert testimony to determine whether it complies with Rule 702. Indeed, as the Court will recall, the defense offered to make expert "disclosures short of current Rule 16." (Tr. 19).[2] What the Court is left with here is that the defendant is willing to reveal *some* defense strategy pretrial through a more limited expert disclosure, but objects to the more detailed disclosures required by the Court's order, which, in the defendant's view, will necessarily tip his hand further pretrial. As the Court recognized, this type of "strategic thinking" is a distraction from "the substance of the case." (Tr. 28). The Supreme Court has rejected similar arguments in the analogous context of rules requiring a defendant to make pretrial disclosures of an alibi defense, explaining that "the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." *Williams v. Florida*, 399 U.S. 78, 82 (1970); *see also id.* ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played.").

Third, any harm arising from disclosures mere weeks in advance of trial is far outweighed by the public interest, which heavily favors denying a stay. As the Court explained in ordering pretrial expert disclosures, a preview of this expert testimony is necessary for the fair administration of justice, to avoid substantial delays, and to avoid trial by ambush, which is exactly what Rule 16 was drafted to eliminate. (Tr. 22-25). Moreover, the defendant has an obvious alternative to mandamus relief in the event he is convicted at trial: the normal appeals process post-judgment.

---

[2] The Court noted that, if it had been in defense counsel's shoes, the Court "wouldn't [have] asked [the Government] for" its agreement on more limited expert disclosures because that "won't cut it." (Tr. 19).

**Conclusion**

    For all of the foregoing reasons, the Government respectfully requests that the Court deny the defendant's extraordinary motion to stay the Court's October 10, 2024 decision on the timing of expert disclosures pending mandamus review.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Benjamin A. Gianforti
Thane Rehn
Ben Arad
Assistant United States Attorneys
(212) 637-2490
(212) 637-2354
(914) 993-1907

Kevin Mosley
Special Assistant United States Attorney

cc: Brian Klein, Esq., Keri Axel, Esq., & David Patton, Esq. (by ECF & email)

The Court has reviewed the parties' submissions in connection with Defendant Roman Storm's motion for a stay (Dkt. #87, 89), and understands that Mr. Storm can seek, and should seek, expedited treatment of his mandamus petition from the Second Circuit. Given that, the Court hereby DENIES Mr. Storm's motion for a stay without prejudice to its renewal on or after **October 31, 2024.**

The Clerk of Court is directed to terminate the pending motion at docket entry 87. And, in accordance with the Court's October 10, 2024, oral decision (Dkt. #88), the Clerk of Court is further directed to terminate the pending motions at docket entries 79 and 80.

Dated:    October 17, 2024          SO ORDERED.
          New York, New York

                                    *Katherine Polk Failla*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE