UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROMAN STORM,<br><br>Defendant. | **SUPERSEDING INDICTMENT**<br><br>S1 23 Cr. 430 |

## OVERVIEW

1.  From at least in or about 2019, up to and including at least on or about August 8, 2022, ROMAN STORM, the defendant, and others known and unknown, developed, marketed, and operated a cryptocurrency mixing service known as Tornado Cash, a business from which they sought to make, and did make, substantial profits (the "Tornado Cash service"). The Tornado Cash service combined multiple unique features to execute anonymous financial transactions in various cryptocurrencies for its customers. Claiming to offer the Tornado Cash service as a "privacy" service, the defendant in fact knew that it was a haven for criminals to engage in large-scale money laundering and sanctions evasion. Indeed, as the defendant well knew, a substantial portion of the funds the Tornado Cash service processed were criminal proceeds that were passed through the Tornado Cash service for purposes of concealment. The defendant also knew that the Tornado Cash service received funds from, and provided services to, the Lazarus Group, a U.S.-sanctioned North Korean cybercrime organization, by receiving, transferring, and dealing in cryptocurrency from an Ethereum wallet that was publicly attributed to the Lazarus Group and designated as blocked property by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC").

2.  At all times relevant to this Indictment, ROMAN STORM, the defendant, was a naturalized United States citizen who resided in the United States. In an interview video recorded

on or about October 4, 2021, STORM described himself as the "cofounder of [the] Tornado Cash protocol." STORM was one of three principal cofounders who developed and operated the Tornado Cash service from its initial public launch in 2019 up to and including at least on or about August 8, 2022, when OFAC announced the imposition of sanctions on Tornado Cash.

## STATUTORY ALLEGATIONS

### COUNT ONE
### (Conspiracy to Commit Money Laundering)

The Grand Jury charges:

3.  The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

4.  From at least in or about September 2020 up to and including on or about August 8, 2022, in the Southern District of New York, and elsewhere, ROMAN STORM, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i).

5.  It was a part and an object of the conspiracy that ROMAN STORM, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the movement of funds by wire and other means, and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, (i) computer fraud and abuse, in violation of Title 18, United States Code, Section 1030, and (ii) wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the

2

transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO
### (Conspiracy to Operate an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

6. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

7. From at least in or about February 2022, up to and including on or about August 8, 2022, in the Southern District of New York and elsewhere, ROMAN STORM, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960(b)(1)(B) and (b)(1)(C).

8. It was a part and an object of the conspiracy that ROMAN STORM, the defendant, and others known and unknown, would and did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, and (i) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, and (ii) otherwise involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and to be intended to be used to promote and support unlawful activity, to wit, STORM conducted, controlled, managed, supervised, directed, and owned all or part of the Tornado Cash service, a business that transferred

funds on behalf of the public, without meeting the Federal registration requirements set forth for money transmitting businesses, and knowing that the business involved the transportation and transmission of funds that were derived from a criminal offense and were intended to be used to promote and support unlawful activity.

### Overt Act

9.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: Between in or about February 2022 and May 2022, ROMAN STORM, the defendant, using an account he and his co-conspirators controlled at a financial services company located in the Southern District of New York, on multiple occasions paid two companies for facilitating traffic between the Tornado Cash service and the Ethereum blockchain.

(Title 18, United States Code, Section 371.)

### **COUNT THREE**
**(Conspiracy to Violate the International Emergency Economic Powers Act)**

The Grand Jury further charges:

10. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

11. From at least on or about April 14, 2022, up to and including on or about August 8, 2022, in the Southern District of New York, and elsewhere, ROMAN STORM, the defendant, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate orders, regulations, and prohibitions in and issued under the International Emergency Economic Powers Act ("IEEPA"), codified at Title 50, United States Code, Sections 1701 et seq., Executive Order 13722, and 31 C.F.R. § 510.201.

12. It was a part and an object of the conspiracy that ROMAN STORM, the defendant,

and others known and unknown, would and did knowingly and willfully receive, and cause others to receive, funds, goods, and services from the Lazarus Group, a sanctioned entity, to wit, transfers, payments, deposits, and fees from an Ethereum blockchain address beginning with the characters 0x098B716 ("the 0x098B716 Address"), which constituted blocked property and interests in property of the Lazarus Group, without first obtaining the required approval of OFAC, in violation of 50 U.S.C. § 1705(a), Executive Order 13722, and 31 C.F.R. §§ 510.201.

13.     It was further a part and an object of the conspiracy that ROMAN STORM, the defendant, and others known and unknown, would and did knowingly and willfully provide, and cause others to provide, funds, goods, and services to, by, and for the benefit of the Lazarus Group, a sanctioned entity, to wit, transfers, payments, money transmitting services, and money laundering of funds in the 0x098B716 Address, which constituted blocked property and interests in property of the Lazarus Group, without first obtaining the required approval of OFAC, in violation of 50 U.S.C. § 1705(a), Executive Order 13722, and 31 C.F.R. §§ 510.201.

14.     It was further a part and an object of the conspiracy that ROMAN STORM, the defendant, and others known and unknown, would and did knowingly and willfully transfer, pay, withdraw, and deal in and cause others to transfer, pay, withdraw, and deal in blocked property and interests in property of the Lazarus Group, a sanctioned entity, to wit, the 0x098B716 Address, in violation of 50 U.S.C. § 1705(a), Executive Order 13722, and 31 C.F.R. §§ 510.201.

15.     It was further a part and an object of the conspiracy that ROMAN STORM, the defendant, and others known and unknown, would and did knowingly and willfully engage in transactions to evade and avoid, and attempt to evade and avoid, the requirements of U.S. law with respect to the transfer, payment, withdrawal, and dealing in the 0x098B716 Address, which constituted blocked property and interests in property of the Lazarus Group, and the provision of

funds, goods, and services by, to, or for the benefit of, and the receipt of funds, goods, or services from, the Lazarus Group, a sanctioned entity, without first obtaining the required approval of OFAC, in violation of 50 U.S.C. § 1705(a), Executive Order 13722, and 31 C.F.R. §§ 510.201.

(Title 50, United States Code, Section 1705; Executive Order 13722; 31 C.F.R. § 510.201.)

## FORFEITURE ALLEGATIONS

16. As a result of committing the offenses alleged in Counts One and Two of this Indictment, ROMAN STORM, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property (the "Specific Property"):

    a.    All right, title, and interest of the defendant in the real property located at 16738 SE 328th Place, Auburn, Washington 98092;

    b.    All right, title, and interest of the defendant in the real property located at 2825 204th Avenue Ct. E., Lake Tapps, Washington 98391; and

    c.    All right, title, and interest of the defendant in a 2022 Tesla Model Y with VIN 7SAYGDEF3NF553417.

17. As a result of committing the offense alleged in Count Three of this Indictment, ROMAN STORM, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  11/15/24
FOREPERSON

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney