

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

December 18, 2024

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

**By ECF**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  **United States v. Roman Storm**
     **23 Cr. 430 (KPF)**

Dear Judge Failla:

      We respectfully submit this letter brief on behalf of our client Roman Storm in support of the defense's request that any pretrial expert witness disclosures be made *ex parte* and *in camera*, and that the Court adopt the proposed pretrial schedule set forth below. We have provided two proposed schedules: one in the event the Court agrees with our position on *ex parte* and *in camera* review and an alternative schedule agreed to by the parties in the event the Court does not grant our request.

- **Procedural and Factual Background**

      On September 18, 2024, the government filed a letter motion requesting, *inter alia*, that the Court order the parties to: (1) produce the expert disclosures contemplated by Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C) in advance of a proposed *Daubert* hearing two weeks prior to trial; and (2) exchange such disclosures simultaneously. (Dkt. 79.) On September 25, 2024, the defense opposed that request on the basis that Rule 16 only requires a criminal defendant to produce such disclosures if the defense first requests disclosure from the government and the government complies with that request, and the defense had made no such request in this case. (Dkt. 82.) On October 10, 2024, the Court heard argument on this issue and granted the government's request, ordering the parties to make simultaneous disclosures of expert witness information on November 4, 2024, with rebuttal disclosures to follow seven days later, on November 11, 2024. (Dkt. 88.)

      On October 16, 2024, the defense filed a petition for a writ of mandamus with the Court of Appeals for the Second Circuit seeking an order consistent with the defense's interpretation of Rule 16. (*See In re: Roman Storm*, No. 24-2742 (2d Cir. Oct. 16, 2024), Dkt. 1.) The Second Circuit granted the defense request for a stay (*see id.*, Dkt. 21), and on November 12, 2024, heard oral argument on the petition. On November 15, 2024, the Second Circuit issued an order

denying the petition "because the petitioner has not demonstrated that his right to the writ is clear and indisputable" but did not include any substantive discussion of the issues. (*See id.*, Dkt. 49.)

That same day, the government filed a superseding indictment. (Dkt. 105.) On December 9, 2024, the Court arraigned Mr. Storm on the superseding indictment. At the arraignment, the Court discussed pretrial scheduling issues with the parties, including pretrial disclosures of expert witnesses pursuant to Rule 16. The defense requested that, to the extent the Court orders the defense to disclose its expert witnesses in advance of the government resting its case at trial, such disclosures be made *ex parte* and *in camera*. The Court requested briefing on this issue.

- **The Defense's Expert Witness Disclosures Should Be Made *Ex Parte* and *In Camera***

Although the Second Circuit did not opine on the merits of the expert disclosure issue, it repeatedly expressed concern about the government's position and inquired about alternatives to pretrial disclosure to the government that would preserve Rule 16's reciprocal framework.[1] In particular, Judge Raggi asked whether *in camera* review by the district court of any defense disclosures would alleviate the defense's concerns while still affording the district court the ability to review such disclosures for *Daubert* purposes.[2] The defense responded that *in camera* review would be appropriate, and if the district court felt it needed a response by the government, it could solicit assistance from a walled-off taint team of prosecutors.[3] While maintaining Mr. Storm's position that no defense expert witness disclosure is required in the absence of a defense request and government compliance, in light of the Court's rejection of that position, the defense now requests that the Court adopt an *in camera* procedure.

Ordering *ex parte* and *in camera* submission of the defense's pretrial expert witness disclosures would strike a balance between, on the one hand, the centrality of Rule 16's contingent, reciprocal framework for defense disclosures and, on the other hand, the Court's desire to facilitate the timely and efficient presentation of witnesses and evidence at trial, which is shared by the defense. Balancing these two interests is especially important here, where foundational constitutional rights underlie Congress and the Judiciary's decision to make any defense disclosures under Rule 16 contingent on the defendant's choice to opt into reciprocal discovery. A core precept for any criminal trial is that the defense has no obligation to present a defense, or commit to presenting a defense, until the government has presented its case-in-chief.

---

[1] Among other things, the Second Circuit repeatedly asked what the point of Rule 16's contingent disclosure requirement is if the government could simply receive disclosure from the defense in the absence of a request (*see, e.g., In re: Roman Storm*, No. 24-2742, Tr. Oral Arg. at 17:28-18:49 (2d Cir. Nov. 12, 2024), https://ww3.ca2.uscourts.gov/oral_arguments.html); where the authority for ordering disclosure came from absent a defense request of the government (*id.* at 12:26-12:39); and whether the district court could actually exclude a defense expert if the defense did not disclose on the ground that it needed to see the government's case-in-chief before deciding (*id.* at 15:15-15:37).

[2] (*Id.* at 8:28-8:51.)

[3] (*Id.* at 8:51-10:11.)

