UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ROMAN STORM,<br><br>Defendant. | 23 Cr. 430 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Defendant's motion for reconsideration of the Court's denial of his motion to dismiss the Indictment (Dkt. #112); the Government's brief in opposition (Dkt. #120); *amicus curiae* the Electronic Frontier Foundation's brief in support of Defendant's motion for reconsideration (Dkt. #122-1); and Defendant's reply brief in support of his motion for reconsideration (Dkt. #124).  For the reasons that follow, the Court DENIES Defendant's motion for reconsideration.

With respect to Count One (money laundering conspiracy) and Count Two (unlicensed money transmitting), the issues Defendant raises in his motion for reconsideration were raised previously in his motion to dismiss.  The Court does not believe they are impacted by the reasoning of *Van Loon* v. *Dep't of the Treasury*, 122 F.4th 549 (5th Cir. 2024).[1]  Accordingly, the Court denies Defendant's motion for reconsideration as to these Counts.

---

[1] "Compelling reasons for granting a motion for reconsideration are limited to ' [i] an intervening change of controlling law, [ii] the availability of new evidence, or [iii] the need to correct a clear error or prevent manifest injustice.'" *Weir* v. *Montefiore Med. Ctr.*, No. 23 Civ. 4468 (KPF), 2024 WL 2049411, at *2 (S.D.N.Y. May 6, 2024) (quoting *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted)); *accord United States* v. *Smith*, No. 14 Cr. 813 (KPF), 2022 WL 16962261, at *1 & n.2 (S.D.N.Y. Nov. 16, 2022); Local Crim. R. 49.1.

With respect to Count Three (the IEEPA conspiracy), the Court finds that *Van Loon* does not require dismissal because it does not bear on the charged conduct. The Fifth Circuit in *Van Loon* held that Tornado Cash's "immutable smart contracts … are not property because they are not capable of being owned," and therefore OFAC exceeded its authority by sanctioning the smart contracts. 122 F.4th at 565; *see also id.* at 570-71. A key part of the Fifth Circuit's reasoning was that "Tornado Cash has no control over the[ ] immutable smart contracts." *Id.* at 569. *Van Loon* is inapposite for two reasons:

*First*, the universe of Defendant's conduct alleged to violate IEEPA incorporates, *but is not limited to*, the immutable smart contracts. For example, the Indictment alleges that, after Defendant relinquished control over the smart contract pools, he retained control over other decisions such as the operation and design of the user interface. (Ind. ¶ 26). Likewise, the Indictment alleges that Defendant and his coconspirators implemented a relayer algorithm and a related relayer registry (*id.* ¶¶ 29-31), and deliberately implemented an ineffective sanctions screen (*id.* ¶ 64). At trial, the Government may prove that Defendant conspired to violate IEEPA by means of features over which he had control, such as these (and others).

---

For purposes of resolving the instant motion, the Court assumes, without deciding, that it can consider the Fifth Circuit's reasoning in *Van Loon* v. *Dep't of the Treasury*, 122 F.4th 549 (5th Cir. 2024), as potential grounds for reconsideration to prevent manifest injustice.

*Second*, Count Three charges Defendant with, *inter alia*, conspiring to knowingly and willfully receive and provide, and cause others to receive and provide, funds, goods, and services from and for the benefit of *the Lazarus Group*, a sanctioned entity, without first obtaining the required approval of OFAC (Ind. ¶¶ 84-86), and conspiring to engage in transactions to (attempt to) evade and avoid the sanctions on *the Lazarus Group* (*id.* ¶ 88).  The Fifth Circuit in *Van Loon* considered whether OFAC's decision to sanction *Tornado Cash* by adding it to the list of Specially Designated Nationals and Blocked Persons (SDN) exceeded OFAC's statutory authority.  *See* 122 F.4th at 553-54.  It did not consider whether it was improper for OFAC to sanction *the Lazarus Group*, which, it recognized, "had already been added to the SDN list."  *Id.* at 561.  As the Government states in its opposition brief, "the defendant and his coconspirators took a number of affirmative steps to facilitate and profit from *the Lazarus Group's* money laundering and sanctions evasion."  (Dkt. # 120 at 8 (emphasis added)).  The core holding of *Van Loon* (that OFAC cannot sanction Tornado Cash) does not affect the sanctions Defendant allegedly conspired to violate (those on the Lazarus Group).

At trial, the Government will bear the burden to prove that Defendant conspired with others to violate IEEPA by means of the features over which they had control.  The jury, and not the Court, will decide whether the Government has met its burden.  Accordingly, the Court DENIES Defendant's motion for reconsideration.  The Clerk of Court is directed to terminate the pending motion at docket entry 112.

SO ORDERED.

Dated:   February 19, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

4