

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

February 25, 2025

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Roman Storm*
                23 Cr. 430 (KPF)

Dear Judge Failla:

We write regarding the defense's advice-of-counsel disclosure, which was made to the Government on February 18, 2025.

    **I.**    **Background**

On September 18, 2024, the Government filed a motion requesting that the Court order the defendant to provide notice of his intent to assert an advice-of-counsel defense, including "(a) the nature and specifics of his advice-of-counsel defense, (b) the identification of the attorney(s) who provided such advice and a proffer of facts in support of such a defense, and (c) all documents that he intends to rely on in support of such a defense, as well as any other documents relating to such a defense." (*See* Dkt. 79 at 9-10).[1]

On October 10, 2024, when trial in this matter was still scheduled to begin on December 2, 2024, the Court granted the Government's motion and ordered the defense to provide an advice-of-counsel disclosure to the Government by October 28, 2024.[2] (Tr. 17-18, 26). In directing the defense to provide such a disclosure, the Court elaborated on the defense's obligations as follows:

> When I'm using the term "advice of counsel defense," what I'm really speaking about are two things. And one of them is the formal advice of counsel defense that's

---

[1] The Government's letter, dated September 18, 2024, is attached hereto as Exhibit 1.

[2] The transcript of this hearing is attached hereto as Exhibit 2 and is referred to herein as "Tr."

noted in cases like *Bilzerian* and that requires certain disclosures by the defense and certain findings by the court before such a defense can be raised.

But I'm also talking about cases in which someone is arguing that the presence of lawyers or their participation in meetings might impact a defendant's intent. So when I'm asking for advice of counsel disclosures on or before October 28, what I'm really talking about is any reference to counsel being present, being in the room, and any arguments that you make from that. I just say that because while I'm familiar, very familiar with the advice of counsel defense, I've had instances in which litigants have wanted to just do this variant of advice of counsel. And I've read a recent decision from Judge Kaplan in the *Bankman-Fried* litigation. And there contained at 2023 WL 6392718 and 2024 WL 477043. And I take his point about the, perhaps the near co-extensiveness of both formal and informal advice of counsel. *But I'm really telling you this because I don't want to be surprised at trial. So if we're going to talk about lawyers, please tell me before trial.*

(Tr. 26-27) (emphasis added).

Upon the trial date being adjourned to April 14, 2025, the defense's advice-of-counsel deadline was moved to February 18, 2025. On that date, the defense provided the following, in sum total, by way of an advice-of-counsel disclosure (the "Disclosure"):[3]

We write to provide you notice that at his trial Roman Storm may assert an advice of counsel defense and/or a good faith defense based in part on communications with and information received from attorneys. As is permitted by the case law, Mr. Storm will not make a final decision about whether to assert such defenses until after the government rests its case in chief.

There was no further information in the letter. On February 21, 2025, the Government informed defense counsel that it believed the defendant's notice was insufficiently detailed, in light of the Court's prior order granting the Government's motion seeking more detailed disclosures.

The parties agreed to a follow-up call on February 25, 2025. Before that call could take place, however, the defense sent the Government another letter on February 24, 2025.[4] In this letter, the defendant proposed to disclose the following "to avoid unnecessary motion practice," without waiving privilege: "(1) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (2) the subject matter of that advice; and (3) the timeframe in which Mr. Storm received the advice." (Ex. 4 at 3). On February 25, 2025, the parties conferred and the Government informed defense counsel that it still viewed this proposed disclosure as insufficient.

---

[3] The Disclosure is attached hereto as Exhibit 3.

[4] The defendant's letter, dated February 24, 2025, is attached hereto as Exhibit 4.

## II. Discussion

The Disclosure violates the Court's order in letter and spirit. The Disclosure does not even commit to whether the defendant will assert an advice-of-counsel defense, let alone shed any light on the contours of that defense, the relevant attorney(s), or what, if any, discovery the defense intends to produce with respect to that defense. The defense's more recent proposal for an incrementally more detailed disclosure fares only slightly better but still falls far short of what the Court ordered and what is appropriate in a case like this, where the defendant has asserted a number of technical legal defenses in motion practice and where the question of whether attorneys were involved in the defendant's business is likely to arise at trial. Defense counsel has referred the Government to the decision in *United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 5493839 (S.D.N.Y. Nov. 22, 2021), but the facts of that case are far afield from those present here – and even there the defendant named the attorney at issue (something that has not been done here), and Judge Liman required the defendant to produce non-privileged documents related to the advice-of-counsel defense before trial. *Id.* at *5. Indeed, the court's decision not to order early disclosure of privileged materials was based in part on the fact that the case involved "lurid charges of extortion and sex trafficking," there was no "risk that the defense would ask questions of any of the [government] witnesses" about the advice of attorneys, and it was "unlikely in the extreme that the occasional question on cross-examination about attorney advice (were there to be such a question) would prejudice the jury." *Id.* at *7. Those facts that informed the exercise of Judge Liman's discretion are not present in this case, where any advice-of-counsel defense is likely to implicate a substantial number of documents and communications, and result in questions put to several witnesses. And subsequent to the decision requiring the defendant in *Ray* to produce in advance of trial only non-privileged documents, Judge Liman had to hold, in the middle of trial, a hearing on the defendant's purported advice of counsel defense, proving the need in this case for early disclosure and resolution of issues before trial.

Indeed, the reasons why a pretrial, detailed advice-of-counsel disclosure, with an attendant privilege waiver, is justified were already discussed at length in the Government's initial motion for advice-of-counsel disclosures. (*See* Ex. 1 at 6-9). As explained in more detail in that motion, such disclosures are necessary for the Government to evaluate whether any pretrial motions or additional discovery are necessary. For these very reasons, Judge Kaplan ordered similar disclosures in *United States v. Bankman-Fried*, No. 22 Cr. 673, Dkt. 248 (Sept. 5, 2023), after the defense in that case attempted to make a similarly deficient disclosure. Indeed, while the Court has made clear that it does not want to be surprised at trial or the parties to engage in "trial by ambush" or "parlor tricks" (Tr. 27), the Disclosure, if not rectified, will accomplish exactly that.

Accordingly, the Government respectfully requests that the Court order the defense to comply with the Court's prior order to provide notice of the defendant's intention to assert an advice-of-counsel defense and attendant disclosures by this coming Friday, February 28, 2025, including (a) the nature and specifics of the defendant's advice-of-counsel defense, (b) the identification of the attorney(s) who provided such advice and a proffer of facts in support of such

a defense, and (c) all documents that he intends to rely on in support of such a defense, as well as any other documents relating to such a defense.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Benjamin A. Gianforti
Thane Rehn
Ben Arad
Assistant United States Attorneys
(212) 637-2490
(212) 637-2354
(914) 993-1907

Kevin Mosley
Special Assistant United States Attorney

cc: Brian Klein, Esq., Keri Axel, Esq., & David Patton, Esq. (by ECF & email)