# EXHIBIT 4

**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   dpatton@heckerfink.com

February 24, 2025

**BY EMAIL**

Nathan Rehn
Bejamin Gianforti
Benjamin Arad
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Re:  United States v. Roman Storm, 23 Cr. 430 (KPF) (S.D.N.Y.)

Dear Counsel:

We write to follow up on our call Friday regarding Mr. Storm's notice of a potential advice of counsel or good faith defense, and your contention that Mr. Storm's February 18, 2025 notice to the government was deficient. We disagreed with your assessment on the call and continue to disagree after re-reviewing the Court's order and transcripts; however, as you will see below, we propose a compromise to avoid unnecessary litigation.

On the call, you claimed that the government is entitled to further material about these defenses, including but not limited to the lawyers who provided the legal advice at issue and *any* documents (including otherwise privileged communications) that relate to it. You also stated that you would not commit to not using any privileged materials produced by the defense, regardless of whether the defense ultimately asserted an advice of counsel or good faith defense.

You stated your view was based upon statements made by the Court at an October 10, 2024 hearing. But the Court's discussion that you referenced did not address the scope of pretrial disclosure in support of the defense:

> I have here really thoughtful stuff about the advice of counsel defense, but I'll stop because the parties have made agreements on it. I'll just say this, please, and I'm sure that this is just me being unnecessarily worried. When I'm using the term "advice of counsel defense," what I'm really speaking about are two things. And one of them is the formal advice of counsel defense that's noted in cases like *Bilzerian* and that requires certain disclosures by the defense and certain findings by the court before such a defense can be

Hecker Fink LLP

> raised. But I'm also talking about cases in which someone is arguing that the presence of lawyers or their participation in meetings might impact a defendant's intent. So when I'm asking for advice of counsel disclosures on or before October 28, what I'm really talking about is any reference to counsel being present, being in the room, and any arguments that you make from that. I just say that because while I'm familiar, very familiar with the advice of counsel defense, I've had instances in which litigants have wanted to just do this variant of advice of counsel. And I've read a recent decision from Judge Kaplan in the *Bankman-Fried* litigation. And there contained at 2023 WL 6392718 and 2024 WL 477043. And I take his point about the, perhaps the near co-extensiveness of both formal and informal advice of counsel. But I'm really telling you this because I don't want to be surprised at trial. So if we're going to talk about lawyers, please tell me before trial.

(Oct. 10, 2024 Tr., ECF 88 at 26:2-27:2.) The Court's statements only clarified that notice of any advice-of-counsel defense would be required to assert not only the formal version of that defense, but also to any "cases in which someone is arguing that the presence of lawyers or their participation in meetings might impact a defendant's intent." *Id.* at 26:12-14. In other words, the Court suggested that some notice would be necessary even if the defense intended to elicit "any reference to counsel being present, being in the room, and any arguments that you make from that." *Id.* at 26:16-18.

As you can see also from the above, the Court's only reference to disclosures came when she was discussing the distinction between the formal and informal variety of the defense: "[O]ne of them is the formal advice of counsel defense that's noted in cases like *Bilzerian* and that requires certain disclosures by the defense and certain findings by the Court before such a defense can be raised." *Id.* at 26:8-11. But here again, this does not support your contentions.

We are well aware that before the defense is actually raised, there may be certain required disclosures. That said, as we discussed in our notice and on our call, we cannot make the decision whether to raise the defense until the government presents its case. The Court's orders since the conference you cite only confirm this reading, as they are silent about the extent of any pretrial disclosure, but only required the "defense provide[] advice of counsel notice" on February 18. *See* ECF 114 at 5; ECF 126.

Mr. Storm maintains that his February 18 notice "complied with a court order that required him to indicate whether he intended to rely on an advice-of-counsel defense." *United States v. Ray*, No. 20-CR-110 (LJL), 2021 WL 5493839, at *6 (S.D.N.Y. Nov. 22, 2021). And as you noted on our call, the Court earlier in the hearing specifically mentioned speaking with Judge Liman, who authored the decision in *Ray* that we have discussed. *See* Oct. 10, 2024 Tr. at 22:7-11 ("But I also had a very lengthy and very helpful chat with Judge Liman, who's just a very smart man as all of you know who did a lot of work on the advice of counsel defense in the *Ray* case . . .").

Hecker Fink LLP

3

      Nevertheless, in an effort to avoid unnecessary motion practice on this issue, the defense is willing to supplement its notice without waiving privilege by disclosing: (1) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (2) the subject matter of that advice; and (3) the timeframe in which Mr. Storm received the advice. Mr. Storm is further willing to direct the government to certain non-privileged documents and/or communications that the government has produced in discovery that reference the discussions with counsel at issue and sufficiently preview the defense. However, Mr. Storm will only disclose the above on the condition that the government agrees that in doing so Mr. Storm is not waiving privilege, and that Mr. Storm need not waive privilege or disclose any privileged communications until he unequivocally asserts an advice-of-counsel defense. *See Ray*, 2021 WL 5493839, at *6 ("The Court will not require the defense to produce *privileged* documents before the earlier of either (1) the defense's unequivocal assertion of the advice-of-counsel defense, including before the jury through opening statements or any cross-examination during the government's case, or (2) the close of the government's case-in-chief.").

      We look forward to discussing these issues with you on our call tomorrow.

Sincerely,

David Patton
Nicholas Pavlis
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883

-and-

Brian Klein
Keri Curtis Axel
Kevin Casey
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

*Attorneys for Roman Storm*

Hecker Fink LLP