

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

January 29, 2025

**BY EMAIL**
Brian Klein, Esq.
Keri Axel, Esq.
Kevin Casey, Esq.
Waymaker LLP
bklein@waymakerlaw.com
kaxel@waymakerlaw.com
kcasey@waymakerlaw.com

David Patton, Esq.
Hecker Fink LLP
dpatton@heckerfink.com

**Re:** *United States v. Roman Storm, et al.*, 23 Cr. 430 (KPF)

Dear Counsel:

      We write in response to your letters of January 14 and 27, 2025 (the "Jan. 14 Letter" and "Jan. 27 Letter," respectively, and the "Letters," collectively) seeking disclosure of certain material that you assert the Government must produce under *Brady v. Maryland*, its progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E). The Government reserves the right to supplement or amend this letter as needed, and nothing set forth herein is intended to limit the Government's proof at trial.

      As an initial matter—and as we have repeatedly stated—the Government has complied with its constitutional and statutory discovery obligations and will continue to do so. And although the Letters are couched in terms of requests for discovery under *Brady* and Rule 16, they are plainly improper demands for early disclosure of statements and reports of witnesses under 18 U.S.C. § 3500, notwithstanding your protestations to the contrary during our call of January 17, 2025. But even taken at face value, your Letters overstate the Government's discovery obligations and the scope of *Brady* in numerous respects.

      *First*, the Letters stretch beyond recognition what constitutes *Brady* material. The Jan. 14 Letter demands any statement by a person "connected to Tornado Cash in which the person denies that they were involved in a criminal conspiracy with Mr. Storm or his alleged co-conspirators, [or] believed in good faith that their involvement with Tornado Cash was lawful"—in other words, any proclamation of innocence by anyone who has had any connection of any kind with the Tornado Cash service, which would include, for example, a third-party contractor that might otherwise have no knowledge as to the scope of the Tornado Cash service's operations. (Jan. 14

Letter at 1-2). Even under the expansive interpretation of *Brady* that your Letters urge, denials by such persons would not be exculpatory as to your client because they would reflect the state of mind of those persons, not your client.

But even assuming that such third-party statements of innocence are exculpatory as to your client, they would not constitute *Brady* material because Storm is already on notice of who was "connected to Tornado Cash" and could attempt to contact those individuals to hear what they have to say, and even call them to testify, without the Government's identifying them. In *United States v. Feng Ling Liu*, for example, Judge Abrams rejected the defendant's *Brady* claim "that the Government suppressed evidence of statements by alleged co-conspirators who denied their membership in the conspiracy or, more generously, the non-existence of the conspiracy" because "the government is not required to make a witness' statement known to a defendant who is on notice of the essential facts which would enable him to call the witness and thus take advantage of any exculpatory testimony that he might furnish"—a proposition that "takes on a particular significance with regard to alleged co-conspirators." No. 12-CR-934-01 RA, 2015 WL 4460898, at *16 (S.D.N.Y. July 20, 2015), *aff'd on other grounds sub nom. United States v. Bandrich*, 636 F. App'x 65 (2d Cir. 2016) (citations and quotation marks omitted); *see also Harris v. United States*, 9 F. Supp. 2d 246, 276 (S.D.N.Y. 1998), *aff'd*, 216 F.3d 1072 (2d Cir. 2000) ("The Second Circuit has consistently held that the government does not violate its *Brady* obligations by failing to inform a defendant regarding the testimony of an alleged co-conspirator or other participant."). Because your demands for any third party's denial of criminality or "statements that support defense theories as articulated in Mr. Storm's various motions" are neither discoverable under Rule 16 nor subject to disclosure under *Brady*, what we are left with is a request for premature production of 3500 material. (Jan. 14 Letter at 2; Jan. 27 Letter at 2).

Similarly overbroad is the demand in your Jan. 27 Letter for "any statement made by Chainalysis personnel in which they discuss any errors related to their analysis of Tornado Cash"—that is, any statements by a third party regarding potential errors in its analysis of the scope of the criminality of the defendant's business, regardless of whether those errors touch on the issues in this case, let alone the defendant's guilt. (Jan. 27 Letter at 2). This demand plainly encompasses information that is not "material to preparing the defense" and that the Government does not "intend[] to use . . . in its case-in-chief at trial." Fed. R. Crim. Pro 16(a)(1)(E). It likewise includes information that is not "favorable to the defense and material to the defendant's guilt or punishment." *Jimenez v. Stanford*, 96 F.4th 164, 199 (2d Cir. 2024) (setting forth what constitutes a *Brady* violation) (internal quotation marks and citation omitted). Indeed, your letter relies on a revision to Chainalysis' work regarding DPRK-perpetrated hacks in 2023, *after* the relevant period charged in this case. (Jan. 27 Letter at 1; *see* Superseding Indictment, Dkt. 105 at 2-4). That information is neither relevant nor exculpatory.

*Second*, the Letters overstate where the Government must search for *Brady* (let alone Rule 16) material. You seek "material . . . which through due diligence may be learned . . . from . . . witnesses or persons having knowledge of this case." (Jan. 14 Letter at 1; Jan 27 Letter at 2). But it is well-established that "the Government's *Brady* obligation covers information only in its possession or control" and "does not impose an affirmative duty upon the government to take action to discover information which it does not possess." *United States v. Colello*, 2024 WL 3429464, at *2 (S.D.N.Y. July 15, 2024). Thus, information that "through due diligence may be

learned" from witnesses is, by definition, not covered by *Brady*. To the extent that the Letters are attempting to sweep all "witnesses," "persons having knowledge of this case," and Chainalysis into the prosecution team, that is contrary to case law, which excludes cooperating and expert witnesses from the prosecution team. *See, e.g.*, *United States v. Barcelo*, 628 F. App'x 36, 38 (2d Cir. 2015) (summary order) (holding that a cooperating witness was not a part of the prosecution team where he "played no role in the investigation or in determining investigation or trial strategy," and "did no more than provide information to the government and testify at trial"); *United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006) (holding that an expert witness who analyzed evidence, assisted the prosecution in preparing cross-examination questions, participated in a mock examination, and testified at trial was not a member of the prosecution team).

For these reasons, the materials you seek are not subject to disclosure under *Brady*, its progeny, or Rule 16. Nevertheless, as a courtesy and in effort to resolve this matter without further litigation, we are producing certain notes from witness proffers and attorney proffers, listed below. In disclosing this information, the Government is not conceding that this information constitutes material exculpatory information under *Brady* and its progeny, or that this information is otherwise discoverable at this time. Indeed, the Government views this information as subject to disclosure only under Section 3500, which you are not entitled to at this stage in the proceedings.

| Bates Range | Witness |
|---|---|
| 3501-001 – 3501-003 | ■ |
| 3502-001 – 3502-007 | ■ |
| 3503-001 – 3503-001 | ■ |
| 3504-004 – 3504-002 | ■ |

These disclosures are designated Attorney's Possession Only under the terms of the Protective Order in this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Very truly yours,

DANIELLE R. SASSOON
United States Attorney


by: __/s/_____
Ben Arad
Benjamin A. Gianforti
Thane Rehn
(914) 993-1907
(212) 637-2490
(212) 637-2354

Kevin Mosley
Special Assistant United States Attorney