# Exhibit C



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

May 8, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>Via E-Mail</u>

Nathan Rehn
Benjamin Arad
Benjamin Gianforti
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Re:    *United States v. Roman Storm,* 23 Cr. 430 (KPF)

Dear Counsel:

  We write on behalf of our client Roman Storm to share our concern that the government has not complied with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). We request any information suggesting that Tornado Cash would not qualify as a "money services business" under FinCEN's regulations and/or be required to be licensed as "money transmitting business" as outlined in 18 U.S.C. §1960, including any communications with FinCEN.

  We recently learned that the government failed to provide such information in a timely manner in another non-custodial cryptocurrency mixer case in this District. *See U.S. v. Rodriquez, et al.,* No. 24 cr. 82 (RMB) ("Samourai"), Dkt. 86. In the Samourai case, the government waited almost 20 months to disclose that a FinCEN representative told that prosecution team that a non-custodial mixer like Samourai did not appear to be a "money transmitting business" under its guidance. *Id.* at 3. As a result, a non-custodial mixer would not be required to register with FinCEN or be subject to the provisions of 18 U.S.C. § 1960. Since the government alleges that both Samourai and Tornado Cash are similar cryptocurrency mixing services, there is good reason to believe that the prosecution team here had similar conversations with FinCEN about Tornado Cash, which should have already been produced but have not so far. Even if that is not the case, the belated *Brady* disclosure in the Samourai case should have been produced to the defense here as well since Tornado Cash is also a non-custodial mixer and what FinCEN told the Samourai prosecution team applies to it too.

  By the end of day tomorrow, May 9, please provide us with: (1) the disclosures made in the Samourai case that are referenced in the recent filing (as well as any other related *Brady* materials that may have been produced in discovery to the defense there); (2) the date this prosecution team learned of the information in those disclosures; and (3) any other *Brady* materials that fall under the request in the first paragraph of this letter.



Nathan Rehn
Benjamin Arad
Benjamin Gianforti
May 8, 2025
Page 2 of 2

As you know, the government's discovery obligations are continuing in nature. If the government discovers additional material requested above later, notify us promptly of its existence. Mr. Storm expressly reserves the right to supplement his discovery requests at a later time, and to seek Court intervention.

We appreciate your attention to these important requests.

Sincerely,

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Waymaker LLP

-and-

David E. Patton
Hecker Fink LLP

*Attorneys for Roman Storm*