UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  -against-<br><br>ROMAN STORM, ET AL.,<br><br>  Defendant. | Case No. 23 Cr. 430 (KPF) |

# DEFENDANT ROMAN STORM'S
# PROPOSED VOIR DIRE

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

David E. Patton
Nicholas D. Pavlis
Hecker Fink LLP
350 Fifth Ave, 63rd Floor
New York, New York 10118
(212) 763-0883

*Attorneys for Roman Storm*

## I. PRELIMINARY STATEMENT

Defendant Roman Storm submits this proposed voir dire pursuant to Federal Rule of Criminal Procedure Rule 24(a) and respectfully requests that the Court include the following questions in its examination of prospective jurors. Overall, the defense respectfully requests that the Court pursue more detailed questioning if a prospective juror's answer reveals that such inquiry is needed to ensure that person can be a fair and impartial juror. In addition, if a prospective juror has heard of or otherwise is familiar with any aspect of this case, Mr. Storm respectfully asks that the Court question the prospective juror outside the presence of the broader jury pool.

## II. BRIEF DESCRIPTION OF THE CASE

This is a criminal case. The defendant, Roman Storm, is a software developer in the cryptocurrency space and co-founder of a technology company. He is charged with three crimes arising from his help in developing software that allowed for private cryptocurrency transactions. The software protocol at issue in this case is called Tornado Cash.

Mr. Storm denies all the charges against him and asserts his innocence. Under the law, the jury must presume he is innocent of all the charges. It is the government's burden to prove each charge, if it can, beyond a reasonable doubt. That burden never shifts to the defense.

Mr. Storm has no obligation to present any defense, call any witnesses, offer any evidence, or testify. If he does not testify, you cannot view his choice not to testify as evidence of guilt.

The charges against Mr. Storm are listed in an Indictment. The Indictment is not evidence of guilt, and you may not consider it as evidence of anything. The Indictment merely serves to notify Mr. Storm of the charges against him and contains only unproven allegations.

In this case, the charges identified in the Indictment are: (i) conspiracy to commit money laundering; (ii) conspiracy to operate an unlicensed money transmitting business; and (iii) conspiracy to violate the International Economic Emergency Powers Act. You may not draw any conclusions about Mr. Storm's guilt just because he has been indicted. The Indictment does not change the presumption of innocence in any way.

Mr. Storm maintains his innocence and has pleaded Not Guilty to the charges. Mr. Storm contends that he acted lawfully and in good faith at all times. It is the government's burden, as to every element of each count, to prove guilt, if it can, beyond a reasonable doubt. If the government fails to do so, the jury must find Mr. Storm not guilty.

**III.   QUESTIONS FOR PROSPECTIVE JURORS**

    **A.   <u>Opening General Questions</u>**

    Trial by jury is one of our most treasured rights in the United States. Sitting on a jury is one of the highest forms of public service. Because of this, we all have an obligation to serve on juries when called.

    I will now ask each juror questions about the case, your background, important constitutional principles, and any experiences you may have had that might affect your ability to serve as a juror in this case. We are not trying to find out if you are a good juror or a bad juror but whether you are the right juror for this particular case. Just as we have an obligation to serve jury duty, we also have an obligation not to serve on certain juries – and that could be because of your feelings, opinions, or even biases on different issues. We all have life experiences; we all have biases, and it may be that this is not the right case for you, but you would be perfect for many other juries. These are the types of things we are going to explore. All that we ask from you is your honest answers. No one is going to be mad at you or judge you for having certain opinions.

1. Were you able to understand what I just said? Do you have any difficulty reading, speaking, or understanding English?

2. Have you read or heard anything about this case, including the Indictment, other than what I have told you? If yes:

    (a) From what source did you read/hear it?

    (b) What have you read/heard?

    (c) Based on what you heard or read, have you formed any opinions or views, one way or the other, about Mr. Storm's innocence or guilt in this case?

3. Have you had any dealings, directly or indirectly, with Mr. Storm or with any relative, friend, or associate of his? To your knowledge, do any of your family members, friends, associates, or employers know Mr. Storm?

4. This trial is scheduled to last about 2 weeks. Do you have any immovable conflicts, such as scheduled medical procedures (surgeries, non-routine doctors' appointments, etc.), family events (weddings, funerals, etc.), religious holiday obligations, final exams, or childcare obligations?

    **B.   <u>General Questions</u>**

1. What is your name? How old are you?

2. What county and neighborhood do you live in? How long have you lived there?

3. How far did you go in school? If you have an advanced degree or multiple degrees, what were your major areas of study?

4. Are you currently employed? If yes:

   (a) Where do you work?

   (b) Briefly describe your duties in your job.

   (c) If you are retired, what work did you do before retirement?

