UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                         :

UNITED STATES OF AMERICA     :

                             :

          -v.-              :         23 Cr. 430 (KPF)

                             :

ROMAN STORM,         :

                             :

                Defendant.   :

                             :

-----------------------------------------------------x

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

JAY CLAYTON
United States Attorney
Southern District of New York

Ben Arad
Benjamin A. Gianforti
Thane Rehn
Assistant United States Attorneys

Kevin Mosley
Special Assistant United States Attorney
    *Of Counsel*

# TABLE OF CONTENTS

**REQUEST NO. 1 General Requests** ................................................................................ 1

**REQUEST NO. 2 Summary of the Indictment** ............................................................ 2

**REQUEST NO. 3 Multiple Counts** ................................................................................. 3

**REQUEST NO. 4 Conspiracy Crimes** ............................................................................ 4

**REQUEST NO. 5 Time Period** ........................................................................................ 5

**REQUEST NO. 6 Count One: Elements of Money Laundering Conspiracy** ........................... 6

**REQUEST NO. 7 Count One: First Element - Existence of the Conspiracy** ......................... 7

**REQUEST NO. 8 Object of Conspiracy Charged in Count One: Money Laundering –
Elements** ............................................................................................................................ 10

**REQUEST NO. 9 Object of Conspiracy Charged in Count One – Money Laundering:  First
Element: Financial Transaction** ...................................................................................... 11

**REQUEST NO. 10 Object of Conspiracy Charged in Count One – Money Laundering:
Second Element – Proceeds of Specified Unlawful Activity** ............................................ 13

**REQUEST NO. 11 Object of Conspiracy Charged in Count One – Money Laundering:
Specified Unlawful Activity – Computer Fraud and Abuse** ........................................... 16

**REQUEST NO. 12 Object of Conspiracy Charged in Count One – Money Laundering:
Specified Unlawful Activity – Wire Fraud** ..................................................................... 18

**REQUEST NO. 13 Object of Conspiracy Charged in Count One – Money Laundering:
Third Element – Knowledge that Transaction Involved Proceeds of Unlawful Activity** ..... 22

**REQUEST NO. 14 Object of Conspiracy Charged in Count One – Money Laundering:
Fourth Element – Knowledge that Transaction Was Meant to Conceal** .......................... 23

**REQUEST NO. 15 Count One: Second Element – Membership in the Conspiracy** ........... 24

**REQUEST NO. 16 Count Two: Conspiracy to Operate an Unlicensed Money Transmitting
Business** ............................................................................................................................ 28

**REQUEST NO. 17 Object of Conspiracy Charged in Count Two: Operation of an Unlicensed
Money Transmitting Business – Elements** ..................................................................... 29

**REQUEST NO. 18 Object of Conspiracy Charged in Count Two – Unlicensed Money
Transmitting:  First Element: Business Was Unlicensed Money Transmitting Business** ..... 30

**REQUEST NO. 19 Object of Conspiracy Charged in Count Two – Unlicensed Money
Transmitting:  Second Element: Operation of Money Transmitting Business** .................. 32

**REQUEST NO. 20 Object of Conspiracy Charged in Count Two – Unlicensed Money
Transmitting:  Third Element: Effect on Interstate Commerce** ...................................... 33

**REQUEST NO. 21 Count Two: Third Element – Overt Act** ........................................... 34

**REQUEST NO. 22 Count Three: Elements of Conspiracy to Violate the International Emergency Economic Powers Act** ................................................................................ **36**

**REQUEST NO. 23 Object of Conspiracy Charged in Count Three: Violating IEEPA** ....... **37**

**REQUEST NO. 24 Object of Conspiracy Charged in Count Three: Relevant Regulations** **39**

**REQUEST NO. 25 Count Three: Second Element – Joining the Conspiracy** ..................... **42**

**REQUEST NO. 26 Conscious Avoidance** ................................................................. **44**

**REQUEST NO. 27 Limited Evidence** ...................................................................... **47**

**REQUEST NO. 28 Venue** ....................................................................................... **48**

**REQUEST NO. 29 Particular Investigative Techniques Not Required** ......................... **50**

**REQUEST NO. 30 Stipulations** ............................................................................. **51**

**REQUEST NO. 31 Charts and Summaries** .............................................................. **52**

**REQUEST NO. 32 Expert Witnesses** ...................................................................... **53**

**REQUEST NO. 33 Law Enforcement Witnesses** ...................................................... **54**

**REQUEST NO. 34 Preparation of Witnesses** ........................................................... **55**

**REQUEST NO. 35 Persons Not on Trial** ................................................................. **56**

**REQUEST NO. 36 Uncalled Witnesses — Equally Available** .................................... **57**

**REQUEST NO. 37 Testimony of Cooperating Witnesses** .......................................... **58**

**REQUEST NO. 38 Statements of a Defendant** ......................................................... **61**

**REQUEST NO. 39 False Exculpatory Statements** .................................................... **62**

**REQUEST NO. 40 Defendant's Testimony** .............................................................. **63**

**REQUEST NO. 41 Defendant's Right Not to Testify** ................................................ **64**

**REQUEST NO. 42 Use of Evidence Obtained in Searches** ........................................ **65**

**REQUEST NO. 43 Recordings and Transcripts, Generally** ....................................... **66**

**REQUEST NO. 44 Translations of Documents or Recordings in Foreign Languages** ........ **67**

**REQUEST NO. 45 All Available Evidence Need Not Be Introduced** .......................... **68**

**REQUEST NO. 46 Improper Considerations** ........................................................... **69**

**REQUEST NO. 47 Conclusion** ............................................................................... **70**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                           :

UNITED STATES OF AMERICA         :

