# EXHIBIT B



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

March 10, 2025

**BY EMAIL**
Brian Klein, Esq.
Keri Axel, Esq.
Kevin Casey, Esq.
Waymaker LLP
bklein@waymakerlaw.com
kaxel@waymakerlaw.com
kcasey@waymakerlaw.com

David Patton, Esq.
Hecker Fink LLP
dpatton@heckerfink.com

**Re: *United States v. Roman Storm, et al.*, 23 Cr. 430 (KPF)**

Dear Counsel:

     We write in response to your letter dated March 7, 2025, regarding your client's potential advice-of-counsel defense at trial (the "Letter"). The Letter sets forth information responsive to the Court's order of March 3, 2025 regarding this potential defense (the "Advice-of-Counsel Order" or the "Order"). (Dkt. 138 at 9). We thank you for the information that you have provided, but we do not think that the Letter fully complies with the Advice-of-Counsel Order and ask that you provide additional information set forth below to bring your disclosure into compliance.

- Based on the documents that you identified in the Letter (the "Documents"), it appears that the privilege upon which you may principally rely at trial belongs to Peppersec, rather than Mr. Storm in his individual capacity. We ask that you please confirm whether Mr. Storm, as Peppersec's CEO, has the authority to waive Peppersec's privilege, and if so, the basis of that assertion. We recall our recent correspondence where you indicated that Alexey Pertsev did not have the authority to waive Peppersec's privilege in his discussions with Dutch law enforcement. Our understanding is that, during the period charged in the Superseding Indictment, your client, Pertsev, and Roman Semenov each owned a third of Peppersec. We have also seen Pertsev referred to as Peppersec's co-CEO, alongside your client. *See, e.g.,* USAO_00234874.

Page 2

- With respect to the Documents, please confirm whether you are waiving privilege as to the redacted portions where you assert there is privileged information. For example, the following documents have redactions for privilege:

    o USAO_00003017
    o USAO_00003038

- If you are not waiving privilege, please let us know when we can expect to receive a privilege log with respect to the Documents. At a minimum, such a log should contain the following information: Bates Number, Privilege Holder(s), Attorney(s) with whom the Privilege Holder(s) have an attorney client relationship, Basis for Privilege Claim (i.e., Attorney-Client Privilege or Attorney Work Product), and a Description of Privilege Claim. The "Description of Privilege Claim" entry in the log should provide an individualized description explaining why you are seeking to have that file or excerpts of that file withheld from the Prosecution Team.

- Please confirm where Aaron Wright, Marc Boiron, and Rebecca Rettig were employed during the time period(s) in which they were providing legal advice to your client, Peppersec, etc.

- We read the Advice-of-Counsel Order as requiring more specificity than is contained in the Letter. In particular, we believe that the Order requires you to identify which attorneys provided advice on which topics, to whom the advice was given (e.g., Peppersec vs. your client in his individual capacity), and the timeframe in which they provided that advice. For the most part, you have provided an undifferentiated list of topics for which your client, Peppersec, etc. purportedly received legal advice. We do not view the source of that legal advice, to whom the legal advice was provided, or the timing of that advice to be privileged information.

- For USAO_00003450, please confirm what you are asserting is privileged in this communication.

Very truly yours,

MATTHEW PODOLSKY
Acting United States Attorney

by: __/s/_____
Ben Arad
Benjamin A. Gianforti
Thane Rehn
(914) 993-1907
(212) 637-2490
(212) 637-2354

Kevin Mosley
Special Assistant United States Attorney