# EXHIBIT C

**Hecker Fink LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL   dpatton@heckerfink.com

April 4, 2025

**BY EMAIL**

Nathan Rehn
Bejamin Gianforti
Benjamin Arad
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Re:   *United States v. Roman Storm*, 23 Cr. 430 (KPF) (S.D.N.Y.)

Dear Counsel:

On behalf of Roman Storm, we write in response to your March 10, 2025 letter demanding further disclosures regarding Mr. Storm's potential advice-of-counsel defense at trial. We disagree with your contention that Mr. Storm's March 7, 2025 advice-of-counsel disclosure did not comply with the Court's order. (ECF 138 at 9.) Your "read[ing]" that the Court required more "specificity" than what Mr. Storm provided is not supported by the plain language of the order, which directed Mr. Storm "to disclose (without waiving privilege) (i) the names of the lawyers from whom Mr. Storm received the legal advice at issue; (ii) the subject matter of that advice; and (iii) the timeframe in which Mr. Storm received the advice; and to direct the [g]overnment to certain non-privileged documents and/or communications that the [g]overnment produced in discovery that reference the discussions with counsel at issue and sufficiently preview the defense." (*Id.*) Mr. Storm's March 7 letter addressed each of these items. We address the other points raised in your letter below.

***Waiver***.  Mr. Storm, as its Chief Executive Officer, is authorized to waive Peppersec's privilege. It is black letter law that "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *United States v. Ghavami*, 882 F. Supp. 2d 532, 539 (S.D.N.Y. 2012) (cleaned up) (quoting *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348-49 (1985)). Since Peppersec's incorporation, Mr. Storm has served as its sole Chief Executive Officer and is the only officer named in its bylaws. While Mr. Pertsev and Mr. Semenov may have received equity in Peppersec,

Hecker Fink LLP                                                              2

they were never appointed as officers or directors of the company. Accordingly, neither possesses (or ever did possess) the authority to waive Peppersec's privilege.[1]

**Privilege Log**.  To confirm, we are not waiving privilege over the redactions that the government's taint team made to USAO_00003017 and USAO_00003038. Per the Court's order, those documents were identified in Mr. Storm's March 7 disclosure solely for their "non-privileged . . . communications . . . that reference the discussions with counsel at issue[.]" (ECF 138 at 9.)  At this time, the defense is under no obligation to produce a log of the privileged portions of those or any other documents relevant to Mr. Storm's potential defenses. (*See id.* ("[T]he Court will not require the defense to produce such privileged documents until the earlier of (i) its unequivocal assertion of an advice-of-counsel defense through cross-examination during the Government's case or (ii) the close of the Government's case-in-chief."))

**Attorney Employment**.  At the start of their engagement, Ms. Rettig and Mr. Boiron worked at the law firm Fisher Broyles, but moved to Manatt, Phelps & Phillips in August 2020. Both lawyers continued working there through at least February 2021, at which time Mr. Boiron moved to Polygon Companies. During the period of his consultation, Mr. Wright worked as a professor at Cardozo Law School and as the CEO of OpenLaw, Inc.

**USAO_00003450**.  The reference to this document in the defense's March 7 disclosure was the result of a typographical error.  The defense intended to identify the non-privileged communications found in USAO_00003500.

Sincerely,

David Patton
Nicholas Pavlis
HECKER FINK LLP

-and-

Brian Klein
Keri Curtis Axel
Kevin Casey
WAYMAKER LLP

*Attorneys for Roman Storm*

---

[1] Even assuming Mr. Pertsev ever held such authority, at the time he made the statements at issue to Dutch law enforcement, he was no longer employed at Peppersec and therefore was powerless to waive its privilege. *See, e.g.*, *Fitzpatrick v. Am. Int'l Grp., Inc.*, 272 F.R.D. 100, 108 (S.D.N.Y. 2010) (citing *Weintraub*, 471 U.S. at 349) ("[F]ederal courts have rejected the notion that a former director or officer, even if previously vested with the power to exercise the privilege while a corporate official . . . , may subsequently claim any authority to exercise or waive the privilege at all.").