# Exhibit 9



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

February 18, 2025

**BY EMAIL**
Brian Klein, Esq.
Keri Axel, Esq.
Waymaker LLP
bklein@waymakerlaw.com
kaxel@waymakerlaw.com

David Patton, Esq.
Hecker Fink LLP
dpatton@heckerfink.com

Re: *United States v. Roman Storm, et al.,* 23 Cr. 430 (KPF)

Dear Counsel:

Please be advised that the Government may seek to introduce at trial in the above-referenced case the following evidence as to defendant Roman Storm. The Government reserves the right to supplement and/or amend this disclosure.

- Evidence that Storm used funds he earned from the Tornado Cash service, including proceeds from the sale of TORN tokens, as well as funds he withdrew from the Tornado Cash service, for the purchase of (1) a home at ███████, Auburn, Washington 98092; (2) a home at ███████, Lake Tapps, Washington 98391; and (3) a 2022 Model Y Tesla with VIN ███████. More information about this evidence can be found in the Government's expert disclosure for Special Agent Stephan George of the Internal Revenue Service – Criminal Investigation and accompanying materials, which we are producing today under separate cover.

- Evidence that Storm made materially false statements, misleading statements, and material omissions to Rho in furtherance of the conspiracies charged in the Indictment. In particular, this evidence will principally show that in March 2022, Rho contacted Storm and asked him to fill out a "Crypto questionnaire." In April 2022, Storm filled out the questionnaire after Rho followed up with him and stated that the questionnaire had to be filled out within the next week. Storm's responses to this questionnaire contained several material lies and misleading statements

1

about the nature of Peppersec's business, which at the time included the operation of the Tornado Cash service. The Rho questionnaire has been produced in discovery with the Bates stamp USAO_SDNY_00029215.

- Evidence that Storm took steps to violate, attempt to violate, conspire to violate, and evade the sanctions imposed on the Tornado Cash service by OFAC on August 8, 2022. In particular, the evidence will show that Storm and his coconspirators Alexey Pertsev and Roman Semenov transferred control of the Tornado Cash user interface to the Tornado Cash governance contract on August 8, 2022, after the announcement of sanctions, and made efforts to preserve other features of the Tornado Cash service and prevent them from being shut down, for the purpose of enabling continued use of the Tornado Cash service by its customers in violation of the OFAC sanctions. This evidence will include the chats among the Tornado Cash founders extracted from Alexey Pertsev's cellphone and blockchain data relating to the tornadocash.eth domain, as discussed in more detail in the Government's expert disclosure for Philip Werlau and accompanying materials, which we are producing today under separate cover.

The Government's position is that such evidence is admissible as direct evidence of the crimes charged and that it would also be admissible pursuant to Rule 404(b) as proof of Storm's motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident with respect to the charges in the above-referenced case.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Benjamin A. Gianforti
Thane Rehn
Ben Arad
(212) 637-2490
(212) 637-2354
(914) 993-1907

Kevin Mosley
Special Assistant United States Attorney

2