# Exhibit 12



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

February 18, 2025

**BY EMAIL**
Brian Klein, Esq.
Keri Axel, Esq.
Waymaker LLP
bklein@waymakerlaw.com
kaxel@waymakerlaw.com

David Patton, Esq.
Hecker Fink LLP
dpatton@heckerfink.com

Re: *United States v. Roman Storm, et al.,* 23 Cr. 430 (KPF)

Dear Counsel:

Pursuant to the Court's scheduling order for the disclosure of expert testimony, the Government hereby provides notice that it anticipates calling Special Agent Joel DeCapua of the Federal Bureau of Investigation ("FBI"), Special Agent Stephan George of the Internal Revenue Service – Criminal Investigation ("IRS-CI"), and Philip Werlau as witnesses in the trial of the above-referenced matter. Enclosed are expert disclosures containing the information called for in Federal Rule of Criminal Procedure 16(a)(1)(G), stating the anticipated opinions of these three witnesses, and the bases and reasons for their opinions. As a further disclosure, the Government intends to produce draft exhibits at the same time as it produces its other trial exhibits. The Government reserves the right to supplement and/or amend these witnesses' anticipated testimony.

\*   \*   \*

Separate and apart from the above-disclosed expert witnesses, the Government expects to call witnesses regarding the following topics:

**Russian Translations**

Absent a stipulation between the parties, the Government intends to elicit testimony from Russian-language expert witnesses regarding transcriptions and translations of recordings and electronic communications. The recordings and communications were produced previously, as

1

were draft translations. We are identifying the particular recordings and communications that will be used as trial exhibits. We will produce those exhibits and final translations in accordance with the Court's scheduling orders, and we are also identifying testifying linguists for the trial and will provide their CV's as soon as possible.

### Electronic Devices

Absent a stipulation between the parties, the Government anticipates calling Peter Dickerman, who is employed by IRS-CI, to testify regarding data extracted from a cellular telephone that was seized from Alexey Pertsev by Dutch law enforcement officers, and a special agent from the FBI to testify regarding data extracted from devices that were seized during the search of Storm's residence.

While the Government does not consider the expected testimony of these witnesses regarding the extraction of data from electronic devices to constitute expert testimony under Federal Rules of Evidence 702, 703, or 705, as the focus of this testimony will be on what was found on the devices rather than any area of specialized knowledge, we are nonetheless providing this notice out of an abundance of caution. *See United States v. Marsh*, 568 F. App'x 15, 16-17 (2d Cir. 2014) (summary order) (finding no error in allowing lay, non-expert testimony relating to search of electronic device where witness simply "explained his training," "described" his search, and "testified to the contents of the messages retrieved from the phone"); *United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read.").

### FinCEN Witness

The Government hereby provides notice that it intends to offer testimony from Theodore Vlahakis, Senior Compliance Officer, Non-Bank Financial Institutions Office of Compliance Enforcement and Compliance Division, Financial Crimes Enforcement Network (FinCEN), U.S. Department of the Treasury, regarding an overview of FinCEN's regulation of money transmitters as a type of money services business, also called an MSB. This testimony will include that FinCEN regulates MSB's, including money transmitters, that money transmitters are required to register with FinCEN and comply with certain FinCEN regulations and that, based on his review of FinCEN records, the following individuals and entities were not registered as MSB's with FinCEN: Roman Storm, Roman Semenov, Alexey Pertsev, Tornado Cash, and Peppersec.

### OFAC Witness

The Government hereby provides notice that it intends to offer testimony from John Pisa-

2

Relli, Senior Law Enforcement Coordinator, Office of Foreign Assets Control (OFAC), U.S. Department of the Treasury, regarding an overview of OFAC's administration of United States sanctions on specially designated nationals. United States persons and entities are prohibited from, among other things: (1) dealing in property of persons whose property is blocked; (2) providing funds, goods, or services to such persons; (3) receiving funds, goods, or services from such persons; (4) participating in any transaction that evades or avoids, or has the purpose of evading or avoiding, any of these prohibitions; and (5) conspiring to violate any of these prohibitions. Mr. Pisa-Relli will also testify that, based on his review of OFAC records: In September 2019, OFAC designated the Lazarus Group for sanctions based on its relationship to North Korea's primary intelligence bureau, and on April 14, 2022, OFAC identified as blocked property an ETH wallet address beginning with the characters 0x098B716, which was used by the Lazarus Group to launder stolen proceeds from the March 2022 Ronin Network hacking incident. Mr. Pisa-Relli will further testify that the following individuals and entities did not obtain licenses to conduct any transactions with or services for the Lazarus Group: Roman Storm, Roman Semenov, Alexey Pertsev, Tornado Cash, and Peppersec.

Please let us know promptly if you believe any of the anticipated testimony of the electronic device witnesses, the FinCEN witness, or the OFAC witness requires expert qualifications, and the bases for that belief, so that we may raise the issue with the Court. Under such circumstances, we reserve the right to provide a supplemental notice in the event expert qualification is required.

Please contact us with any questions.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Benjamin A. Gianforti
Thane Rehn
Ben Arad
(212) 637-2490
(212) 637-2354
(914) 993-1907

Kevin Mosley
Special Assistant United States Attorney