# Exhibit 13



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

February 28, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via E-Mail*</u>

Nathan Rehn
Benjamin Arad
Benjamin Gianforti
United States Attorney's Office
Southern District of New York
26 Federal Plaza, 37th Floor
New York, New York 10278

Re:    *United States v. Roman Storm,* 23 Cr. 430 (KPF)

Dear Counsel:

    We write in response to the government's February 18, 2025 letter's disclosures concerning the government's proposed FinCEN and OFAC witnesses, Theordore Vlahakis and John Pisa-Relli (respectively). In your letter, you invited us to let you know if we believe the anticipated testimony of the FinCEN or OFAC witnesses "requires expert qualifications." We do believe that these witnesses would be providing expert testimony.

    Pursuant to Federal Rule of Evidence 701, a witness not testifying as an expert may only offer a lay opinion if it is "(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, "[l]ay opinion under Rule 701 must be limited to opinions that 'result[ ] from a process of reasoning familiar in everyday life.'" *United States v. Cuti,* 720 F.3d 453, 459 (2d Cir. 2013).

    According to your letter, Vlahakis intends to testify regarding "FinCEN's regulation of money transmitters as a type of money services business" which "will include that FinCEN regulates MSB's, including money transmitters, that money transmitters are required to register with FinCEN and comply with certain FinCEN regulations." This intended testimony cannot be limited to opinions that result from a process of reasoning familiar in everyday life, rather, it will require Mr. Vlahakis's specialized knowledge as a FinCEN Officer. *See, e.g.*, *Bank of China, N.Y. Branch v. NBM LLC,* 359 F.3d 171, 182 (2d Cir. 2004) (explaining that the witness's testimony was not properly lay testimony where it was not a product of his investigation but instead reflected his specialized knowledge of the banking industry). Here, Mr. Vlahakis will need to rely on his specialized knowledge in order to testify about FinCEN's regulations.

    As for Pisa-Relli, you letter states that he will testify regarding "OFAC's administration of United States sanctions on specially designated nationals." For the reasons detailed above, Mr. Pisa-Relli's testimony will not be based on a process of reasoning familiar in everyday life and



Nathan Rehn
Benjamin Arad
Benjamin Gianforti
February 28, 2025
Page 2 of 2

will instead be based in his specialized knowledge as a Senior Law Enforcement Coordinator at OFAC.  *See, e.g., United States v. El-Mezain*, 664 F.3d 467, 512 (5th Cir. 2011), *as revised* (Dec. 27, 2011) ("[T]estimony about the Treasury Department's [via OFAC] practice in designating or not designating sub-groups of terrorist organizations is not within the realm of an ordinary lay witness.").

Because Vlahakis and Pisa-Relli intend to offer testimony based on their specialized knowledge within the scope of Rule 702, we are requesting full disclosure of their purported qualifications.  Please provide these disclosures by Friday, March 7, 2025.

We reserve all rights to object to and move to exclude testimony by either or both of these witnesses on any ground, including but not limited to the ground that they will be improperly instructing the jury on the law, when it is only the Court that may do so.  Nothing in this letter is meant to be, or should be construed as, a waiver of our objections to the Court's orders requiring pretrial disclosure of defense expert witnesses.

Sincerely,

*[signature]*

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Waymaker LLP

-and-

David E. Patton
Hecker Fink LLP

*Attorneys for Roman Storm*