# Exhibit 14



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

March 10, 2025

**BY EMAIL**
Brian Klein, Esq.
Keri Axel, Esq.
Kevin Casey, Esq.
Waymaker LLP
bklein@waymakerlaw.com
kaxel@waymakerlaw.com
kcasey@waymakerlaw.com

David Patton, Esq.
Hecker Fink LLP
dpatton@heckerfink.com

Re: *United States v. Roman Storm, et al.*, 23 Cr. 430 (KPF)

Dear Counsel:

We write in response to your letter of February 28, 2025 (the "February 28 Letter"), in which you assert that the witnesses we intend to call from FinCEN and OFAC will offer expert opinions and must be qualified as expert witnesses. The February 28 Letter is mistaken, as neither of those witnesses will offer any opinion—expert or otherwise. Accordingly, they are both fact witnesses that need not be qualified as experts.

As the case law you cite observes, the "initial question" in distinguishing between fact- and expert testimony is "whether the contested testimony should be characterized as fact or opinion." *United States v. Cuti*, 720 F.3d 453, 457-58 (2d Cir. 2013). In this case, as you know from our letter dated February 18, 2025 (the "Feb. 18 Letter"), Theodore Vlahakis of FinCEN will testify "that FinCEN regulates MSB's, including money transmitters, that money transmitters are required to register with FinCEN and comply with certain FinCEN regulations and that, based on his review of FinCEN records, the following individuals and entities were not registered as MSB's with FinCEN: Roman Storm, Roman Semenov, Alexey Pertsev, Tornado Cash, and Peppersec." Feb. 18 Letter at 2. Similarly, we intend to call a witness from OFAC,[1] who will provide "an overview of OFAC's administration of United States sanctions on specially designated nationals" and testify that "OFAC designated the Lazarus Group" and "designated as blocked property a[] [certain] ETH wallet address," and that "the following individuals and entities did not obtain

---

[1] We note that the OFAC witness we intended to call, John Pisa-Relli, has become unavailable, and we will disclose his replacement to you after the witness has been identified.

licenses to conduct any transactions with or services for the Lazarus Group: Roman Storm, Roman Semenov, Alexey Pertsev, Tornado Cash, and Peppersec." Feb. 18 Letter at 3.

Every topic set forth above is a matter of fact, not a matter of opinion. Indeed, FinCEN and OFAC witnesses repeatedly have testified about such topics as fact witnesses. *See, e.g.*, *United States v. Mizrahi*, No. 22-cr-650 (JPO), Tr. 2075:9-10 (S.D.N.Y. March 1, 2024) ("As to Vlahakis"—the same FinCEN witness the Government intends to call in this case, offering similar testimony—"I conclude that the testimony was not improper expert testimony"); *United States v. Rahmankulov*, No. 20-cr-653 (RA) (S.D.N.Y. 2022) (in which Mr. Vlahakis testified as a fact witness, offering testimony similar to that which he is expected to offer here); *In re 650 Fifth Ave. & Related Properties*, No. 08-cv-10934 (KBF), 2017 WL 6419014, at *1 (S.D.N.Y. May 30, 2017) (denying defense motion to compel expert report in connection with testimony of OFAC witness, similar to the OFAC testimony expected in this case, "regarding areas about which [the witness] has first-hand knowledge based on her expertise," where she "is not going to offer opinions of any sort or legal conclusions").

This practice of FinCEN and OFAC representatives testifying as fact witnesses is entirely consistent with the caselaw that you cite. The Second Circuit deemed improper certain lay **opinion** testimony in *Bank of China, New York Branch v. NBM LLC* because "Rule 701 . . . explicitly bars the admission of lay **opinions** that are 'based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" 359 F.3d 171, 181 (2d Cir. 2004) (quoting Fed. R. Evid. 701(c)) (emphasis added). Accordingly, nothing in *Bank of China* suggests that testimony setting forth facts, as opposed to opinions, requires expert qualification. The same is true of *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011). The witness in that out-of-circuit case testified about the Treasury Department's discretionary "practice in designating or not designating sub-groups of terrorist organizations," opining that "the Treasury Department typically does not designate every sub-group or component of a designated terrorist organization." *Id.* at 512. As the Fifth Circuit observed, that opinion went beyond merely "draw[ing] straightforward conclusions from observations informed by [the witness's] own experience." *Id.* (internal citation and quotation marks omitted).

Here, by contrast, representatives of FinCEN and OFAC will be testifying to the basic functions of their agencies and to fact that your client, his co-conspirators, and their company did not obtain licenses from FinCEN and OFAC in connection with their operation of the Tornado Cash service. How these agencies operate and the absence of licenses are simply facts. Neither of the witnesses in question will be offering any opinions. Accordingly, their testifying as lay witnesses is entirely consistent with *Bank of China* and *El-Mezain*.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

     For these reasons, no expert qualification or disclosure is required for the Government's FinCEN and OFAC witnesses. Nevertheless, as a courtesy and in effort to resolve this matter without further litigation, Mr. Vlahakis's resume is enclosed, and we will provide that of the Government's OFAC witness after that individual has been identified.

           Very truly yours,

           MATTHEW PODOLSKY
           Acting United States Attorney

by: _____
           Ben Arad
           Benjamin A. Gianforti
           Thane Rehn
           (212) 637-6521
           (212) 637-2490
           (212) 637-2354

           Kevin Mosley
           Special Assistant United States Attorney

Enclosure