# EXHIBIT 1



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

March 5, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

*Via E-Mail*

Nathan Rehn
Benjamin Gianforti
Benjamin Arad
U.S. Attorney's Office
1 Saint Andrews Plaza
New York, New York 10007

Re:   United States v. Roman Storm
      23 Cr. 430 (KPF)

Dear Counsel:

    We write in connection with the Court's December 23, 2025 order requiring the defense to make expert disclosures on March 3, 2025, since continued to March 5, 2025. (*See* Dkt. 114, 134.) To the extent our client Roman Storm presents an affirmative defense case, he may call these witnesses to offer expert testimony on the topics described in the attached disclosures:

- Dr. Matthew Green (Exhibit A)

- Dr. Stephanie Hurder (Exhibit B)

- Dr. Matthew J. Edman (Exhibit C)

    We also respond to your disclosures in part as follows:

**Russian Translation Witnesses**

    Absent a stipulation between the parties, the defense may elicit testimony from Russian-language expert witnesses regarding transcriptions and translations of recordings and electronic communications to rebut the government's translations and in connection with its own trial exhibits. The defense is still identifying potential Russian language recordings and communications and, pursuant to the Court's scheduling order, will identify testifying linguists for the trial and provide their curriculum vitaes, once such witnesses are identified and it is determined that the defense may call them.

**Rebuttal Witness - OFAC**

    Douglas Jacobson, a partner at Jacobson Burton Kelley PLLC, is designated as a rebuttal expert to John Pisa-Relli. As noted in Mr. Jacobson's curriculum vitae (attached as Exhibit D),



Mr. Jacobson has extensive experience with OFAC regulations. Mr. Jacobson would observe or review the trial testimony of Mr. Pisa-Relli, and if needed to rebut any of it, Mr. Jacobson would testify.

Given that Mr. Jacobson is solely a rebuttal expert to Mr. Pisa-Relli, he would testify regarding the same topics that the government's identified for Mr. Pisa-Relli in its February 18, 2025 disclosure letter. In the event that more fulsome or complete disclosures are made by Mr. Pisa-Relli before trial, Mr. Jacobson would respond to those disclosures.

**Rebuttal Witness - KYC/AML and FinCEN**

Mike Carter, a Senior Managing Director with FTI Consulting, is designated as a rebuttal expert to Theodor Vlahakis. As noted in Mr. Carter's curriculum vitae (attached as Exhibit E), Mr. Carter is a Certified Anti-Money Laundering Specialist, Certified Fraud Examiner, and Certified Global Sanctions Specialist. Mr. Carter would observe or review the testimony of Mr. Vlahakis and, if needed to rebut any of it, Mr. Carter would testify. Mr. Carter is also designated to rebut other trial testimony, including portions of the expert report of Philip A. Werlau, to the extent such testimony deals with implementation of Know Your Customer ("KYC") obligations and processes.

Mr. Carter is expected to testify regarding: (1) a comparison of the structure and design of the Tornado Cash platform against non-bank financial institutions ("NBFI"), intermediaries, and software service providers and their respective obligations under the Bank Secrecy Act and its components; (2) third-party blockchain monitoring software, including their limitations and the need for human review and involvement, and the impracticality of applying third-party blockchain monitoring software to decentralized blockchains or cryptocurrency projects; (3) available KYC tools and how KYC tools work; (4) the applicability or inapplicability of KYC tools to Tornado Cash; (5) the outcomes and effectiveness of KYC tools; and (6) an overview of privacy features available for NBFI, payment intermediaries, and software service industries. Mr. Carter's testimony is expected to illustrate that cryptocurrency transactions that possess privacy features are not inherently illicit or suspicious.

**Summary Witness**

The defense may call Jeremy Sheridan, a Managing Director with FTI Consulting, as a witness to provide testimony about, and introduce charts summarizing, the flow of cryptocurrency between accounts and wallets relevant to the charges alleged in the superseding indictment, and in response to the testimony of Special Agents Stephen George and Joel DeCapua. This testimony may include the identification of accounts Mr. Storm allegedly used; a description of the flow of funds through those accounts; and an analysis of the TORN Vesting Contracts and the flow of Mr. Storm's founders' TORN. He may testify about compliance reports related to the transactions at issue in the Expert Disclosures by Special Agent Stephan George dated February 18, 2025. Finally, he is expected to analyze the unaggregated data provided by Special Agent DeCapua and respond to Special Agent DeCapua's analysis and



conclusions.[1] The defense does not believe this type of testimony would constitute expert testimony pursuant to Federal Rule of Evidence 702. Nonetheless, the defense is providing a copy of Mr. Sheridan's curriculum vitae, which is enclosed as Exhibit F.

\*\*\*

      We make the above disclosures without waiving any of Mr. Storm's prior objections. As you are aware, the matter of defense expert disclosures has been heavily litigated. We also make them without the benefit of all relevant information contemplated by Rule 16 and 18 U.S.C. § 3500. Mr. Storm explicitly reserves the right to amend and/or supplement these disclosures based upon, among other things, the receipt of documents and other evidence from the government or third-parties, counsel's ongoing review of the government discovery productions, trial preparation, disclosures about anticipated witness testimony (including additional disclosures relating to the government's own designated expert(s)), and ultimately the evidence (testimonial or opinion) offered in the government's case-in-chief.

      As always, we are available to discuss the above or any other aspect of the case.

Sincerely,

*[signature]*

Brian E. Klein
Keri Curtis Axel
Kevin M. Casey
Waymaker LLP

-and-

David E. Patton
Hecker Fink LLP

*Attorneys for Roman Storm*

---

[1] Given that Special Agent DeCapua has not aggregated his data but instead provided approximately 400 different spreadsheets and has not demonstrated how he connected the underlying data to the summary spreadsheets, Mr. Sheridan's analysis is ongoing.