

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

June 27, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

*Via By ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **United States v. Roman Storm**
       **23 Cr. 430 (KPF)**

Dear Judge Failla:

    We write on behalf of our client Roman Storm to oppose the government's requested briefing schedule for its motion challenging defense experts. (*See* Dkt. 182.) This schedule does not provide the defense even a single business day to prepare an opposition (which will require coordination with its experts), even though the government initially raised this issue with the Court last Friday. (*See* Dkt. 178.)

    The government has possessed the defense's supplemental expert disclosures about which it complains for nine full days now. Today, it proposed a briefing schedule that would have the government filing its objecting brief on Thursday, July 3, the night before the 4th of July holiday, and giving the defense until Sunday, July 6, to respond. (Dkt. 182.) In an effort to compromise, the defense suggested during a meet and confer earlier today that the government file by Wednesday, July 2, at 12 pm PT / 3 pm ET.[1] The government refused and instead chose to litigate the issue before Your Honor. With apologies for the pettiness of the issue, we submit the following:

    As an initial matter, the government mischaracterizes its receipt of the defense disclosures on June 26, 2025. As ordered, the defense provided expert disclosures to the government on March 5, 2025. Three months later, on June 6, 2025, the government complained—for the first time—of the sufficiency of the defense's disclosures. (*See* Dkt. 159, Gov't Mot. to Exclude Deft's Expert Witnesses.)[2] On June 18, 2025, the defense then

---

[1] The government's letter states the defense proposed simply July 2 (meaning any time before midnight that day); however, that is not accurate. (*See* Dkt. 182 at 1.)
[2] By contrast, the defense tried to resolve deficiency concerns with the government starting as early as February 28, 2025, two weeks after the government made its initial disclosures.

Hon. Katherine Polk Failla
June 27, 2025
Page 2 of 3

supplemented certain aspects of its disclosures, in good faith and in the spirit of cooperation.[3] Supplementing expert reports is hardly an unexpected occurrence; indeed, just this evening the government itself supplemented one of its own reports.

Nonetheless, almost a week ago, on Saturday June 21, the government wrote to the Court notifying it that it would be briefing its objections to the supplemental aspects of the reports and potentially be providing rebuttal disclosures. (Dkt. 178.) On June 19 and 20, the government had also propounded several questions to the defense concerning the supplemental disclosures. The defense addressed these inquiries as soon as was practicable, on June 25, in light of the Juneteenth federal holiday, the weekend, and one of the defense experts being out of the country.

None of the above timing means this is of the defense's "own making," as the government claims, such that its petty scheduling demands should be obeyed. (*See* Dkt. 182 at 2.) The defense will not be able to coordinate with its experts over a holiday weekend to respond to a filing made on the eve of the 4th of July 4. The defense is already aware that at least one of those experts is unavailable that holiday weekend on a preplanned vacation, and over half the defense team will be traveling to New York from California that weekend for the upcoming pretrial conference and the ensuing trial.

If the Court believes that the issues the government wishes to address need to be briefed before the final pretrial conference, the defense proposes the following schedule: the government should file by no later than July 1—nearly two weeks after it determined that it would need to do so—and the defense should respond by July 6. If the Court is open to ruling on the issues following that conference, the defense proposes that the government file by July 3 and the defense respond by July 9.

/ / /

/ / /

/ / /

---

[3] In any event, the defense reserves its right to supplement and correct its disclosure under Rule 16(b)(1)(C)(vi).

Hon. Katherine Polk Failla<br>
June 27, 2025<br>
Page 3 of 3

For all these reasons, the Court should grant the defense's proposed briefing schedule.

Respectfully submitted,

*[signature]*

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
WAYMAKER LLP

-and-

Davie E. Patton
Christoper Morel
Hecker Fink LLP

*Attorneys for Roman Storm*