


Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

July 10, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

***Via ECF***

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: United States v. Storm, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we move to exclude the testimony of a government witness ("Witness No. 1") who was only disclosed to the defense for the first time on the evening of July 7, 2025 – a week after the deadline to provide witness lists – in a production of 3500 materials. Yesterday, the government confirmed it intends to call this witness at trial.

Witness No. 1 is the claimed perpetrator of an alleged hack who allegedly used Tornado Cash and is apparently cooperating with the government while finishing up a federal sentence. This witness, however, never interacted with Mr. Storm, and Mr. Storm had nothing to do with the alleged hack. (Witness No. 1's 3500 material is attached as Exhibit 1.)

Permitting this witness to testify at the trial starting on July 14, 2025, notwithstanding the government's late disclosure, would be highly prejudicial to Mr. Storm. Moreover, this witness's testimony is cumulative, not relevant, includes hearsay, and should be excluded under Federal Rule of Evidence 403.

For these reasons, this Court should not permit Witness No. 1 to testify at the forthcoming trial.

- **<u>The Government's Late Notice</u>**

Months ago, this Court issued a scheduling order that included a requirement that the parties disclose their witness lists by June 30, 2025. (Dkt. 140.) The government produced its witness list to the defense on July 1, 2025.[1] Witness No. 1 was not on the government's list. On the

[1] When the government did not disclose a list to the defense on June 30, 2025, the defense followed up the morning of July 1, 2025. In response, the government first simply stated that its list was the individuals in the 3500 materials. After a request for the specific identities of

evening of July 7, 2025, the government sent an email to the defense disclosing additional 3500 material, which included material for two previously unidentified witnesses, Witness No. 1 and an alleged "victim" witness. On the morning of July 8, 2025, the defense sent an email pointing out that these witnesses were not on the government's witness list and asking whether the government intended to call them at trial. The government responded that it might call them at trial. On the evening of July 8, 2025, the defense asked for an updated witness list by the morning of July 9, 2025. On the afternoon of July 9, 2025, the government provided the names of three additional witnesses to be added to their witness list, including Witness No. 1.[2] The alleged "victim" witness disclosed on July 7, 2025 was not included.

The government should not be excused from its late witness disclosure even if it first spoke with this witness's attorney on June 23, 2025, and first interviewed the witness on July 1, 2025. While that may be true, the government has had over three years to investigate this case and locate witnesses.

- **Witness No. 1 Should Be Excluded for Similar Reasons as Witness No. 6 as Discussed in Defendant's Additional Motion *in Limine* No. 15**

Witness No. 1's testimony should be excluded for similar reasons as the defense explained in a recent motion *in limine* as applied to Witness No. 6. (*See* Dkt. 189 at 11-14.)

These reasons include: The purported scam perpetrated by this witness has nothing to with this case. Mr. Storm is not alleged to have participated in it or ever communicated with Witness No. 1, and there is no evidence he even knew about it. It also appears that this witness will be testifying at least in part to hearsay. He states that he heard that hackers use Tornado Cash. What Witness No. 1 heard about the uses of Tornado Cash is obviously hearsay and should not be admitted. *See* Fed. R. Evid. 801(c), 802.

This witness's testimony should also be excluded pursuant to Federal Rule of Evidence 403 because it would be unfairly prejudicial as it would likely confuse and mislead the jurors into believing that Mr. Storm was involved in the underlying purported hack or intended to facilitate it, which is not true. The testimony would also be unfairly prejudicial because it is likely to evoke an angry response from jurors, which would likely spill over to Mr. Storm.

Lastly, the testimony would be cumulative of another proposed perpetrator witness, Witness No. 6, as well as the alleged victim testimony discussed in the defense supplement to motion *in limine* No. 2. (*See* Dkt. 189.) If the government wants to make the point that these alleged hackers used Tornado Cash (even though there is no evidence of Mr. Storm's knowledge of this

---

government witnesses (since the 3500 materials contain mention of numerous individuals), the government provided a witness list on July 1, 2025, which included a subset of the individuals identified in the 3500 materials.

[2] The defense does not anticipate objecting to the other two witnesses disclosed on July 9, 2025.

use), they do not need multiple witnesses to do so. This testimony will waste time and cause undue delay as a trial-within-a-trial.

***

Overall, allowing the government to call this new witness despite the government's late disclosure would be highly prejudicial to Mr. Storm. The defense does not have the necessary time to investigate Witness No. 1's allegations before trial starts in a few days so as to prepare an effective cross-examination.

For all the reasons above and those laid out in the defense's prior filing relating to proposed government witnesses, this Court should exclude Witness No. 1. (*See* Dkt. 189.) If this Court denies this motion, Mr. Storm reserves the right to request a brief continuance of the trial date.

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*