

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

July 11, 2025

**BY EMAIL**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Roman Storm*, 23 Cr. 430 (KPF)

Dear Judge Failla:

    The Government writes to provide the Court with an update on the parties' negotiations with respect to a potential stipulation as to certain records that Government will seek to admit at trial. The defense has agreed to stipulate to the authenticity of certain records and, with respect to a subset of those records, that they are admissible as business records.

    With respect to certain other records, the defense has refused to stipulate to their authenticity or admissibility as business records. These entities include GitHub, Rho Technologies, Bloomberg, Rippling, Evolve Bank, American Express, Discord, Binance, and Dragonfly Capital. As to certain records from Google and Apple, and all records from X ("Twitter"), the defense has indicated that it is willing to stipulate to their authenticity but has refused to stipulate to their admissibility as business records. As to all of these documents, the Government has obtained from the document custodian and produced to the defense a certificate from a qualified witness that the documents constitute business records, as provided for in Federal Rules of Evidence 803(6) and 902(11).

    The defense has not identified any concerns that it has with the authenticity of these records or their status as business records, and, as far as the Government is aware, there is no valid basis to question these certifications. Accordingly, as the Government set forth in its motions *in limine*, these records may be admitted as business records under Federal Rules of Evidence 803(6) and 902(11) based on the certifications. The defense, by contrast, would ask this Court to waste the jury's time by forcing the Government to call approximately a dozen custodial witnesses.

    The contested exhibits are listed below in two charts. The first chart lists the exhibits that the defense has refused to stipulate are authentic or business records. The second lists the exhibits that the defense has agreed to stipulate are authentic, but has refused to stipulate are business records.

**Documents the Defense Will Not Stipulate Are Authentic or Business Records**

| Custodians | Certifications | Government Exhibits |
|---|---|---|
| Github | GX 673 | GXs 651-672 |
| Rho Technologies | GX 900 | GXs 902-925 |
| Bloomberg | GX 1031 | GX 1032 |
| Rippling | GX 1070 | GXs 1070-1073 |
| Evolve Bank | GX 1101 | GXs 1102-1107 |
| American Express | GX 1150 | GXs 1151-1152 |
| Discord | GX 1242 | GX 1271 |
| Binance | GXs 1210 and 1212 | GXs 1211, 1280-1281 |
| Dragonfly Capital | GX 1301 | GXs 1302-1375 |

**Documents the Defense Will Stipulate Are Authentic but Will Not Stipulate Are Business Records**

| Custodians | Certifications | Government Exhibits |
|---|---|---|
| Apple | GXs 401, 411-412 | GXs 413-442 |
| X (Twitter) | GXs 501 and 551 | GXs 552-563 |

As to most of these records, there does not appear to be any basis to question their admissibility as business records. For a subset of these records, however, it appears based on the comments made by defense counsel at the pretrial conference that documents such as emails or chat messages are hearsay even if they are contained in business records. The Court reserved decision on this issue at the pretrial conference. The documents for which this may be an issue are the documents produced by Dragonfly Capital, Apple, and X. The Government discusses each of these documents in turn:

**Dragonfly Capital.** The Dragonfly Capital documents are business records, as set forth in the certification from Dragonfly, which produced these records pursuant to a subpoena. The defense's objection appears to be that, to the extent these documents contain electronic communications, the statements in those communications may be hearsay. In particular, the records at issue are messages between Dragonfly employees and the defendant and his partners in the Tornado Cash business, in which they discuss aspects of the Tornado Cash business.

It appears that the defendant's position is that the statements in the chats are hearsay even though he does not appear to have any objection to the documents themselves being authentic business records. But even if the defendant is correct, that means that the Court should hold that the documents themselves are authentic business records of Dragonfly, and should then consider whether any of the statements contained therein qualify for an exception to the hearsay rule. *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Most if not all of the chats that the Government will seek to admit contain statements of the defendant or his co-conspirators, and those statements are admissible against the defendant. And where the chats also contain statements of Dragonfly employees, the Government would not be seeking to admit those statements for their truth but because they provide context for the statements of the defendant and

his co-conspirators in the same chats and, in some cases, put them on notice of facts that bear directly on intent and willfulness with respect to the charged offenses. For these reasons, the Government respectfully requests that the Court find that the requirements for authentication of these records are met by the certifications the Government has obtained and that the records are admissible.

**Apple.** The records at issue from Apple include photographs and text messages taken from Alexey Pertsev's iCloud account. The defendant does not appear to be arguing that these records were maintained in the ordinary course of business by Apple, as set forth in the certification, and thus the Court should find that they are admissible. As with the Dragonfly records, the defendant may be arguing that the photographs or messages contain statements that are hearsay. But the Government is not seeking to admit any of these documents for the truth of any matter asserted in them. Instead, the purpose of these trial exhibits is that they provide an additional basis to authenticate the materials from the Pertsev Phone Extraction, because they match materials taken from that extraction. Accordingly, based on the certification from Apple, the Court should admit these materials for that limited purpose.

**Twitter.** The records at issue from Twitter include Tweets made by the defendant and direct messages from the defendant's Twitter account. As with the Dragonfly and Apple records, there does not appear to be any dispute that these are in fact records maintained in the ordinary course of business by Twitter, as set forth in the certification. Again, it appears that the defendant's objection is instead that these materials contain hearsay statements. But to the extent that the statements were made by the defendant, they are admissible against him. And where the Government will seek to admit direct messages between the defendant and others, the statements in the messages from others are admissible to place the defendant's statements in context or to show notice to the defendant of certain facts. Accordingly, these messages are also admissible.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Ben Arad
Thane Rehn
Benjamin A. Gianforti
Assistant United States Attorneys
(212) 637-6521
(212) 637-2490
(212) 637-2354


Kevin Mosley
Special Assistant United States Attorney