

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*38th Floor*
*New York, New York 10278*

July 11, 2025

**BY ECF & EMAIL**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>    Re:    *United States v. Roman Storm*, 23 Cr. 430 (KPF)

Dear Judge Failla:

The Government respectfully writes in response to the defendant's letter motion seeking to preclude the testimony of Witness-1. Witness-1 was convicted in December 2023 for his role in a July 2022 hacking incident, and is currently serving his sentence. Witness-1 chose Tornado Cash in connection with the July 2022 hacking incident, and did so using the Tornado Cash website and user interface and the relayer system, for which Witness-1 paid relayer fees. Witness-1 made his Tornado Cash deposits and withdrawals from his apartment in Manhattan. Although the Government does not have a formal agreement with Witness-1, the Government has discussed with Witness-1's counsel that the witness's testimony will likely constitute a basis for a Rule 35(b) motion.

The defendant raises three challenges to Witness-1. All are meritless.

First, the defendant challenges the timeliness of the notice for this witness. But the defendant's claims of untimeliness do not square with the record. The Government first spoke to Witness-1's counsel on June 23, 2025, was first told by Witness-1's counsel that Witness-1 was willing to testify on June 27, 2025, and conducted its first interview of Witness-1 on July 3, 2025. The Government informed the defense about Witness-1 and produced 3500 material for Witness-1 on July 7, 2025, the next business day after the Government's first interview of Witness-1.

Given this timeline, there is no untimely disclosure issue relating to this witness. Indeed, it is not uncommon for the Government to identify a witness even during trial. *See, e.g.*, *United States v. Glover*, No. 24 Cr. 370 (VSB), Dkt. 70 (S.D.N.Y. June 22, 2025) (midtrial order denying defense motion to preclude testimony of witness identified by Government during trial); *id.* at 4-5 (citing authority including *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (concluding that it did not violate a defendant's right to a fair trial when the prosecution disclosed a witness the day the witness testified); *United States v. Alessi*, 638 F.2d 466, 481 (2d Cir. 1980) (finding no unfair prejudice where the prosecution notified the defendant of a new witness the night before the

witness's testimony and only provided impeachment material at the conclusion of the witness's direct examination)).

Nor is there any prejudice to the defense. The defendant makes a vague statement that he needs "time to investigate Witness No. 1's allegations," but does not identify any such investigative steps he would take or why he does not have sufficient time to undertake those steps. Given the limited nature of Witness-1's testimony, regarding his personal use of Tornado Cash on a discrete occasion, the defendant does not come close to meeting his burden of showing prejudice. *See, e.g.*, *United States v. Dupree*, 2011 WL 5976006, at *11 (E.D.N.Y. Nov. 29, 2011) (defendant seeking to preclude witness testimony based on unfair surprise must make a "specific showing of prejudice."); *see also United States v. Mendez*, 379 F. Supp. 2d 589, 598 (S.D.N.Y. 2005) (denying habeas petitioner's claim of prosecutorial misconduct where defendant could not establish any prejudice based on testimony from witnesses who were allegedly not part of original witness list read to potential jurors.).

Second, the defendant argues that Witness-1's testimony should be excluded on the same grounds that he seeks to preclude the testimony of Witness-6, the cooperating witness described in the defendant's supplemental motion *in limine* filed earlier this week. For the reasons the Government explained in its response to that motion filed last night, those arguments are meritless. (Dkt. 190).

Third, the defendant argues that this testimony will be cumulative with the testimony of Witness-6. That argument fails for three reasons. First, the fact that multiple witnesses will testify to certain facts does not automatically mean that such testimony is cumulative. Parties frequently introduce the testimony of multiple witnesses even where there is some overlap, in part to provide additional details unique to each witness and in part to strengthen each witness's testimony by showing that they corroborate each other. The Second Circuit has routinely noted the importance of such overlapping corroborative evidence in reviewing the trial record, including in particular noting the relevance of instances in which "multiple witnesses corroborated" certain facts. *E.g., United States v. McPartland*, 81 F.4th 101, 121 (2d Cir. 2023).

Second, this evidence is largely not duplicative—these witnesses used Tornado Cash at different times and in connection with different criminal incidents. Witness-6 used Tornado Cash in January 2022, and Witness-1 used Tornado Cash in July 2022, after the defendant and his co-conspirators made a number of changes to the service to both increase their profitability and increase the anonymity of the service. Thus, unlike Witness-6, Witness-1's testimony is directly probative of the money transmitting count, which alleges a conspiracy starting in February 2022. The testimony of these witnesses is also not cumulative with respect to Count One, which alleges much more than merely a single incident of money laundering. Rather, Count One alleges a money laundering conspiracy that ran from September 2020 through August 2022, through the operation of a business that was knowingly targeted at criminal actors and that in fact generated a large volume of its business from criminal actors. Thus, calling a total of two witnesses who used the service for those purposes is certainly not cumulative, and additionally serves to rebut the defendant's argument that the Tornado Cash services was designed to serve legitimate privacy interests. The Government notes that in the most similar recent prosecution and trial involving a cryptocurrency mixer, *United States v. Sterlingov*, No. 22 Cr. 399 (D.D.C. 2024), the district court

also permitted the government to call two cooperating witnesses who used the mixer for money laundering purposes (despite, as here, the fact that those witnesses had not communicated directly with the defendant in that case).

Third, Witness-1's testimony is separately relevant and admissible as evidence of venue. Witness-1, uniquely among Government witnesses, will testify that he used Tornado Cash, including the website, the user interface, and the relayer network, from within the district. The fact that the defendant and his co-conspirators provided these services to customers located in the district is also compelling evidence in support of venue and is admissible for that purpose as well.

Thus, the Court should deny the defendant's motion to preclude.


Respectfully submitted,

JAY CLAYTON
United States Attorney


By: _/s Thane Rehn_____
Ben Arad
Thane Rehn
Benjamin A. Gianforti
Assistant United States Attorneys
(212) 637-6521
(212) 637-2490
(212) 637-2354


Kevin Mosley
Special Assistant United States Attorney