

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

July 11, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

*Via ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    United States v. Storm, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we write in opposition to the government's July 11, 2025 letter motion regarding the admissibility of purported business records. (Dkt. 192.)

As an initial observation, the defense has stipulated to a great many of the government's exhibits, obviating the need for numerous custodians. For those that the defense has not, to the extent documents are not business records, they are not self-authenticating with a Rule 902(11) certification. *See* Fed. R. Evid. 902(11), 803(6). Where documents are not self-authenticating business records, the defense asserts its rights to have the government call a witness to try to authenticate and admit the documents as business records.

- **Apple and X Records**

With respect to the records the government seeks to admit from Apple and X (f/k/a Twitter), these are not those companies' business records. They are personal records purportedly of Alexey Pertsev (stored on iCloud), and Roman Storm (X), that happen to have been stored by those companies.

The government's contention that the records are business records misunderstands Rule 803(6). *See United States v. Hunt,* 534 F. Supp. 3d 233, 254 (E.D.N.Y. 2021) ("[T]o construe the substance of social media content as a business record would be to misunderstand the business-records exception under Rule 803(6)."); *see also United States v. Browne*, 834 F.3d 403, 411 (3d Cir. 2016) (substance of Facebook chats are not business records of Facebook); *United States v. Jackson*, 208 F.3d 633, 637–38 (7th Cir. 2000) (posts that appeared on the website of a white supremacist group were not internet service provider's business records under Rule 803(6)). To say that these records are business records of Apple or X is akin to saying that the contents of a letter are the business records of the U.S. Postal Service or that the contents of a person's storage unit are the business records of Public Storage.

The Apple records are particularly problematic because they include Cellebrite extraction reports, which the government contends "will authenticate the materials from the Pertsev Phone extraction." (Dkt. 192 at 3.) But the extraction reports are clearly not records maintained in the ordinary course of business by Apple. They have been created for the purpose of this litigation. *See, e.g., United States v. Kaiser,* 609 F.3d 556, 574 (2d Cir. 2010) (documents created in anticipation of litigation not business records). Thus, they are hearsay, and their admission in the absence of a witness violates the Confrontation Clause.

As to the X records, the government contends they are not hearsay because they contain Mr. Storm's statements. (Dkt. 192. at 3.) But the records also contain many statements from other speakers. The government claims that these other statements can be admitted in one fell swoop because they "place the defendant's statements in context or … show notice to the defendant of certain facts." (*Id.*) But it would be error to allow the entirety of the exhibits to come in just because certain portions might be admissible. These also present hearsay and Confrontation Clause issues barring their admittance without calling a custodian.

- **Dragonfly Capital Records**

The government seeks to admit records from Dragonfly Capital as business records. The majority are Telegram chats or emails. "An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule." *Morisseau v. DLA Piper,* 532 F. Supp. 2d 595, 621 n.163 (S.D.N.Y. 2008), *aff'd,* 355 F. App'x 487 (2d Cir. 2009). The proponent of an email record must show that "it was the producing [party's] regular practice to send or receive emails that record the type of event(s) documented in the email and that there was a policy of using email to make certain types of reports or to send certain sorts of communications." *AngioDynamics, Inc. v. C.R. Bard, Inc.,* No. 117CV598BKSCFH, 2022 WL 4225170, at *3 (N.D.N.Y. Sept. 13, 2022) (internal quotation marks omitted). The bare and conclusory custodian certifications the government references fail to lay the necessary foundation. (*See* Dkt. 191 at 2; GX 1301.)

Moreover, the government seeks to introduce as business records Telegram messages that were sent by individuals affiliated with Dragonfly, but with Telegram accounts held in their own names (and likely used for personal and business purposes). The government has not even attempted to make a showing that Dragonfly has or had a policy of making and maintaining such individually held Telegram messages as part of their usual course of business. *See, e.g.*, Larsen, Navigating the Federal Trial § 9:24 (2024 ed.) ("Attempts to authenticate chat room conversations and instant messages as certified business records under Rule 902(11) have largely failed because chats and messages are not records of regularly conducted activity required by Rule 803(6) as an exception to the hearsay rule.").

The Dragonfly documents also contain additional levels of inadmissible hearsay. While some purportedly contain Mr. Storm's statements, many are the statements of others. Again, just because some of those statements might be admissible for non-hearsay purposes does not mean that the exhibit as a whole can come into evidence. The Dragonfly records should not be admitted through certifications.

Hon. Katherine Polk Failla<br>
July 11, 2025<br>
Page 3 of 3

- **Other Records**

With respect to the other documents that the government seeks to introduce as business records, the defense submits they have failed to establish that they are business records. First, the Rho Technologies documents contain numerous emails, which as discussed above, are not necessarily business records unless it can be shown that they were made and maintained as a matter of policy in the usual course of business. Second, most of the others are spreadsheets or lists of apparently computer-generated information, for which the government fails to offer any explanation whatsoever. This Court should require the government to call a witness(es) who can be cross-examined about the source and meaning of the documents.

* * *

This Court should deny the government's motion to admit the exhibits it has identified in its letter motion based on Rule 902(11) certifications.

Respectfully submitted,

/s/ Brian E. Klein

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*