

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

July 13, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via ECF*</u>

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    United States v. Storm, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we write in opposition to the government's July 11, 2025 letter motion seeking "clarification" of this Court's ruling denying the government's motion *in limine* to exclude evidence regarding other cryptocurrency mixers. (Dkt. 195 ("Mot."); *see also* Dkt. 157 at 49-51 (original government motion); Dkt. 174 at 46-47 (original defense opposition).)[1] This Court got it right in ruling that measures other cryptocurrency mixers implemented "is probative of the defendant's intent regarding the implementing of an ineffective versus an effective measure. If the measures that Mr. Storm implemented are industry standard, it rebuts the notion, the government's argument that it implemented with intent to facilitate the charged conduct."  (7/8/2025 Tr. 131.)

The government's principal complaint seems to be that a few other cryptocurrency mixers have been charged with crimes or otherwise shut down by law enforcement and that Mr. Storm will raise an "everyone is doing it" defense. (*See* Mot. at 1-2.) First, the defense does not intend to elicit testimony about mixers that have been the subject of criminal charges or shut down by law enforcement.[2] Therefore, there will be no basis for the government to introduce such evidence. (*See* Mot. at 2.)

Second, the government is incorrect that the defense argument amounts to an "everyone was doing it" defense. (Mot. at 2.) The point is not that everyone was violating the law, so Mr. Storm should not be prosecuted for it, which is an impermissible argument. *See, e.g., United States v. Connolly,* 2019 WL 2125044 at *13 (S.D.N.Y. May 2, 2019). The government has made it clear that it will be basing its case on what measures it thinks Mr. Storm could have and should have

---

[1] The government's letter motion does not actually seek "clarification"; rather, it seeks reconsideration of this Court's ruling.

[2] The government provided a self-selected list, but there are others that have not been charged.

Hon. Katherine Polk Failla<br>
July 13, 2025<br>
Page 2 of 2

implemented to prevent illicit use of Tornado Cash by criminals.[3] The defense needs to be able to respond to the government's argument and evidence concerning what it claims Mr. Storm could have done differently with regard to Tornado Cash (*e.g.,* made modifications to the UI) with a realistic perspective on whether other crypto mixers implement such measures. Testimony or evidence about what was technically feasible or widely adopted (or not adopted) is relevant to those issues and to rebut the government's theories about Mr. Storm's willfulness.

* * *

This Court should adhere to its ruling and deny the government's request for "clarification."

Respectfully submitted,

*[signature]*

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*

---

[3] The government's theory is problematic as it fundamentally reflects a negligence theory, not a theory of criminal liability.