

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

July 20, 2025

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via ECF*</u>

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** United States v. Storm, 23 Cr. 430 (KPF)

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we write to raise issues with certain of the government's proposed exhibits under Federal Rule of Evidence 106.[1] The defense has been conferring with the government on rule-of-completeness issues, and the parties have been able to reach agreement on many of the exhibits. Those identified below and attached as exhibits to this letter reflect GX exhibits for which the parties have reached an impasse. For clarity, these reflect objections only under Rule 106, and the defense reserves its rights to object to on other grounds, including Rule 403 and maintains all prior objections.

In each exhibit, the portions already included in the government's proposed exhibit are marked with a vertical highlight in blue, while the defense's proposed additions are marked with a vertical highlight in yellow.[2] The defense's position with regard to each exhibit is set forth below.

---

[1] "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. *The adverse party may do so over a hearsay objection*." Fed. R. Evid. 106 (emphasis added). In 2023, Rule 106 was amended to explicitly state that it overcomes the hearsay objection, and as such, the mere fact that many of the defense's objections relate to including Mr. Storm's text messages is not grounds for excluding its proposed supplements.

[2] For certain exhibits that were originally in Russian, defendants only have early text translations produced by the government. The English versions of those exhibits that resemble the familiar blue and green bubbles of cell phone messages were created by the government for trial to resemble the Cellebrite extraction formatting of the original Russian language messages. Where the government did not include portions of a message in its draft exhibit, the defense does not have the images that resemble the extraction and only has the original draft translations. This is why some exhibits attached to this motion may appear non-contiguous. *See*, *e.g.*, Exhibits GX 2032-T and 2058-T.



**Ex. 1 – GX 231.** ███

**Ex. 2 – GX 1349.** ███

**Ex. 3 – GX 1370.** ███

**Ex. 4 – GX 1374.** ███

**Ex. 5 – GX 1991-T.** ███

**Ex. 6 – GX 2004-T.** ███

**Ex. 7 – GX 2005-T.** ███

**Ex. 8 – GX 2007-T.** ███

Hon. Katherine Polk Failla
July 20, 2025
Page 3 of 3



**Ex. 9 – GX 2032-T.**

**Ex. 10 – GX 2058-T.**

**Ex. 11 – GX 2075.**

Respectfully submitted,

Brian E. Klein
Keri Curtis Axel
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*