## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 22, 2025

<u>Via ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   <u>United States v. Storm, 23 Cr. 430 (KPF)</u>

Dear Judge Failla:

      We write on behalf of non-party witness Chainalysis, a U.S.-based blockchain analytics company, which was issued a July 7, 2025 trial subpoena *duces tecum* (attached hereto as Exhibit A) (the "Subpoena") in the above-referenced matter by defendant Roman Storm.[1]  We understand that defense counsel intends to move to compel further productions by Chainalysis under the Subpoena—which is exceedingly broad, was served merely *five days* before trial, and amounts to little more than a burdensome eleventh-hour fishing expedition against a non-party that has produced *thousands* of pages of materials to the parties in this matter—including more than 7,500 pages just yesterday.  Pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, Chainalysis respectfully moves the Court to quash the Subpoena to the extent the defendant now invokes it to impose further, unreasonable production burdens on the company.  We are available to appear in court if Your Honor wishes to hear from counsel on this matter.

      By way of background, Chainalysis offers compliance and investigations tools and services to public and private customers around the globe.  Beginning on July 12, 2023, Chainalysis, in a third-party capacity, produced to the government more than 650 pages of records, along with certain transactional data, in response to legal process issued in connection with the investigation of this matter.  Chainalysis was, and remains, purely a records custodian in this case.

---

[1]   We are mindful that Your Honor's Individual Rules call for pre-motion conferences for discovery disputes.  Given the immediate burdens imposed on Chainalysis and the fact that trial is underway, however, we are compelled to respectfully seek immediate relief from the Court by way of this letter motion.

The records produced to the government consisted largely of transactional data and certain email communications—including, for example, messages between and among Chainalysis employees discussing the Tornado Cash platform and messages between Chainalysis and government personnel. We understand that defense counsel received all of those materials in discovery months ago.

On July 4, 2025, Mr. Storm issued a subpoena for testimony from two separate employees of Chainalysis. Three days later, Mr. Storm issued the instant Subpoena, which requires production of: (1)"All documents regarding the operation of Tonado [sic] Cash relayer(s) by Chainalysis, used from March to August 2022;" and (2) "All documents and communications relating to the operation of Tonado [sic] Cash relayer(s) by Chainalysis." Chainalysis accepted service of the subpoena on July 9, 2025. On July 11, 2025, we communicated with Mr. Storm's counsel, objecting to the Subpoena and requesting that its return date be extended by two weeks, or, in the alternative, by one week. Defense counsel declined, extending the production deadline by only a matter of days. Since then, we have been in active communication with defense counsel. We have repeatedly expressed our concerns regarding this Subpoena's vast scope—including the fact that its requirements are largely duplicative of the government's prior legal process.

Nevertheless, the company's in-house lawyers have been working diligently, including over the weekend, to search for and gather responsive records that might exist beyond what was already produced to the government. They have done so despite the fact that the company's in-house legal team comprises of less than ten lawyers—only two of whom are knowledgeable about the records and sensitive matters at issue here. We have kept defense counsel apprised of these efforts. On July 21, 2025, Chainalysis made a production of documents consisting of more than 7,500 total pages.[2] Chainalysis has now provided to Mr. Storm all that it reasonably can be expected produce before the end of trial.

Nevertheless, Mr. Storm's counsel notified Chainalysis that he would be raising issues relating to the Subpoena with the court, and we subsequently notified counsel that Chainalysis intended to file this motion.

I.   **Applicable Law**

Federal Rule of Criminal Procedure 17(c) permits trial subpoenas *duces tecum* for evidentiary materials, provided compliance is not "unreasonable or oppressive." *United States* v. *Nixon*, 418 U.S. 683, 698 (1974) (quoting Fed. R. Crim. Pr. 17(c)). To withstand scrutiny, a subpoena *duces tecum* "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700; *see also United States* v. *Pena*, 2016 WL 8735699, at *1–2 (S.D.N.Y. Feb. 12, 2016). Thus, a Rule 17(c) subpoena must be carefully targeted to obtain specific, admissible evidence and may not serve as a broad vehicle for general discovery. *Nixon*, 418 U.S. at 699–700; *United States* v. *Barnes*, 2008 WL

---

[2]   The production included redactions of employee names and certain other information due to security and proprietary concerns. We have offered to discuss and enter a protective order with defense counsel.

