

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

August 3, 2025

**Keri Curtis Axel**
Direct (213) 314-5284
kaxel@waymakerlaw.com

<u>Via ECF</u>

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



**Re:    United States v. Storm, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, defendant Roman Storm, we write concerning the jury's request on Thursday for certain transcripts of the testimony of certain witnesses. We have reached an impasse with the government on the content of such transcripts. The issue presented is, for questions that drew an objection that the Court sustained, whether the question and the objection should be redacted from the transcripts. The defense believes they should not be so redacted, and the testimony the jury receives should be exactly how the jury heard it at trial, other than any portions of testimony that were stricken. The defense also requests that the Court give a cautionary instruction to remind the jury that their memory of the testimony, not the transcript, should control. Finally, the government has over-redacted Mr. Werlau's testimony and removed an admission that he did not conceive of his gas ratio concept. That testimony should be included.

We submit that the redactions of sidebars (rather than objections) is consistent with this Court's instructions, which we understood to direct only the redaction of "side bar stuff." *See* 7/31/25 Tr. 2546:14 ("THE COURT: OK. Will you just be redacting the side bar stuff?"). Further, the defense has identified no legal support for removing passages from transcripts other than what was stricken by the Court or occurred at sidebar. By contrast, the case law appears to reflect only redaction of sidebars, conferences, and matters that otherwise occurred outside the jury's presence. *See, e.g., United States v. Rodgers*, 109 F.3d 1138, 1143 (6th Cir. 1997) ("transcription of side bar conferences, and any other matters not meant for jury consumption, must be redacted"); *United States v. Wilson*, 160 F.3d 732, 748 (D.C. Cir. 1998) (finding no error where the district court permitted the jury to view "redacted transcripts of the witnesses' testimony (deleting the bench conferences)").[1]

---

[1] The defense agrees that portions of testimony that were ordered stricken by the Court should be redacted.

Hon. Katherine Polk Failla<br>
August 3, 2025<br>
Page 2 of 3

Furthermore, over-redacting transcripts presents various legal risks and could prejudice Mr. Storm. The case law is clear that providing transcripts (or even read backs) to juries during deliberations presents various risks: the risk of undue influence on particular testimony or portions of testimony; the risks of taking testimony out of context; and the risk of interfering with the juror's own memories of testimony (which control), including their assessments of credibility. *See, e.g., United States v. Criollo*, 962 F.2d 241, 243 (2d Cir. 1992) ("Our decisions have emphasized that a court's response to a jury request for a readback should balance the jurors' need to review the evidence before reaching their verdict against the difficulty involved in locating the testimony to be read back, the possibility of undue emphasis on a particular portion of testimony read out of context, and the possibility of undue delay in the trial."); *United States v. Rodgers*, 109 F.3d 1138, 1143 (6th Cir. 1997) (identifying "two inherent dangers" in allowing a jury to read witness transcripts during deliberations, including according "undue emphasis" to the testimony or apprehending the testimony "out of context").

For that reason, when providing juries with transcripts of testimony, courts have encouraged providing cautionary instructions to the jury to address these risks. *See United States v. Escotto*, 121 F.3d 81, 85 (2d Cir. 1997) ("We note, however, that when a trial court decides to provide written transcripts, a cautionary instruction is advisable."); *see also United States v. Lujan*, 936 F.2d 406, 412 (9th Cir. 1991) (cited in *Escotto*) (finding no error where district court's "instruction cautioned the jury that the transcript would not serve as a substitute for their memory or assessment of witness credibility"). In *Lujan*, the "jury was admonished to weigh all the evidence and not to use the transcript to focus on any portion of the trial," and "the trial court instructed the jury the transcript was not authoritative and the juror's memory should prevail." *Id.* As these instructions emphasize, it is critical that the jurors' memories prevail and the transcripts are not a substitute for such memories.

The defense submits that the transcripts therefore should reflect exactly what the jury heard, including the objections, so as not to affect memory or credibility determinations. Such context includes the objections that were made around the questions, which affected the questions the witnesses were permitted to answer. This is important so that the jurors' own memories of the testimony are not altered or changed by the transcripts. This could happen, for example, if they remember a portion of the testimony where they found a witness credible (or not credible) immediately before or after a question that drew an objection. Simply put, the objection may jog or anchor a memory, and therefore the transcript should be as close to what was heard in Court as possible. By contrast, the omission of a portion of the testimony that the jury recalls (even an objection being sustained), may disorient a juror, causing testimony to be interpreted differently than it was in court, which would be error.

Any concern regarding prejudice toward the objecting party is addressed by the Court's instruction, which states: "You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate."

Hon. Katherine Polk Failla
August 3, 2025
Page 3 of 3

There could be prejudice to a party, however, presented by not including a question to which an objection was posed. Juries have their own views of what questions should have been asked, and if a juror believes a certain question should have been asked (when it was in fact asked), but is stricken, the jury may (erroneously) hold that against the party whom it believes failed to ask the question, rather than simply interpreting the exclusion as done according to Court instructions. There is no instruction that minimizes the risk of this prejudice.

Finally, the government has redacted a portion of Mr. Werlau's testimony where, in response to a question regarding the origin of the gas ratio methodology, he stated that Marshall Yale or BlockTrace "received this from another case against one of the founders. It was used in another—." 7/23/25 Tr. 1217. We agree that this portion of testimony should be stricken, as the Court ordered, but the government has also stricken the initial part of the answer, where Mr. Werlau admits that he did not conceive of the idea of the gas ratio methodology and acknowledges "[i]t wasn't me." *See id*. at 1216-17. The government has also stricken the subsequent dialogue between the Court and Mr. Klein prior to posing the next question. These redactions illustrate that large gaps in the testimony may simply confuse the jury and cause them to doubt their memories or misremember the flow of testimony as they heard it. Such redactions should be minimized to any portions stricken and to the Court's order striking such portions.

We are including in our email to the Court versions of the transcripts we believe are appropriately redacted consistent with the legal authorities above.

Respectfully submitted,

*Keri Curtis Axel*

Keri Curtis Axel
Brian E. Klein
Becky S. James
Kevin M. Casey
Viviana Andazola Marquez
Waymaker LLP

-and-

David E. Patton
Christopher Morel
Hecker Fink LLP

*Attorneys for Roman Storm*

The Court has reviewed the Government's proposed redacted witness testimony transcripts, and email application in support thereof, as well as the defense's proposed redacted witness testimony transcripts, and application in support thereof (Dkt. #222).

The parties agree that witness testimony in response to a sustained objection should be redacted. It follows that the question giving rise to the objection, and the objection, should be redacted, too. Any risk of undue emphasis on any portion of the testimony is low because the jury has requested lengthy sections of testimony. *Cf. United States* v. *Escotto*, 121 F.3d 81, 84-85 (2d Cir. 1997). In accordance with *Escotto*, when the Court delivers the redacted transcripts to the jury, the Court will instruct the jury that they are reminded to consider all the evidence without unduly emphasizing any portion of it, and that it is their recollection of the evidence at trial that governs. *See id.* at 85. Contrary to the defense's contention, any risk of prejudice to the defense is low because the jury will be so instructed, and because the witness testimony in response to a sustained objection will be redacted (as the defense agrees). There will already be gaps in the transcript; questions giving rise to sustained objections and sustained objections themselves will not provide necessary context but possibly confuse the jury.

As for the issue regarding a portion of Mr. Werlau's testimony, the response "It wasn't me" (7/23/2025 Tr. 1217:4) should not be redacted because the sustained objection had to do with another issue, namely, the mention of "another case against one of the founders" (*id.* at 1217:5).

Accordingly, the Court adopts the Government's proposed witness testimony redactions, with the exception of Mr. Werlau's above-described testimony.

Dated:   August 3, 2025          SO ORDERED.
         New York, New York

                                 *[signature: Katherine Polk Failla]*

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE