

Brian E. Klein
T: +1 213 561 3250
bklein@cooley.com

April 2, 2026

*Via ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. Storm*, 23 Cr. 430 (KPF)

Dear Judge Failla:

On behalf of our client, Roman Storm, we write to provide the Court with supplemental authority in support of Mr. Storm's pending Rule 29 motion. *See* Motion (Dkt. 230), Reply (Dkt. 242). On March 25, 2026, the Supreme Court issued its decision in *Cox Commc'ns, Inc. v. Sony Music Ent.,* No. 24-171 (U.S. Mar. 25, 2026). The defense previously cited the government's statement, in its brief as amicus curiae to the Supreme Court in *Cox*, that a defendant's "knowledge that a particular buyer plans to misuse a product with substantial legitimate uses, without more, does not support an inference of the seller's culpable intent" because "the continued provision of services at most shows [the defendant's] 'indifference' to infringement" and "does not show that [defendant] culpably intended to participate in infringement." Reply at 23 (quoting Br. for the United States as Amicus Curiae, *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171 at 23 (Sept. 5, 2025)). In *Cox*, the Supreme Court agreed with the government's position concerning evidence of intent, stating that it "has repeatedly made clear that mere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe." No. 24-171, slip op. at 8; *see also* Reply at 23. The *Cox* opinion is attached as Exhibit A.

Respectfully submitted,

Brian Klein
Cooley LLP

Keri Curtis Axel
Waymaker LLP

David Patton
Hecker Fink LLP

*Attorneys for Roman Storm*