

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

April 30, 2026

**Keri Curtis Axel**
Direct (213) 314-5284
kaxel@waymakerlaw.com

*Via ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   *United States v. Storm*, **23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, Roman Storm, we respectfully write to provide a brief response to the government's April 20, 2026 letter addressing the Technology Facts Appendix ("TFA") attached to Mr. Storm's Rule 29 reply brief. (*See* Dkt. 286 ("Gov't Ltr.").) The government claims that the TFA is an attempt to "re-litigate factual matters" and "draw disputed inferences."[1] (*Id.* at 1.) It is neither. Rather than dispute the cited facts, the government urges this Court to disregard the TFA on the basis that the facts are legally irrelevant or that other facts are more significant. But the facts underlying the seven TFA points are drawn from the trial record and were adopted by both government and defense witnesses. There is no dispute about them.

- **TFA 1 - Tornado Cash Is Noncustodial:** The government claims whether there was custody is "legally irrelevant," but it does not dispute the lack of custody. (*See id.* at 2 n.1.) Therefore, this is not in dispute.

- **TFA 2 - Tornado Cash Is Permissionless:** The government argues that "in practice" all transactions "needed" to pass through the router smart contract "to remain anonymous." (*Id.*) But this does not contravene the fact that Tornado Cash was a permissionless protocol.  Again, undisputed.

- **TFA 3 - The Oracle Blocked Sanctioned Wallets:** The government argues the Oracle did not prevent *all* sanctions-violative transactions. (*Id.*) But that misses the point. The Oracle did block transactions from sanctioned wallets, which the government does not dispute.

- **TFA 4 - New Wallet Addresses Could Be Created Quickly and Easily:** The government argues that this fact is irrelevant because it "never suggested the defendant

---

[1] The government also contends that "all inferences [are to be] drawn in the [g]overnment's favor." (*Id.* at 1.) But the actual standard, as this Court knows, is all *reasonable* inferences.

could have or should have implemented 'real-time' tracing," but it does not dispute the fact.  (*See id.*)

- **TFA 5 - Relayers Were Third Parties:** The government characterizes relayers as "part of an integrated set of features that made up Tornado Cash," but it does not dispute that relayers were third parties who set and collected their own fees, which were not shared with the Peppersec founders, and that relayers were optional. (*See id.*) Again, undisputed.

- **TFA 6 - The UI Did Not Write Blockchain Transactions:** The government cites to its Rule 29 opposition brief, but the brief actually acknowledges: (1) the UI did not write deposit transactions to the blockchain; and (2) the relayer, and *not* the UI, "communicated [the instructions] to the blockchain" for withdrawal transactions. (*See id.*; Dkt. 241 at 65.) Thus, there is no dispute.

- **TFA 7 – Philip Werlau's Proposed User Registry Did Not Provide Privacy:** The government contends that TFA 7's point that Philip Werlau's user registry proposal destroys privacy is a defense argument rather than an undisputed fact. (*Id.* at 2.) But there is no argument: Mr. Werlau's user registry would have had Peppersec's UI collect users' personal information, thus stripping users of their privacy by requiring them to disclose that identifying information to a centralized location maintained by a third party. To say that the user registry can exist but privacy still be preserved, as the government claims as the basis for its dispute of TFA 7, is sophistry, not a factual dispute.

In sum, the government's letter focuses on the relevance or significance of the facts in the TFA, but it does not undermine their undisputed nature. This Court can and should rely on the TFA.

Sincerely,

Keri Curtis Axel
Waymaker LLP

*Attorney for Defendant Roman Storm*