

Brian E. Klein
T: +1 213 561 3250
bklein@cooley.com

June 15, 2026

*Via ECF*

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    *United States v. Storm*, 23 Cr. 430 (KPF)**

Dear Judge Failla:

On behalf of our client, Roman Storm, we write to provide the Court with supplemental authority in support of Mr. Storm's pending Rule 29 motion, which the Court addressed at the April 9, 2026 oral argument. *See* Motion (Dkt. 230), Reply (Dkt. 242). On June 11, 2026, the Supreme Court unanimously decided *Abouammo v. United States*, No. 25-5146 (U.S. June 11, 2026), overturning the district court and Ninth Circuit and holding that a defendant's constitutional venue right is determined by the location of "the conduct constituting the offense." Slip op. at 4 (quoting *United States* v. *Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)). Although the Supreme Court distinguished the charge there (18 U.S.C. § 1519) from inchoate offenses such as the conspiracy charge here, it nonetheless clarified that neither a statute's *mens rea* elements nor the "contemplated effects" of the defendant's conduct in another district may supply venue there. *Id.* at 6. In so holding, the Supreme Court emphasized the importance of venue, how it "mattered more than might be supposed to the Nation's Founders," and recounted how the Constitution "not once but 'twice safeguards the defendant's venue right.'" *Id.* at 3–4 (quoting *United States* v. *Cabrales*, 524 U.S. 1, 6 (1998)). The *Abouammo* opinion is attached as Exhibit A.

Respectfully submitted,

Brian Klein
Cooley LLP

Keri Curtis Axel
Waymaker LLP

David Patton
Hecker Fink LLP

*Attorneys for Roman Storm*