

Brian Klein
T: +1 213 720 2286
bklein@cooley.com

*By ECF*



August 3, 2026

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     <u>United States v. Roman Storm - 23 Cr. 430 (KPF)</u>

Dear Judge Failla:

We write on behalf of our client Roman Storm to raise three matters.

*First*, Mr. Storm respectfully requests a continuance of the October 26, 2026 retrial. The defense previously informed this Court that it needed 90 days to prepare after this Court rules on Mr. Storm's Rule 29 motion, assuming the motion is not granted in its entirety. (*See* Dkt. 287.) As explained in our earlier letter to this Court, the defense believes that 90 days is the minimum amount of time necessary to comply with the pretrial motions and disclosure schedule, prepare for retrial, and incorporate this Court's Rule 29 decision into those preparations. *Id.* Since the Rule 29 motion remains pending and the current trial date is October 26, Mr. Storm respectfully requests an adjournment of the retrial date.

The defense has conferred with the government about its position on an adjournment and available dates. The government opposes an adjournment. Although the defense is available for retrial on December 1, 2026 (assuming this Court rules on the Rule 29 motion by September 1), the government let the defense know that it is unavailable in December. As for early 2027 dates, because one of the lead attorneys for Mr. Storm has a civil bench trial in Los Angeles County Superior Court from January 25-29, 2027, and another lead attorney has a criminal trial in this District starting on February 16, 2027 that is expected to last approximately one month, the defense is not available until April 6, 2027 or later. The government also let the defense know that it is not available in April 2027 until April 26. Therefore, the defense respectfully requests a retrial date of April 26, 2027 or whatever date after April 26 is convenient for this Court (assuming those dates fall outside of 90 days of this Court's ruling).

*Second*, we write in response to this Court granting the government's letter request regarding pretrial deadlines and to respectfully renew Mr. Storm's objection to the compelled pretrial disclosure of his defense experts under Federal Rule of Criminal Procedure 16. (*See* Dkt. 296.) In its order, this Court noted that it stood "by its prior decision on the defense's pretrial expert disclosures[.]" (*Id.* at 2.) To make sure the record is clear, the defense briefly raises the following arguments against having to make such pretrial expert disclosures. Specifically, because the defense has not requested, and will not request, expert disclosures from the government, the plain language of Rule 16 makes it clear that the defense's reciprocal disclosure obligation under the rule has not been triggered. *See* Fed. R. Crim. P. 16(b)(1)(C). The defense

# Cooley

Hon. Katherine Polk Failla
August 3, 2026
Page Two

incorporates by reference and renews all arguments made in its prior motion practice and oral argument, which can be found at the following docket citations:

- Opposition to Motion to Compel Pretrial Disclosure, Dkt. 82
- Request for Stay of Pretrial Expert Disclosures, Dkt. 87
- Transcript of October 10, 2024 re: Request for Stay of Pretrial Expert Disclosures, Dkt. 88
- Motion to Make Expert Witness Disclosures Ex Parte and In Camera, Dkt. 111
- Transcript of December 9, 2024 Arraignment re: Superseding Indictment, Dkt. 118

The defense reiterates that it would agree to the scheduling of pretrial dates such as the schedule in this Court's current order, but only if (1) this Court orders expert disclosures over Mr. Storm's objection and (2) this Court's decision on Mr. Storm's pending Rule 29 motion is issued at least 90 days before the start of trial. (*See* Dkt. 287.)

*Third*, because the Rule 29 motion is pending but the retrial is scheduled, the defense renews Mr. Storm's motion to dismiss for improper venue in this District pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i). It appears the government intends to proceed on the same bases for venue at the retrial as it did at the first trial. Accordingly, the defense renews its objections to venue incorporating by reference all its previous arguments and bases and preserves those objections for the record, which can be found at the following:

- Transcript of July 11, 2025 Remote Conference
- Minute Entry for Proceedings held on July 11, 2025
- Transcript of July 24, 2026 Oral Argument re: Rule 29 Motion, Dkt. 259
- Memorandum in Support of Rule 29 Motion, Dkt. 230
- Reply in Support of Rule 29 Motion, Dkt. 242
- Transcript of April 9, 2026 Oral Argument re: Rule 29 Motion, Dkt. 290

Respectfully submitted,

Brian Klein
Cooley LLP

Keri Curtis Axel
Waymaker LLP

David Patton
Hecker Fink LLP

*Attorneys for Roman Storm*

The Court has reviewed the three issues Mr. Storm raises in his above letter.  (*See* Dkt. #298).

*First*, the Court will consider Mr. Storm's motion to adjourn the retrial date after it issues its decision on his post-trial motions.  For now, the Court ADJOURNS *sine die* the Government's August 7, 2026 deadline to submit its new or amended expert disclosures.  (*See* Dkt. #296).

*Second*, Mr. Storm's renewed objection to his own expert disclosures is DENIED for the same reasons the Court has previously provided.

*Third*, the Court will resolve Mr. Storm's improper venue arguments in its resolution of his post-trial motions.

Dated:    August 4, 2026          SO ORDERED.
          New York, New York


HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE