**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jakob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

August 27, 2026

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Roman Storm*, S1 23 Cr. 430 (KPF)**

Dear Judge Failla:

On August 25, 2026, the Court adjourned retrial in this matter to April 26, 2027 and excluded time, under 18 U.S.C. § 3161(h)(7), to allow the Court to consider the defendant's pending post-trial motions and allow the parties sufficient time to prepare for retrial. Dkt. No. 300. Previously, on April 24, 2026, the Court set a retrial date of October 26, 2026 based on those same considerations and with the consent of the defendant, Dkt. No. 288. In reviewing the record, it has come to the Government's attention that the Court did not explicitly order exclusion of time in its April 24 order.[1] The Government accordingly respectfully requests that the Court issue an order clarifying that the Court excluded time between April 24, 2026 and October 26, 2026 under Section 3161(h)(7) for the same reasons set forth in its recent August 25 order—namely, to allow the Court to consider the defendant's post-trial motions and allow the parties sufficient time to prepare for retrial.

While the Court did not explicitly refer to Section 3161(h)(7) when setting the October 26 retrial date, the Court's basis for excluding time was clear in the record. At that time, the Court had recently heard oral argument regarding the defendant's fully briefed post-trial motions and the Court set the October retrial date, at least in part, in consideration of the defense counsel's representations regarding the time needed to properly prepare for retrial following the eventual issuance of the Court's opinion and order on those motions. Formalistic "magic words" explicitly referencing the ends of justice are not necessary to exclude time. *United States v. Hoskins*, 44 F.4th 140, 152 (2d Cir. 2022) ("Although the [Speedy Trial Act] is clear that the findings must be made, if only in the judge's mind,

[1] Prior to that, time had been expressly excluded until April 24, 2026, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7) due to the Court's orders excluding time, the defendant's pending motions, and the Court's request for supplemental briefing regarding those motions. Dkt. Nos. 227, 238, 278; *Henderson v. United States*, 476 U.S. 321, 331 (1986).

before granting the continuance ..., the [Speedy Trial Act] is ambiguous on precisely when those findings must be set forth, in the record of the case….[T]ime may be properly excluded pursuant to an ends-of-justice finding even if the court fails to utter the magic words 'ends-of-justice' at the time of ordering the continuance where it is clear that the court considered the underlying factors and concerns.") (internal quotation marks omitted). And as the Second Circuit has explained, the Court may issue a retrospective order making the basis for excluding time explicit where, as here, the record reflects that "the court implicitly made an ends-of-justice finding" already. *Hoskins*, 44 F. 4th at 154.

Accordingly, to clarify the record, the Government respectfully requests that the Court issue an order placing its findings on the record that the ends of justice served by the continuance outweighed the interests of the public and the defendant in an earlier date pursuant to Section 3161(h)(7), including to allow the Court time to consider all the parties' arguments concerning the defendant's post-trial motions and to allow the parties sufficient time to prepare for retrial in light of the Court's ruling. *See*, *e.g.*, Dkt. No. 288 (adjourning retrial to October 26, 2026 in light of the defendant's "pending motion for judgment of acquittal" and after considering the defendant's request for at least 90 days following the Court's decision to prepare for retrial); Transcript of April 9, 2026 Hearing, Dkt. No. 290, at 104:14 (remarking, prior to adjourning the proceedings, that the Court "will be taking everything that you've said today very seriously").

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________________
Ben Arad
Christopher D. Brumwell
Thane Rehn
Assistant United States Attorneys
(212) 637-6521/ -2477/ -2354

Kevin Mosley
Special Assistant United States Attorney

cc: Defense counsel of record