Hon. Katherine Polk Failla
December 18, 2024
Page 3 of 5

Forced pretrial disclosure to the government of expert witnesses that Mr. Storm may or may not call would severely prejudice him by requiring him to disclose confidential defense information and strategy that would allow the government to unfairly shape its case in response. This was precisely the harm the Rule 16 drafters intended to avoid by placing the disclosure decision in the hands of the defendant. (*See, e.g.*, Dkt. 82 at 1, 4-5.) The Court can avoid this troubling outcome by conducting an *ex parte* and *in camera* review of the defense's expert disclosures and, if necessary, by seeking input from a walled-off taint team of prosecutors.[4]

At Mr. Storm's December 9, 2024 arraignment, the government argued that expert witness disclosures would be too complicated for the Court to review *in camera*. That argument is without merit. The government regularly provides information, often complex and dependent on an understanding of the defense position, to the Court *in camera*—including in this case, where the government submitted classified information *in camera* for the Court's determination of whether such materials should be disclosed to the defense. (Dkt. 36.) In that instance, defense counsel was permitted to explain its concerns to the Court *in camera* but was not permitted to see the materials subject to the Court's review.

The parties' initial briefing discussed the only five district court decisions on this issue— none of which adopted the government's position. The closest any district court came to requiring pretrial disclosure was the one the government relied most heavily on, *United States v. Impastato*, 535 F. Supp. 2d 732 (E.D. La. 2008), in which the district court ordered the defense to disclose the identity and subject matter of its potential expert witnesses *ex parte* and *in camera*. In doing so, that court recognized the distinction between civil and criminal cases and noted that any resolution "must be crafted in a way that respects the fact that the [d]efendant has no obligation to present a defense until the [g]overnment has established its case." *Id.* at 743.

In sum, for all the reasons set forth above and previously briefed, to the extent the Court intends to order the defense to make pretrial disclosures of expert witnesses, such disclosures should be made *ex parte* and *in camera* for the Court's review, followed by, if necessary, review by a walled-off taint team of prosecutors.

---

[4] After confirming *ex parte* and *in camera* review as a viable procedural option, Judge Raggi then asked what options the district court would have if, after *in camera* review, it found the proposed expert to be one the district court had not seen before or if the disclosures were to involve complex evidence, and the court wanted to avoid mid-trial delays. (*See id.* at 8:51-9:18.) Defense counsel responded that while mid-trial delays occur all the time for less significant reasons, the district court could order the disclosures be made to a taint team or other subset of government attorneys who are walled off from the trial team. (*Id.* at 9:18-10:11.) Without use of such a taint team, the eventual disclosure of defense expert witness information to the trial team, following *in camera* review, would pose the same problems of forcing the defense to disclose its defense and defense strategy to the prosecution.

Hon. Katherine Polk Failla<br>
December 18, 2024<br>
Page 4 of 5

- **Proposed Pretrial Schedule**

The defense proposes the following schedule in the event the Court agrees to receive defense expert disclosures *ex parte* and *in camera*:

- February 17: Government provides 404(b) notice; defense provides advice of counsel notice

- February 24: Defense and government provide *in camera* expert notice

- March 17: Requests to charge, *voir dire*, and motions *in limine*

- March 24: Oppositions to motions *in limine*

- March 26: Government provides 3500 material to the defense

- March 31: Exhibit and witness lists

- April 8: Final pretrial conference

Should the Court deny the request for *ex parte* and *in camera* defense expert witness disclosures, the parties have agreed upon, and respectfully request that the Court adopt, the following pretrial schedule, which tracks the schedule above but includes defense expert disclosures, rebuttal expert disclosures, and a *Daubert* motion briefing schedule:

- February 17: Government provides 404(b) and expert notice; defense provides advice of counsel notice

- March 3: Defense provides expert disclosure

- March 10: Rebuttal expert disclosures

- March 17: Requests to charge, *voir dire*, motions *in limine*, and *Daubert* motions

- March 24: Oppositions to motions *in limine* and *Daubert* motions

- March 26: Government provides 3500 material to the defense

- March 31: Exhibit and witness lists

- April 8: Final pretrial conference

To the extent the Court denies the defense's request for *ex parte* and *in camera* submission of any defense expert witness disclosures, the defense stands on its objection that a

Hon. Katherine Polk Failla
December 18, 2024
Page 5 of 5

criminal defendant is only required to make pretrial expert disclosures to the government under Rule 16 if, and only if, the defendant first requests such disclosure from the government and the government complies with that request. *See* Fed. R. Crim. P. 16(b)(1)(C). In reaching agreement with the government on the above schedule, Mr. Storm is not waiving any rights or prior objections; the defense is simply operating within the framework of the Court's prior ruling to which it has objected.

***

For all the above reasons, the Court should grant the defense's request for *ex parte* and *in camera* expert witness disclosures as outlined above and adopt the related pretrial schedule.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Becky James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Nicholas D. Pavlis
Hecker Fink LLP

*Attorneys for Roman Storm*