5. Do you have legal training, or have you worked in the legal profession?

6. If you are married, what does your spouse or partner do for a living?

7. Do you have children? If they are grown, what do they do?

8. What is your main source of news – newspaper, television, websites, or other sources?

9. What publications and/or online media do you regularly read? How many times per week do you read those sources?

10. What television shows, radio shows, and/or podcasts do you regularly watch or listen to?

11. Do you read any finance-related news publications or listen to any finance-related programs or podcasts?

12. What social media platforms do you use, if any?

13. Do you have any difficulty with listening, paying attention, reading printed materials, deliberating, or otherwise participating as a juror? Do you have any medical condition that would make it difficult or uncomfortable to sit for long periods of time without breaks or that might interfere with your service in this case?

14. Are you taking any medication, or do you have any medical condition that could affect your ability to serve or to give your full attention to all of the evidence at this trial? Does it affect your ability to think, reason, or remember? Do you take it regularly? How long have you been taking it? Have you ever had any adverse reactions to it?

15. Do you have an unusual financial hardship that would prevent you from serving as a juror in this case?

16. If selected to participate as a juror, would you be able to reach a verdict based solely on the facts and documents in evidence and the law as the Court will instruct you, disregarding other ideas, notions, or beliefs about the law that you may have encountered elsewhere?

C. **Experience with Subject Matter of the Case**

1. The Indictment alleges crimes related to the operation of an online cryptocurrency software protocol called Tornado Cash.

    (a) Have you ever heard of Tornado Cash? If so, please explain.

    (b) Have you or a close family member ever purchased or used cryptocurrency, including BTC (Bitcoin) orETH (Ether)? If so, please explain.

    (c) Have you or a close family member traded in or with cryptocurrency? If so, please explain.

    (d) Do you have opinions about cryptocurrency in general that could affect your ability to be an impartial juror in this case? If so, please explain.

    (e) Have you ever read or heard the term "DeFi," which stands for Decentralized Finance? If so, what do you know about DeFi?

    (f) Have you ever used a DeFi platform? If so, please explain.

    [Follow up to any of the above: Would your experience impact your views in this case? If so, how?]

2. Have you, a family member, or close friend been a victim of a crime involving the use of, or related to, cryptocurrency? If so, would that experience make it difficult for you to be fair and impartial?

3. In this case you may hear evidence about activities that occurred in countries other than the United States, including Russia and North Korea. Does this fact affect your ability to be fair and impartial in this case? If so, why?

4. Do you believe that regardless of a person's personal wealth or lack thereof, they are entitled to a fair trial, including the presumption of innocence? If not, please explain.

5. Do you have any views regarding, or experience with, U.S. sanctions, including those on North Korea, that would hinder or prevent you from rendering a fair and impartial verdict?

**D.** **Experience with Legal System**

1. Are any of your family or close friends attorneys?

2. Have you ever served on any jury or grand jury before? If yes:

    (a) What type of case was it?

    (b) Did the jury return a verdict?

    (c) Have you ever served as the foreperson on any jury or grand jury?

3. Do you understand that the standard of proof in a criminal trial (such as this one) is much higher than the standard of proof in a civil trial?

4. Have you, or any member of your family or close friends, ever testified as a witness in a criminal or civil case? If yes, what was the case about?

5. Have you, or any member of your family or close friends, ever been interviewed as a witness in connection with a criminal or civil case? If yes, what was the case about?

6. Have you, or any member of your family or close friends, ever been investigated by law enforcement or a government agency, including the FBI or any other federal, state, or local agency?

7. Have you, or any member of your family or close friends, ever been the victim of a crime, whether it was reported or not? If yes, what was the crime? Was anyone arrested? If so, what happened to the case? Is there anything about that experience that would affect your ability to be fair and impartial in this case?

8. Have you, or any member of your family or close friends, ever been arrested, charged with, or convicted of a crime? If yes, do you believe that you, or your family member or close friend, were treated fairly? Why or why not?

9. Have you had any experience with law enforcement that would affect the way you would consider the evidence presented in this case – either positively or negatively?

10. Do you believe that the testimony of a law enforcement officer or official should be given either greater or lesser weight than that of other types of witnesses? If you were selected as a juror in this trial, would you be inclined to view testimony given by a law enforcement officer or government official as more credible than testimony from other witnesses just because of their positions or employment?

11. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true or a fact, it must be true, or at least likely true?

12. Do you believe that the government only charges an individual with a crime if they are guilty?

13. Have you, or any member of your family or close friends, ever been a member of any group that lobbies or takes positions on law enforcement issues?

14. Do you have any family or friends who work for any federal, state, or local law enforcement agency?

15. Have you, or any member of your family or close friends, ever been employed by any prosecutor's office, whether local, state, or federal?

16. Do you have any family or friends who work for the United States Attorney's Office for the Southern District of New York?

17. Have you, or any member of your family or close friends, ever worked for the United States government or for any of its offices, departments, or agencies, such as the FBI and the Department of the Treasury (including OFAC and FinCEN)?

18. Do you have any family or friends who are judges, law clerks, court attendants, court clerks, or any other type of court personnel?

19. Do you think the fact that the federal government is a party here might affect the way you would think about this case and your ability to be fair and impartial?

E. **Knowledge of Trial Teams, Witnesses, Entities, and Locations**

1. Mr. Storm is represented by Brian Klein, Keri Curtis Axel, Kevin Casey, Viviana Andazola Marquez, and David Patton. If I could have the members of the defense team please stand and face the venire.

    (a) Do you know any of these attorneys?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals?

2.       The government is represented by Nathaniel Rehn, Benjamin Gianforti, Benjamin Arad, Kevin Mosley, and *[name(s) to be provided by government]* (paralegal specialist). If I could have the members of the prosecution team please stand and face the venire.

      (a) Do you know any of these individuals?

      (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals?

3.       During the trial, you may hear testimony from or about the following individuals. Please tell me if you have any personal knowledge about these individuals:

      (a) *[Names of individuals to be provided in advance of trial.]*

4.       During the trial, you may hear testimony about the following entities and locations. Please tell me if you have any personal knowledge about these entities and addresses:

      (a) *[Names of entities and locations to be provided in advance of trial.]*

**F.**       **Presumption of Innocence**

1.       As stated before, the Indictment in this case is not evidence or proof of anything. It simply notifies Mr. Storm of the charges against him. Knowing this, do you think that because Mr. Storm has been charged by the government and is here on trial, he must have done *something* wrong or illegal? Do you think that just because a person sits here today, accused of something, he is probably guilty?

2.       When it comes to a criminal case, a bedrock principle is the presumption of innocence. Is there anything about the nature of the charges or Mr. Storm himself that makes it difficult for you to presume him to be innocent in this case?

3.       Do you believe it is possible that the government could charge someone with a serious offense when that person is Not Guilty? Do you believe completely innocent people can be wrongly accused?

**G.**       **Judging the Credibility of Witnesses – Types of Witnesses**

1.       If someone comes to court and takes an oath, will you automatically believe that what a witness testifies to is true/fact?

2.       Are you open to the possibility that a witness could come into court and be mistaken or lie?

3.   The witnesses in this case may include present or former members of law enforcement, including members of the FBI, FinCEN, and OFAC. Would you be unable or unwilling to follow my instruction that the testimony of a law enforcement officer is entitled to no more and no less weight than the testimony of another witness simply because the witness is a law enforcement officer?

4.   You may hear testimony in this case from expert witnesses. I will instruct you that the use of expert testimony is proper. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts that would make it difficult for you to render a fair and impartial verdict?

**H.    Burden of Proof**

1.   Mr. Storm is not required to disprove the case or present any evidence or witnesses at all. The law states that it is only the government's job to prove the case, if it can, beyond a reasonable doubt. This is called the burden of proof. Knowing this, will you still expect Mr. Storm to put on a case or call witnesses to testify?

2.   Do you think someone accused of a crime should have to prove they are innocent?

3.   Will you hold the government to its burden?

4.   Under the law, if the defense chooses to put on a case, it does not alter the government's burden of proof in any way. The burden to prove this case beyond a reasonable doubt never shifts to Mr. Storm. He does not assume a burden to prove his lack of guilt by choosing to put on a case. Would you have any problem accepting and applying this rule of law?

**I.    Beyond a Reasonable Doubt**

1.   Before you could ever convict Mr. Storm, you must find that the government has proven his guilt beyond a reasonable doubt. This is the highest level of proof in the law. Do you understand that proof "beyond a reasonable doubt" is the highest burden that we have under the law – higher than "clear and convincing" and higher than the civil standard of "preponderance of the evidence?"

2.   If, at the end of this case, you have a gut feeling that the defendant may have committed the crimes with which he is charged, but the government did not meet its burden of proving the defendant's guilt beyond a reasonable doubt, would you hesitate to find the defendant Not Guilty? How many of you would follow your "gut" feeling as opposed to the law?

**J.    Right to Remain Silent**

1.   Under the law, Mr. Storm is not required to testify on his own behalf. In fact, you will be instructed that if any defendant in a criminal case, including Mr. Storm, does not testify at trial, you, as a juror, are not permitted to and cannot hold that

fact against him as evidence of guilt for any other reason. If Mr. Storm does not testify, that fact may not be considered at all when you deliberate. Would you have any difficulty following this law? Will you still need to hear Mr. Storm testify in order to reach a verdict?

2. If Mr. Storm does not testify, will you hold it against him in your deliberations?

**K.     Other Questions Regarding Duty as Jurors**

1. Do you know of any reason, other than those already discussed, why you would be prejudiced for or against the United States or Mr. Storm that you have not been asked about?

2. Apart from any prior questions, do you have even the slightest doubt in your mind, or hesitation to assure me, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice and according to the law as it will be explained?

DATED: June 6, 2025

By: */s/ Brian E. Klein*
Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Nicholas D. Pavlis
Hecker Fink LLP

*Attorneys for Roman Storm*