                                     :

             -v.-                    :

                                     :           23 Cr. 430 (KPF)

ROMAN STORM,               :

                                   :

                     Defendant.   :

                                   :

------------------------------------------------------x

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.   Function of Court and Jury.

    b.   Indictment Not Evidence.

    c.   Statements of Court and Counsel Not Evidence.

    d.   Rulings on Evidence and Objections.

    e.   Burden of Proof and Presumption of Innocence.

    f.   Reasonable Doubt.

    g.   Inferences.

    h.   Government Treated Like Any Other Party.

    i.   Definitions, Explanations and Example of Direct and Circumstantial Evidence.

    j.   Credibility of Witnesses.

    k.   Jury's Recollection Controls.

    l.   Right to See Exhibits and Have Testimony Read During Deliberations.

    m.  Sympathy: Oath of Jurors.

    n.   Punishment Is Not To Be Considered by the Jury.

    o.   Verdict Must Be Unanimous.

## REQUEST NO. 2

### Summary of the Indictment

The defendant, ROMAN STORM, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

The Indictment in this case contains three counts.  Each count is a separate offense or crime. Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges that ROMAN STORM, the defendant, conspired with others—that is, agreed with others—to commit money laundering, from at least in or about September 2020 up to on or about August 8, 2022.

Count Two of the Indictment charges that the defendant agreed with others to operate an unlicensed money transmitting business, from at least in or about February 2022 up to on or about August 8, 2022.

Count Three of the Indictment charges that the defendant agreed with others to violate the United States sanctions on North Korea by providing funds, goods, or services to or receiving funds, goods, or services from the Lazarus Group, a sanctioned North Korean entity.

## REQUEST NO. 3

### Multiple Counts

As I just indicated, the Indictment contains a total of three counts. Each count constitutes a separate offense or crime. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr.
3-6; *see United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

3

## REQUEST NO. 4

### Conspiracy Crimes

The defendant is charged in all three counts with conspiring to commit certain offenses. I will instruct you as to each of those counts separately in just a moment. But for now, I want to explain what a conspiracy charge is.

A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement, whether express or implied, to commit a crime.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy. And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime that is the object of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished. Consequently, a conspiracy charge does not require proof that the crime that was the object of the conspiracy actually was committed.

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF), and by the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK).

4

## REQUEST NO. 5

### Time Period

The Indictment alleges that the conspiracy charged in Count One existed between in or about September 2020 and in or about August 2022, that the conspiracy charged in Count Two existed between in or about February 2022 and in or about August 2022, and that the conspiracy charged in Count Three existed between in or about April 2022 and in or about August 2022.  It is not essential that the Government prove that the conspiracies alleged started and ended within the specific time periods identified in the Indictment.  However, it is required that you find, with regard to each count, that a conspiracy was formed and that it existed for some time within the relevant periods set forth in the Indictment.

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); Sand et al., *Modern Federal Jury Instructions*, Instr. 3-12 and 3-13.

<u>**REQUEST NO. 6**</u>

<u>**Count One: Elements of Money Laundering Conspiracy**</u>

Count One of the Indictment charges the defendant with conspiracy to commit money laundering.  In order to satisfy its burden of proof on Count One, the Government must prove the following two elements beyond a reasonable doubt:

<u>First</u>, that the conspiracy charged existed—that is, there was an agreement or understanding between two or more people to commit the crime of money laundering; and

<u>Second</u>, that the defendant knowingly and willfully became a member of the alleged conspiracy.

I will now separately instruct you on each of these elements.

Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF).

6

## **REQUEST NO. 7**

### **Count One: First Element - Existence of the Conspiracy**

To begin, the Government must prove beyond a reasonable doubt that there was an agreement between at least two people to accomplish the money laundering offense that was charged as the object of the Count One conspiracy.

To show that there was such an agreement, the Government is not required to provide evidence that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. It would be quite extraordinary if there were such a formal agreement, formal document, or specific oral agreement in most conspiracies. Common sense will tell you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. Conspirators do not usually reduce their agreements to writing. They do not typically broadcast their plans. By its very nature, a conspiracy is almost always secret in its origin and execution. Thus, it is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

Similarly, express language or specific words are not required to indicate assent or agreement to form the conspiracy. Instead, it is enough if two or more people in some way or manner, explicitly or implicitly, came to an understanding to violate the law. In determining whether there was an agreement as charged in Count One, you may infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.

7

For the crime of conspiracy, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed, consider the actions and statements of each alleged co-conspirator as proof of whether a common design existed to act together to accomplish an unlawful purpose. This is because when people enter into a conspiracy, they become agents or partners with one another in carrying out this crime. Therefore, as I just said, in determining the factual issues before you, you may take into account any acts done or any statements made by any of the alleged co-conspirators during the course of the conspiracy, even if such acts or statements were made outside of the defendant's presence or without his knowledge

However, before you may consider the statements or acts of an alleged co-conspirator in deciding the issue of the defendant's guilt of Count One, you must first determine that the acts were done and the statements were made during the existence and in furtherance of the charged conspiracy. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if any such acts or statements were not done or said in furtherance of the conspiracy, then you may not consider them as evidence against the defendant as to the charged conspiracy. It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the money laundering object charged in Count One.

In short, in this case, the government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law.

8

The second part of the first element relates to the object or goal of the conspiracy.

According to the Indictment, the object of the conspiracy alleged in Count One was money laundering. As I noted earlier, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crime that was the object of the conspiracy—here, money laundering—was not actually committed. The government must prove that the conduct on which the conspirators agreed included all of the elements of the substantive crime, even if the substantive crime did not actually occur.

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); *see also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.").

## REQUEST NO. 8
## Object of Conspiracy Charged in Count One: Money Laundering – Elements

The object of the conspiracy charged in Count One is money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). That statute makes it illegal to participate in a financial transaction that involves the proceeds of a specified unlawful activity (here, computer fraud and abuse and wire fraud), knowing that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of those proceeds. This type of money laundering is known as "concealment" money laundering.

In order to prove that the defendant entered into a conspiracy with the object of committing concealment money laundering, the Government must establish beyond a reasonable doubt that the defendant conspired:

First, to conduct or attempt to conduct a "financial transaction" involving property constituting the proceeds of specified unlawful activity, specifically, computer fraud and abuse and wire fraud.

Second, that the transaction involved the proceeds of a specified unlawful activity.

Third, that the defendant knew that the transaction involved the proceeds of some form of unlawful activity.

And fourth, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

> Adapted from the charges of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF), and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA).

## REQUEST NO. 9
## Object of Conspiracy Charged in Count One –Money Laundering:  First Element:
## Financial Transaction

The first element of money laundering, the object of the conspiracy charged in Count One, that the Government must prove beyond a reasonable doubt, is that the defendant conspired to conduct or attempt to conduct a financial transaction.

The term "conduct" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means a transaction which involves the movement of funds by wire or other means and in any way or degree affects interstate or foreign commerce.

The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country. In determining whether a transaction affected interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element. Specifically, you do not have to decide whether the effect of a transaction on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not. In addition, it is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that

11

is necessary is that the natural and probable consequences of his acts would affect interstate or

foreign commerce.

> Adapted from the charges of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF) and the Hon. Lewis A. Kaplan in *United States v. Bankman-Fried*, 22 Cr. 673 (LAK) Tr. 3197; *see United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (digital currency constituted "funds" within the meaning of the money laundering statute); *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same) .

12

**REQUEST NO. 10**
**Object of Conspiracy Charged in Count One – Money Laundering:  Second Element –**
**Proceeds of Specified Unlawful Activity**

The second element of the money laundering offense that is the object of the conspiracy charged in Count One is that the financial transactions involved the proceeds of a specified unlawful activity. The term "proceeds" means any property derived, directly or indirectly, from some form of specified unlawful activity. Proceeds can be any kind of property, not just money. Proceeds can be in the form of funds, which, as I defined for you earlier, includes digital or cryptocurrency.

The term "specified unlawful activity" means any one of a variety of offenses defined by the money laundering statute.

In this case, the government has alleged that the funds in question stemmed from certain cyber crimes, including hacking and Internet fraud schemes, and were the proceeds of computer fraud and abuse and wire fraud. I instruct you as a matter of law that both computer fraud and abuse and wire fraud fall within the definition of a specified unlawful activity. However, it is for you to determine whether the funds at issue here were the proceeds of computer fraud and abuse or wire fraud.

On this point, the government does not need to prove both of these specified unlawful activities.  It is sufficient if the government proves that one or the other occurred.  You must agree unanimously as to which of these specified unlawful activities the government has proven.

In addition, to meet its burden to prove that the financial transactions involved the proceeds of a specified unlawful activity, the government must prove, beyond a reasonable doubt, either of

13

the following:  (1) that the financial transaction in fact involved the proceeds of one of these specified unlawful activities; or (2) that the defendant believed that the financial transaction involved the proceeds of one of these crimes. The government need not prove both.  You must agree unanimously either that the financial transaction in fact involved the proceeds of that specified unlawful activity or that the defendant believed that it did.

The government does not need to prove that the defendant knew about the specified unlawful activity — here, the cyber crimes — alleged to involve computer fraud and abuse and wire fraud. The government also does not need to prove that the defendant participated in committing the specified unlawful activity. Rather, when it comes to the defendant's knowledge, the government need only prove that the defendant knew that the funds were derived from some form of unlawful activity.

If the Government proves that the proceeds of specified unlawful activity were mixed or commingled in the Tornado Cash pools with other funds that did not derive from criminal activity, and that the mixing or commingling of these funds facilitated the concealment of the criminal proceeds, then any financial transaction involving the Tornado Cash pools while they contained mixed or commingled criminal proceeds is a transaction involving the proceeds of a specified unlawful activity.

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); *see also United States v. Hassan*, 578 F.3d 108, 127-28 (2d Cir. 2008) (money laundering conspiracy can be proven by evidence that the defendant "believed that the funds related to" a specified unlawful activity); *United States v. Prevezon Holdings Ltd.*, 251 F.Supp.3d 684, 698 (S.D.N.Y. 2017) ("Therefore, where the Government can demonstrate that a culpable account in the money laundering

14

chain was commingled with tainted and clean money, it need not trace the funds used in the transaction to the charged unlawful conduct."); *United States v. Weisberg*, 2011 WL 4345100, at *2 (E.D.N.Y. Sept. 15, 2011) ("whether or not the money used in the particular charged transaction itself is considered clean or dirty, where there is a commingled account, and where the clean money facilitates the existence or concealment of the dirty money, the charged transaction can be said to have involved dirty money").

**REQUEST NO. 11**
**Object of Conspiracy Charged in Count One – Money Laundering:  Specified Unlawful**
**Activity – Computer Fraud and Abuse**

I will now instruct you on the elements of computer fraud and abuse, which is the first specified unlawful activity alleged in the Indictment.  Count One of the Indictment alleges that the defendant conspired to launder the proceeds of computer hacking, and that the alleged computer hacking conduct constitutes the offense of computer fraud and abuse.

The elements of computer fraud and abuse are:

<u>First</u>, that a person knowingly accessed a protected computer without authorization;

<u>Second</u>, that the person did so with the intent to defraud;

<u>Third</u>, that in furtherance of the scheme, the person obtained something of value.

<u>The first element of computer fraud and abuse</u> is that the person knowingly accessed a protected computer without authorization. "Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

The computer accessed must be a "protected computer." A protected computer means any computer that is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. I have previously defined "interstate or foreign commerce," and you should apply that definition here. This definition of "protected computer" includes any computer that is connected to the internet.

16

"Accessing" a computer includes both obtaining information from a computer and making use of a computer and its capabilities.

A person acts "without authorization" under this element where he accesses a computer without any right or permission to do so.

Finally, satisfaction of this element requires the Government to prove that the person acted knowingly. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. A person acts knowingly if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness.

The second element of computer fraud and abuse is that the person accessed the protected computer with intent to defraud.  To act with intent to defraud means to act willfully and with the intent to deceive, for the purpose of causing some loss to another. "Willfully" means to act knowingly and purposely with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or disregard the law.

The third element of computer fraud and abuse is that the person used the computer to further the fraud, and as a result obtained something of value.

However, if all the person obtained was the use of the computer and the value of such use is not more than $5,000 in any 1-year period, the Government has not proven that the person committed computer fraud and abuse.

> Adapted from the charge of the Hon. Nicholas G. Garaufis in *United States v. Gasperini*, 16 Cr. 441 (E.D.N.Y.), Dkt. 150, and Sand et al., *Modern Federal Jury Instructions*, Instr. 40A.04.

**REQUEST NO. 12**
**Object of Conspiracy Charged in Count One – Money Laundering:  Specified Unlawful Activity – Wire Fraud**

I will now turn to the elements of wire fraud, which is the second specified unlawful activity alleged in the Indictment. Count One of the Indictment alleges that the defendant conspired to launder the proceeds of wire fraud, and that the alleged Internet fraud schemes constitute the offense of wire fraud.  Wire fraud has the following three essential elements:

First, there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

Second, that a defendant knowingly and willfully participated in this scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme a defendant used, or caused others to use, interstate or foreign wire communications.

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises. A scheme or artifice to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

"Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by intentional misrepresentations, false suggestion, or false pretenses. The unfair advantage sought must involve money or property; that is, the government must prove that the alleged scheme contemplated depriving another of money or property. Thus, a scheme to defraud is merely a plan to deprive another of money or property

18

by trick, deceit, deception, or swindle. The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements, representations, and promises.

A statement, representation, or promise is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements or representations of half-truths may also constitute false or fraudulent statements under the statute. You may also find the existence of such a scheme if you find that the person or persons involved in the Internet fraud schemes conducted themselves in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

The false representations and pretenses must be material. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person relying on the representation or statement in making a statement. That means if you find a particular statement of fact to have been untruthful, before you can find that statement to be material, you must also find that the statement was one that would have mattered to a reasonable person in making such a decision.

It is not necessary, however, for the government to establish that any particular person actually relied on or actually suffered damages as a consequence of any false statement or omission of any material fact. That is, it is not necessary for the government to establish that the scheme actually succeeded, that persons realized any gain from the scheme, or that the intended victim

suffered any losses. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The second element of wire fraud requires the Government to prove that the person or persons involved in the fraud knowingly and willfully devised or participated in the scheme or artifice to defraud with a specific intent to defraud others of money or property. To devise a scheme to defraud is to concoct or plan it. To participate in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. I have previously defined the terms "knowingly" and "willfully" for you in connection with the instructions for Count One, and you should apply those definitions equally here.

To act with the intent to defraud means to engage or participate in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of obtaining money or property from the victim. The government does not need to prove that the intended victim was actually harmed, only that the person or persons engaged in the fraud scheme intended to harm the victim by obtaining money or property.

The third element of wire fraud requires the use of interstate or foreign wire communications.  Wires include telephones, faxes, e-mail, internet communication, radios, and television. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country. "Interstate" just

means that a wire communication passes between two or more states. "Foreign" just means that a wire communication passes between the United States and another country, in either direction. The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire is used to further or assist in carrying out the scheme to defraud.

It is unimportant whether a victim might have discovered the fraud had he or she probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent. Negligence, carelessness or gullibility on the part of the victims is no defense to a charge of such fraud.

Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF).

21

**REQUEST NO. 13**
**Object of Conspiracy Charged in Count One – Money Laundering:  Third Element –**
**Knowledge that Transaction Involved Proceeds of Unlawful Activity**

The third element of concealment money laundering is that the defendant knew that the property involved in the financial transactions was the proceeds of some form of unlawful activity; that is, the defendant must have known that the property involved in the transaction represented proceeds from some form of activity that constitutes a felony under state, federal, or foreign law.

To satisfy this element, the government does not need  to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of computer fraud and abuse, wire fraud, or any other specific offense. The government only has to prove that the defendant knew that it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that computer fraud and abuse and wire fraud are felonies under federal law.

Adapted from the charge of the Hon. Katherine Polk Failla in
*United States v. Wade*, 21 Cr. 472 (KPF).

22

## REQUEST NO. 14
## Object of Conspiracy Charged in Count One – Money Laundering:  Fourth Element – Knowledge that Transaction Was Meant to Conceal

The fourth and final element of the concealment money laundering transaction offense that is the object of the conspiracy charged in Count One is that the defendant acted with knowledge that the transaction was designed in whole or in part to conceal or disguise the proceeds' nature, location, source, ownership, or control. In other words, the purpose — and not merely the effect — of the transaction must be to conceal or disguise the proceeds' nature, location, source, ownership, or control. Thus, if the defendant knew that the transaction was designed, at least in part, either to conceal or disguise the true nature, location, source, ownership, or control of the property in question, this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it would be designed to conceal or disguise the true nature, location, source, ownership, or control of the property in question, then this element has not been satisfied.

Adapted from the charge of the Hon. Katherine Polk Failla
in *United States v. Wade*, 21 Cr. 472 (KPF).

23

## REQUEST NO. 15

## Count One: Second Element – Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, and that the conspiracy had as its object the money laundering offense charged in the indictment, then you must determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective or objectives.

The government must prove beyond a reasonable doubt that the defendant unlawfully, knowingly, and willfully entered into the conspiracy charged in Count One; and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective. These terms are used because if you find that the defendant did join the conspiracy, you must also consider whether the government has proven beyond a reasonable doubt that, in doing so, the defendant knew what he was doing. In other words, the government must prove beyond a reasonable doubt that the defendant joined the conspiracy deliberately and voluntarily.

"Unlawfully" simply means contrary to law. A defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

I have already told you the meaning of the terms "knowingly" and willfully, and those definitions apply here.

24

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You may consider this evidence in determining whether the government has proven beyond a reasonable doubt the defendant's knowledge of and agreement to participate in the unlawful purposes of the conspiracy.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member of the conspiracy.

The duration and extent of a defendant's participation has no bearing on the issue of his or her guilt. He or she need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy. However, I want to caution you that a person's mere association with a member of the conspiracy does not make that

25

person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.

Mere presence at the scene of a crime — even coupled with knowledge that a crime is taking place — is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that the defendant joined in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of that purpose.

In sum, the prosecution must prove beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, knowingly and willfully engaged, advised, or assisted in the conspiracy for the purpose of committing money laundering. He thereby became a knowing and willing participant in the unlawful agreement; that is to say, a conspirator.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated or achieves its objective, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

> Adapted from the charge of the Hon. Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF); *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and

26

after he or she became a member.") (citations omitted); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

**REQUEST NO. 16**

**Count Two: Conspiracy to Operate an Unlicensed Money Transmitting Business**

I will now give you the elements of Count Two, which charges Roman Storm with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371. To prove the defendant guilty on this count, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the conspiracy charged existed—that is, there was an agreement or understanding between two or more people to commit the object of the conspiracy, which, for Count Two, is operation of an unlicensed money transmitting business;

Second, that the defendant knowingly and willfully became a member of the conspiracy; and

Third, that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy.

I have already discussed what the Government must prove beyond a reasonable doubt to prove the first two elements—that the conspiracy existed and that the defendant knowingly and willfully became a member of the conspiracy—in my discussion of the conspiracy charged in Count One, and you should apply those instructions for the first two elements of the conspiracy charged in Count Two as well.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3, and the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (RA). *See United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (listing the three "well settled" elements of conspiracy).

28

**REQUEST NO. 17**
**Object of Conspiracy Charged in Count Two: Operation of an Unlicensed Money**
**Transmitting Business – Elements**

According to the Indictment, the object of the conspiracy alleged in Count Two was operation of an unlicensed money transmitting business. As I noted earlier, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crime that was the object of the conspiracy—here, operation of an unlicensed money transmitting business—was not actually committed. The government must prove that the conduct on which the conspirators agreed included all of the elements of the substantive crime, even if the substantive crime did not actually occur.

The object of the conspiracy charged in Count Two is operating an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960. The elements of this crime are as follows:

First, that the business in question was an unlicensed money transmitting business;

Second, that the defendant or coconspirators controlled, conducted, managed, supervised, directed, or owned all or part of that business with knowledge that it was used as a money transmitting business; and

Third, that operation of the money transmitting business affected interstate or foreign commerce.

> Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP) and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA)..

29

**REQUEST NO. 18**
**Object of Conspiracy Charged in Count Two – Unlicensed Money Transmitting:  First Element: Business Was Unlicensed Money Transmitting Business**

Let me now instruct you on the meaning of the term unlicensed money transmitting business.

The term money transmitting includes transferring funds on behalf of the public by any and all means, including but not limited to transfers within the United States or to locations abroad by wire, check, draft, facsimile, or courier.

As I instructed you earlier, the term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

A "business" is an enterprise that is carried on for profit or financial gain. Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner in order to be a money transmitting business. There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting.

The money transmitting business must also be unlicensed. Despite the name, that does not have anything to do with getting a license. Under the law that applies to Count Two, a money transmitting business is defined as being "unlicensed" if it involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

30

The Government has the burden to prove that the defendant knew that the business involved the transportation or transmission of funds that were derived from a criminal offense or intended to be used to promote or support unlawful activity.

> Adapted from the charges of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP), and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA). *See United States v. Banki*, 685 F.3d 99, 114 (2d Cir. 2012) (the Government must prove that the defendant did more than engage in a "single, isolated transmission of money" and "under § 1960 a 'business' is an enterprise that is carried on for profit or financial gain"); *United States v. Murgio*, 209 F. Supp. 3d 698, 707-08 (S.D.N.Y. 2016) ("virtual currencies … count as 'funds' under § 1960"); *United States v. Faiella*, 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014) ("Bitcoin clearly qualifies as 'money' or 'funds'" for purposes of 1960 prosecution).

## REQUEST NO. 19
## Object of Conspiracy Charged in Count Two – Unlicensed Money Transmitting:  Second Element: Operation of Money Transmitting Business

The second element of the object of the conspiracy charged in Count Two is that the Government must prove beyond a reasonable doubt that the defendant joined a conspiracy to operate such an unlicensed money transmitting business.

"Operate" in this context means conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. The Government need not prove that the defendant in fact actually operated an unlicensed transmitting business, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

> Adapted from the charges of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP), and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA).

**REQUEST NO. 20**
**Object of Conspiracy Charged in Count Two – Unlicensed Money Transmitting:  Third Element: Effect on Interstate Commerce**

The third and final element of the object of the conspiracy charged in Count Two is that the government must establish beyond a reasonable doubt that the operation of the unlicensed money transmitting business had some effect on interstate or foreign commerce. I have previously instructed you on the meaning of interstate or foreign commerce and you should apply that instruction here.

Any effect on interstate or foreign commerce is  sufficient to satisfy this element, no matter how minimal. Additionally, it does not matter whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. In addition, it is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions, or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

> Adapted from the charge of the Hon. William H. Pauley in *United States v. Diaz*, 17 Cr. 77 (WHP), and the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA).

## REQUEST NO. 21

### Count Two: Third Element – Overt Act

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy to operate an unlicensed money transmitting business charged in Count Two of the Indictment existed, and that the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective or objectives, then you must consider the third element of the conspiracy charged in Count Two: whether the Government has proven beyond a reasonable doubt that at least one of the conspirators committed at least one overt act in furtherance of the conspiracy.

The overt act element is a requirement that the agreement went beyond the mere talking stage, that one or more actual steps was taken in furtherance of the conspiracy's illegal object. You need not find that each and every member of the conspiracy committed or participated in the overt act, or that the defendant personally did so; it is enough to find that one overt act was committed by one participant in the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment. Indeed, you may find that overt acts were committed that were not alleged at all in the Indictment. It is sufficient for the Government to show that the defendant or one of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy. You must be unanimous on at least one such overt act.

34

The overt act must have been knowingly done by at least one conspirator in furtherance of some unlawful object of the conspiracy. In considering this element, you should bear in mind that an overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself, is criminal or constitutes an object of the conspiracy.

> Adapted from the charge of the Hon. Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr. 653 (RA).

**REQUEST NO. 22**
**Count Three: Elements of Conspiracy to Violate the International Emergency Economic Powers Act**

Count Three of the Indictment charges the defendant with conspiracy to violate the International Emergency Economic Powers Act, which I will refer to as the IEEPA. There are two elements to this charge.

First, the Government must prove that the conspiracy charged in Count Three existed, and second, the Government must prove that the defendant knowingly and willfully became a member of that conspiracy.

> *See generally* 50 U.S.C. § 1705; *United States v. Atilla*, 966 F.3d 118, 124 (2d Cir. 2020) ("A person who 'willfully conspires to commit' such an unlawful act is subject to criminal penalties." (quoting 50 U.S.C. § 1705(c))); *United States v. Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (distinguishing conspiracy alleged under 50 U.S.C. § 1705 from conspiracy alleged under 18 U.S.C. § 371 in that the former does not contain overt act requirement) (citing *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005)).

## REQUEST NO. 23
## Object of Conspiracy Charged in Count Three: Violating IEEPA

With respect to the first element, I instructed you earlier about what it means to find that a conspiracy existed, and you should apply that instruction to the charge in Count Three as well.

The Indictment alleges that the conspiracy charged in Count Three had four objectives. The Government must prove beyond a reasonable doubt that there was an agreement or understanding among at least two people to achieve any one or more of these four objectives: (1) to receive, and cause others to receive, funds, goods, or services from the Lazarus Group, a sanctioned North Korean entity, (2) to provide, and cause others to provide, funds, goods, or services to, by, or for the benefit of the Lazarus Group, (3) to transfer, pay, withdraw, or deal in or cause others to transfer, pay, withdraw, or deal in blocked property and interests in property of the Lazarus Group, or (4) to avoid and evade the requirements of U.S. law with respect to receiving funds, goods, or services from or providing funds, goods, or services to the Lazarus Group, or with respect to transferring, paying, withdrawing and dealing in blocked property of the Lazarus Group.

Each of these objects has the following elements:

First, the violation of any license, order, regulation, or prohibition issued pursuant to the IEEPA;

Second, that the violation was committed willfully; and

Third, that during the period alleged in the Indictment, the defendant had not obtained authorization from the U.S. government to provide services to the Lazarus Group or engage in transactions related to the property of the Lazarus Group.

37

Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; Exec. Order No. 13722.

## REQUEST NO. 24
## Object of Conspiracy Charged in Count Three: Relevant Regulations

Each of the four objects of the conspiracy charged in Count Three is alleged to have involved a violation of a regulation or prohibition issued pursuant to the IEEPA. I am now going to describe for you the prohibitions that are relevant in this case.

With respect to the first three objects of the conspiracy, I instruct you that at all times relevant to the conspiracy charged in Count Three of the Indictment, regulations issued pursuant to the IEEPA provided certain restrictions on U.S. persons in dealing with persons that the Secretary of the Treasury had determined to be an agency, instrumentality, or controlled entity of the Government of North Korea.[1] I further instruct you that at all times relevant to the Indictment, the Secretary of the Treasury's Office of Foreign Assets Control, or "OFAC," had designated the Lazarus Group as an agency, instrumentality, or controlled entity of the Government of North Korea.[2] I further instruct you that on April 14, 2022, the Secretary of the Treasury designated as blocked property an ETH wallet address beginning with the characters 0x098B716 (the "0x098B716 Address") and identified it as used by the Lazarus Group.[3]

Under these regulations, U.S. persons may not receive funds, goods, or services from the Lazarus Group; may not provide funds, goods, or services to the Lazarus Group; and may not

---

[1] *See* Exec. Order No. 13722 § 9(d).

[2] *See* 84 FR 52589 (Sept. 13, 2019).

[3] *See* 87 FR 23320 (Apr. 14, 2022)

39

transfer, pay, withdraw, or deal in property of the Lazarus Group, including funds in the 0x098B716 Address, without authorization from the U.S. government.[4]

With respect to the fourth object charged in the conspiracy, that is, to evade the requirements of U.S. law with respect to the provision of funds, goods, or services to a sanctioned agency, instrumentality, or controlled entity of the Government of North Korea, I instruct you that at all times relevant to the charge in the Indictment, regulations issued pursuant to the IEEPA prohibited any transaction that evades or avoids, or has the purpose of evading or avoiding, any of the prohibitions in the regulations I just described.[5]

The Government can establish a violation of this fourth regulation through proof that the conspirators agreed to engage in a transaction for the purpose of evading or avoiding the prohibitions that I described in connection with the first three objects of the conspiracy. It is not necessary for the Government to prove that the conspirators' only reason for agreeing to engage in the transaction was to evade or avoid the prohibition. It is sufficient if evasion was a dominant reason for the conspirators to have agreed to engage in the transaction.

> Adapted from the charges of the Hon. Loretta A. Preska in *United States v. Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB),

---

[4] *See* Exec. Order No. 13722 § 2 (property of a designated person is blocked and "may not be transferred, paid, exported, withdrawn, or otherwise dealt in" by a United States person); *id.* § 6 (prohibiting "any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to this order, and "the receipt of any contribution or provision of funds, goods, or services from any such person").

[5] *See* Exec. Order No. 13722 § 7 ("Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this order is prohibited.").

Dkt. 454 (S.D.N.Y. 2017); the Hon. Jan DuBois in *United States v. Vaghari*, 08 Cr. 693 (E.D.Pa. 2010); the Hon. John F. Keenan in *United States v. Banki*, 10 Cr. 08 (S.D.N.Y. 2010); and the legal principles applied by the Hon. Richard J. Sullivan during the bench trial in *United States v. Safarha*, 10 Cr. 625 (S.D.N.Y. 2011); *see also* 50 U.S.C. § 1705; 31 C.F.R. Part 510; Exec. Order. No. 13722.

## REQUEST NO. 25
## Count Three: Second Element – Joining the Conspiracy

The Government must also prove beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of at least one of the four unlawful objects that I described. I previously explained to you the meaning of the terms "knowingly" and "willfully," and you should apply those definitions here.

With respect to Count Three, I remind you that a defendant acts willfully if he acted intentionally and purposefully with the intent to do something the law forbids, that is, with bad purpose to disobey or to disregard the law—here to violate the sanctions on North Korea in the regulations that I described to you. However, the Government does not need to prove that defendant was aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law or federal regulation, but he must act with the intent to do something the law forbids.

> *See United States v. Turner*, 836 F.3d 849, 859 (7th Cir.), *as supplemented*, 840 F.3d 336 (7th Cir. 2016) (affirming instruction above); *see also Bryan v. United States*, 524 U.S. 184 (1998) (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids."); *United States v. Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) ("In light of these precedents, we conclude there is no basis for requiring the government to prove that a person charged with violating IEEPA and the ITR was aware of a specific licensing requirement. . . . [D]efendants charged with a violation of IEEPA and the ITR are adequately protected by requiring the government to prove that the defendants knew their

42

actions violated the United States' embargo on transactions with Iran."); *Homa Int'l Trading Corp.*, 387 F.3d at 147 (quoting *Bryan*); the Hon. Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (RMB), Dkt. 454 (S.D.N.Y. 2017); *United States v. Hashmi*, No. 06 Cr. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009).

## REQUEST NO. 26

## Conscious Avoidance

*[If Applicable]*

Now, as I have explained with respect to each of the three Counts charged in the Indictment, the Government is required to prove that the defendant acted knowingly. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

For example, with respect to Count One, if you find that the defendant was aware of a high probability that the object of the conspiracy was to commit money laundering, but that he acted with deliberate disregard of that fact, you may find that the defendant acted knowingly. The law calls this "conscious avoidance." However, if you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner, he may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because she deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

I want to be very clear about what this means and does not mean.

For starters, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy. "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy

44

exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, such as, that the purpose of the partnership he joined was to commit money laundering, unlicensed money transmitting, or sanctions violations.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability the object of the conspiracy you are considering was to commit money laundering or unlicensed money transmitting or sanctions violations, but that he deliberately avoided confirming that fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner.

Again, this last point is important.  The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing the defendant was merely careless or negligent or stupid or foolish, or that he should have known what was going on.  If the defendant actually believed that the conspiracy was about something else entirely, or if he was merely foolish, careless or even reckless about the risk that he was wrong, then you cannot find him guilty. Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

If you find that the defendant was aware of a high probability that the object of the conspiracy was to violate federal law, and that the defendant acted with deliberate disregard of

these facts, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed that the object of the conspiracy was lawful, he may not be convicted. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

> Adapted from the charge given by the Honorable Katherine Polk Failla in *United States v. Wade*, 21 Cr. 472 (KPF).  "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."  *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).  The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."  *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (*per curiam*) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 27**

**Limited Evidence**

**[*If Applicable*]**

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2.12.

## REQUEST NO. 28

## Venue

In addition to all of the elements I have described, you must consider the issue of venue, namely, whether any act in furtherance of each of the charges you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses charged in Counts One through Three, it is sufficient to establish venue if the Government proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York. The act need not be taken by the defendant or a conspirator, as long as the act was caused by the conduct of the defendant or a coconspirator or was reasonably foreseeable. The act can include a financial transaction or wire communication, such as an email, chat message, or phone call, that begins, ends, or continues through the Southern District of New York, so long as the defendant reasonably anticipated that such a transaction or communication would occur.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of

the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact

is more likely true than not true.  If you find that the Government failed to prove venue by a

preponderance of the evidence as to any count, you must return a verdict of not guilty as to that

count.

> Adapted from the charge of the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); *see also United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015) ("[V]enue lies where a wire in furtherance of a scheme begins its course, continues or ends.").

## REQUEST NO. 29

## Particular Investigative Techniques Not Required

### [*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to consider carefully the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the charge of the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

## REQUEST NO. 30

### Stipulations

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the charge of the Honorable Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (SCR) (S.D.N.Y. 2006); *see also* Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

51

## REQUEST NO. 31

### Charts and Summaries

There is evidence before you in the form of charts and summaries.  Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no better than the documents upon which they are based.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).

## REQUEST NO. 32

### Expert Witnesses

You heard the testimony of certain witnesses who I certified as experts. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017), and from the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18 Cr. 36 (Feb. 1, 2022).

## REQUEST NO. 33

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr.
7-16; and from the charge of the Honorable Richard J. Sullivan in
*United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

54

## REQUEST NO. 34

## Preparation of Witnesses

**[*If Applicable*]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

55

## **REQUEST NO. 35**

### **Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not

on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged

and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the

defendant from the fact that certain persons other than the defendant were not named as defendants

in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.

Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this

case or another separate case is a matter within the sole discretion of the United States Attorney

and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to

the defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in
> *United States v. Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y.
> 2004), and from Sand et al., Modern Federal Jury Instructions, Instr.
> 3-4.

56

## **REQUEST NO. 36**

## **Uncalled Witnesses — Equally Available**

### [*If Applicable*]

There are persons who names you heard during the trial but who did not appear to testify.

I instruct you that each party had an equal opportunity or lack of opportunity to call any of these

witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they

would have testified to had they been called.  Their absence should not affect your judgment in

any way.  You should, however, remember my instruction that the law does not impose on a

defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The burden remains with the Government to prove the guilt of the defendant beyond a reasonable

doubt.

> Adapted from the charge of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019) and the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018).

57

## REQUEST NO. 37
## Testimony of Cooperating Witnesses
### [*If Applicable*]

You have heard from witnesses who testified that they were actually involved in committing certain crimes.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in committing crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. It is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her

58

background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the witness. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

You should look at all of the evidence in deciding what credence and what weight, if any, you want to give to the witness's testimony.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

> Adapted from the charges of the Honorable Richard M. Berman in *United States* v. *Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. 2017); and the Honorable Gerard E. Lynch in *United States* v. *Michael Jones*, 02

Cr. 674 (GEL) (S.D.N.Y. 2002), and Sand, *Modern Federal Jury Instructions*, Instr. 7-5.

## REQUEST NO. 38

## Statements of a Defendant

**[*If Applicable*]**

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), and the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

61

## **REQUEST NO. 39**

## **False Exculpatory Statements**

**[*If Applicable*]**

You have heard testimony that the defendant made statements in which she claimed that her conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated himself are false. If you find that the defendant gave a false statement in order to divert suspicion from herself, you may, but are not required to, infer that the defendant believed that she was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which she is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11.

## **REQUEST NO. 40**

### **Defendant's Testimony**

**[***Requested If Defendant Testifies***]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and she was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness.

## REQUEST NO. 41

## Defendant's Right Not to Testify

**[*If Requested by the Defendant*]**

The defendant did not testify in this case. You may not speculate as to why she chose not to testify. Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that she is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because she did not take the witness stand. You may not speculate as to why she did not testify, and you may not consider this against him in any way in your deliberations.

Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018).

## REQUEST NO. 42

## Use of Evidence Obtained in Searches

[*If Applicable*]

You have heard testimony about certain evidence that was seized in searches of certain places. Evidence obtained from those searches was properly admitted in this case, and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre N. Leval in
> *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), and in
> *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

65

## REQUEST NO. 43
## Recordings and Transcripts, Generally

**[*If Applicable*]**

The Government has introduced evidence in the form of audio and video recordings.

Whether you approve or disapprove of the recording of these conversations may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019), the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018), and the Honorable Richard J. Sullivan in *United States v. Awuley*, 13 Cr. 875 (RJS) (S.D.N.Y. 2014).

66

## REQUEST NO. 44

### Translations of Documents or Recordings in Foreign Languages

**[*If Applicable*]**

During the trial, you were given translations of documents or transcripts of recordings which were admitted into evidence. These were translations of documents or recordings in [foreign language].

Although some of you may know [foreign language], it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

## REQUEST NO. 45

### All Available Evidence Need Not Be Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.

> Adapted from the charges of the Honorable Roslynn R. Mauskopf in *United States* v. *Henry*, 12 Cr. 81 (RRM) (E.D.N.Y. 2014); *see* E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions*, § 72.11 (3d ed. 1977).

## REQUEST NO. 46

### Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national-origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (S.D.N.Y. 2003), and the charge of the Honorable Denny Chin in *United States* v. *Olajide*, 01 Cr. 365 (DC) (S.D.N.Y. 2001).

## REQUEST NO. 47

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant beyond a reasonable doubt with respect to the charges of the Indictment.

You must base your verdict solely on the evidence, or lack of evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest belief as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

70

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

* * *

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.


Dated: New York, New York
      June 6, 2025

                          Respectfully submitted,

                          JAY CLAYTON
                          United States Attorney

By:      /s/  Thane Rehn
                          Ben Arad
                          Benjamin W. Gianforti
                          Thane Rehn
                          Assistant United States Attorneys
                          (212) 637-2354

                          Kevin Mosley
                          Special Assistant United States Attorney