9359654, at *2 (S.D.N.Y. Apr. 2, 2008). Trial subpoenas must "reasonably specify the information contained or believed to be contained in the documents sought," rather than expressing a speculative "hope that something useful will turn up." *Barnes*, 2008 WL 9359654, at *4 (quotation omitted); *see, e.g.*, *United States* v. *Tagliaferro*, 2021 WL 980004, at *2–3 (S.D.N.Y. Mar. 16, 2021); *United States* v. *Bergstein*, 2018 WL 9539846, at *3 (S.D.N.Y. Jan. 24, 2018); *United States* v. *Skelos*, 2018 WL 2254538, at *3–4 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021). Subpoenas seeking "'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States* v. *Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. July 18, 2013).

Moreover, a trial subpoena should be quashed when it imposes oppressive timing on the receiving party. *See United States* v. *Stoker*, 522 F.2d 576, 579 (10th Cir. 1975) ("The timeliness of the request and the possible delay of the trial are factors to be considered by a trial court in considering a Rule 17(b) motion."). Federal courts also routinely quash Rule 17(c) subpoenas seeking duplicative materials already provided in discovery, finding such requests unreasonable and oppressive. *United States* v. *RW Professional Leasing Services Corp.*, 228 F.R.D. 158, 162–63 (E.D.N.Y. 2005) (finding it "unreasonable to burden [the subpoenaed party] to re-produce documents that were already given" to the defendant because the request was improperly duplicative). *See also United States* v. *Blumberg*, 2017 WL 4790382, at *3 (D.N.J. Oct. 20, 2017).

II.  **Argument**

    A.  **Defendant's Subpoena is Unduly Burdensome, Duplicative, and Lacks Required Specificity**

The Subpoena suffers from precisely the same flaws as those in the above-cited cases. Its first numbered request seeks "all documents" related to a relayer node that Chainalysis operated for a period in 2022. Its second request demands, even more broadly, "all documents *and communications*" related to *any* relayer operated by Chainalysis on the Tornado Cash platform. (emphasis added). The Subpoena thus plainly fails Rule 17(c)'s requirements because it does not "reasonably specify the information contained or believed to be contained in the documents sought[.]" *Mendinueta-Ibarro*, 956 F. Supp. 2d at 513 (quotation omitted); *see United States* v. *Maxwell*, 2021 WL 1625392, at *2 (S.D.N.Y. Apr. 27, 2021) (quashing portions of subpoena because "[t]he use of the terms 'all' and 'any' 'do not evince specificity'"); *United States* v. *Joseph*, 2023 WL 8006613, at *2 (S.D.N.Y. Nov. 17, 2023) (quashing subpoena requesting "HR Records" of multiple employees without specifying particular documents). Indeed, the Subpoena fails to identify specific custodians, provide a time period, or delineate any discrete categories of responsive records. In other words, it is precisely the kind of fishing expedition courts have prohibited as attempts "to obtain discovery based only on the hope that something useful will turn up." *United States* v. *Donziger*, 2021 WL 1865376, at *7 (S.D.N.Y. May 10, 2021) (citation omitted).

### B. Defendant's Subpoena is Not Timely

The Subpoena is also impermissibly burdensome for the independent reason that it demands the production of documents within an unreasonable—indeed impossible—timeframe. *See United States* v. *White*, 342 F. Supp. 2d 495, 496–97, 499 (E.D. Va. 2004) (requiring narrowing of a subpoena served with a nine-day production deadline); *United States* v. *Watchmakers of Switzerland Information Center, Inc.*, 27 F.R.D. 513, 515–16 (S.D.N.Y. 1961) (quashing subpoena issued in the middle of trial because compliance "would take several months" and "the time and labor involved must be taken into consideration"). Mr. Storm's counsel has had the records produced by Chainalysis in discovery *for months*. And yet, counsel waited until the eve of trial to issue this sweeping demand. *United States* v. *Vernon*, 2012 WL 345361, at *6 (S.D. Ala. Feb. 1, 2012) (quashing subpoena served on the U.S. Department of State just six days before trial, noting that the serving party's "failure to make an earlier 'demand' . . . made a finding of burdensomeness [] unassailable").

The burdens of compliance with the Subpoena are patently unreasonable because they require the company to search, re-search, and review thousands of records on a virtually unlimited topic in less than a few weeks. This process has required, and would continue to require, an onerous review for attorney-client privilege, trade secrets, and other confidential proprietary information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (providing that courts may quash or modify a subpoena that requires disclosure of "a trade secret or other confidential research, development, or commercial information," absent a showing of substantial need that cannot otherwise be met);[3] *see also ABC Rug & Carpet Cleaning Servs. Inc.* v. *ABC Rug Cleaners, Inc.*, 2009 WL 105503, at *2–3 (S.D.N.Y. Jan. 14, 2009); *Refco Grp. Ltd. LLC* v. *Cantor Fitzgerald L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014); *Cohen* v. *City of New York*, 255 F.R.D. 110, 117–20 (S.D.N.Y. 2008).[4] That is because the Subpoena implicates certain sensitive means and methods by which the company collects and analyzes data in providing services to its customers. Even if some of the requested documents do not implicate such sensitivities, the company is entitled to conduct a careful review, which cannot be done in a matter of days. *See, e.g.*, *Solow* v. *Conseco, Inc.*, 2008 WL 190340, at *4–5 (quashing subpoena for "proprietary" financing terms that were "not publicly available," noting the non-party's confidentiality interest is "particularly heightened . . . where the information is sought by a competitor"); *Grand River Enters. Six Nations, Ltd.* v. *King*, 2009 WL 222160, at *3–4 (S.D.N.Y. Jan. 30, 2009) (affirming order withholding tobacco company's internal strategic plans because it would

---

[3] Although these cases arise from the civil (not criminal) context, federal courts routinely apply Rule 45 jurisprudence when addressing Rule 17 subpoenas, using the civil rule as persuasive authority to fill gaps left by Rule 17(c). *See., e.g., In re Grand Jury Subpoena*, 274 F.3d 563, 575 (1st Cir. 2001); *In re Grand Jury Proceedings*, 601 F.2d 162, 168 (5th Cir. 1979).

[4] Importantly, courts afford heightened protections to non-parties subject to discovery requests, instructing that "special weight" must be given to the burdens imposed on non-litigants drawn unwillingly into disputes of others. *See, e.g.*, *Grand River Enters. Six Nations, Ltd.* v. *King*, 2009 WL 222160, at *2–5 (S.D.N.Y. Jan. 30, 2009) (affirming denial of discovery from non-party because risk of competitive harm outweighed relevance of requested documents, despite protective order).

provide insight that competitors could not unlearn); *see also Zenith Radio Corp.* v. *Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 891–892 (E.D. Pa. 1981) (recognizing that disclosure should be restricted because even "old business data may be extrapolated and interpreted" by competitors to "reveal a business' current strategy, strengths, and weaknesses.")

Accordingly, the Court should deny any motion to compel further productions and quash the subpoena to the extent it would require them. As noted above, we would be happy to appear before the court if helpful.

Respectfully submitted,

Sharon Cohen Levin

Andrew J. DeFilippis

cc:     All counsel of record (via ECF)

(Enclosure)

The Court has reviewed this letter motion to quash, which was sent via email to the Chambers inbox. The parties are hereby ORDERED to appear for oral argument on this motion on **July 24, 2025, at 4:00 p.m.,** in Courtroom 618 of the Thurgood Marshall United States Courthouse, New York, New York 10007.

The Clerk of Court is directed to add Chainalysis Inc. to the docket in this action as a non-party movant, and to add Mr. DeFilippis as counsel for Chainalysis Inc. (*See* Dkt. #210 (Notice of Appearance)).

Dated:  July 22, 2025              SO ORDERED.
        New York, New York

                                   *Katherine Polk Failla*

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT A

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Roman Storm | ) Case No.  23-CR-430 (KPF) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To:   Chainalysis Custodian of Records
c/o Andrew J. DeFilippis
Sullivan & Cromwell LLP
125 Broad Street, New York, NY 10004

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom 618, Judge Failla<br>Thurgood Marshall Courthouse<br>40 Foley Square, New York, NY 10007 | Courtroom No.: | 618 |
| --- | --- | --- | --- |
| | | Date and Time: | 07/14/2025 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

1. All documents regarding the operation of Tonado Cash relayer(s) by Chainalysis, used from March to August 2022, as discussed in a telephonic interview with the FBI on March 27, 2023.
2. All documents and communications relating to the operation of Tonado Cash relayer(s) by Chainalysis.

*CLERK OF COURT*

Date:  07/07/2025

*Tammi M. Hellwig*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Roman Storm , who requests this subpoena, are:

David Patton, Hecker Fink LLP, 350 Fifth Avenue, 63rd Floor, New York, NY 10118; email: dpatton@heckerfink.com; and Brian E. Klein, Kevin M. Casey, and Emily R. Stierwalt, Waymaker LLP, 515 S. Flower St., Suite 3500, Los Angeles, CA, 90071; emails: bklein@waymakerlaw.com, kcasey@waymakerlaw.com, and estierwalt@waymakerlaw.com

Please confirm receipt by email.

Case No.   23-CR-430 (KPF)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: