Cooley

Brian Klein
T: +1 213 720 2286
bklein@cooley.com

***By ECF***

September 4, 2026

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Roman Storm*, 23 Cr. 430 (KPF)**

Dear Judge Failla:

We write on behalf of Roman Storm in opposition to the government's August 27, 2026 letter motion, which seeks an order stating that time between April 24, 2026 and October 26, 2026 was excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). (Dkt. 301.) Although styled as a request to "clarify" the record, the government's letter asks this Court to do something the Act and the law do not permit: to retroactively enter, for the first time and four months after the fact, ends-of-justice findings that the contemporaneous record does not reflect. This Court should deny the government's request, and because more than 70 non-excludable days have now elapsed on Mr. Storm's Speedy Trial Act clock, this Court should dismiss Counts One and Three with prejudice pursuant to 18 U.S.C. § 3162(a)(2).

## I. Background

On August 6, 2025, the jury returned a guilty verdict as to Count Two and hung on Counts One and Three. (Dkt. 224.) This marked the start of Mr. Storm's retrial clock for Counts One and Three. *See* 18 U.S.C. § 3161(e).

On August 11, 2025, the parties jointly advised this Court that Mr. Storm intended to file post-trial motions, and this Court then entered a series of orders excluding time under Section 3161(h)(7) through January 22, 2026, and then through April 9, 2026, the date set for oral argument on Mr. Storm's motion for a judgment of acquittal.[1] On April 9, 2026, this Court heard argument on the motion, which remains pending.

[1] On August 11, 2025, this Court found "that the ends of justice would be served by excluding time from now until December 18, 2025, and that allowing the defense time to consider and prepare post-trial motions would outweigh the interests of the public and the defendant in a speedy retrial." (Dkt. 227.) On October 29, 2025, this Court found "that the ends of justice would be served by excluding time from now until January 22, 2026, and that this would outweigh the interests of the public and the defendant in a speedy retrial." (Dkt. 238.) On January 5, 2026, this Court found "that the ends of justice would be served by excluding time under the Speedy Trial Act from January 22, 2026, until April 9, 2026, and that this would outweigh the interests of the public and the defendant in a speedy retrial, because it will give the parties and the Court additional time to consider Mr. Storm's post-trial motions." (Dkt. 278.)

Cooley



On April 24, 2026, this Court set a retrial date for October 26, 2026. (Dkt. 288.) That order made no reference to Section 3161(h)(7), made no ends-of-justice finding, and did not otherwise purport to exclude time under the Speedy Trial Act.

In connection with this Court setting the October 26, 2026 retrial date, the government never raised the Speedy Trial Act or the ends-of-justice factors under Section 3161(h)(7)(B), either in writing or orally: not in its March 9, 2026 letter requesting a retrial date, not at the April 9, 2026 hearing, not in its April 21, 2026 letter reporting the parties' agreed availability, and not in its June 15, 2026 letter regarding pretrial deadlines. (*See* Dkt. 281; Dkt. 290, Transcript of April 9, 2026 Hearing ("Tr.") at 101:6-104:16; Dkt. 287; Dkt. 294.) The single line the government quotes from that hearing—this Court's statement that it would take "everything that you've said today very seriously"—was this Court's response to defense counsel's stated hope that there would be no retrial at all, not this Court's weighing of speedy-trial considerations. (Dkt. 301 at 2 (quoting Tr. at 104:14).)

On August 25, 2026, this Court adjourned the retrial from October 26, 2026 to April 26, 2027 and explicitly excluded time under Section 3161(h)(7), stating that it "finds that the ends of justice would be served by excluding time under the Speedy Trial Act through April 26, 2027, and that this would outweigh the interests of the public and the defendant in a speedy retrial, because it will give the parties and th[is] Court additional time to consider Mr. Storm's post-trial motions and to prepare for retrial." (Dkt. 300.) When this Court entered its order, more than 70 days of non-excludable time had elapsed since the last excludable period of January 22, 2026, until April 9, 2026.

## II. ARGUMENT

The government's request should be denied because the law forecloses retroactive Speedy Trial Act findings, and since more than 70 days of non-excludable time have elapsed, Counts One and Three should be dismissed with prejudice.

### A. The Contemporaneous Record and the Law Do Not Support the Retroactive Findings the Government Seeks

The Speedy Trial Act requires a retrial after a mistrial to start within 70 days, unless an exclusion applies. 18 U.S.C. § 3161(e). Among the exclusions is any delay from a continuance the court grants after finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," with its reasons stated "in the record of the case, either orally or in writing." 18 U.S.C. § 3161(h)(7)(A); *see also Zedner v. United States*, 547 U.S. 489, 506-07 (2006).

In the Second Circuit, an ends-of-justice finding may be entered after the continuance is granted, but only if it is clear from the record that the court conducted the mandatory balancing contemporaneously when granting the continuance. *See United States v. Hoskins*, 44 F.4th 140, 152, 154 (2d Cir. 2022) (noting the Second Circuit "disfavor[s] this practice and prefer[s] 'contemporaneous finding[s] on the record'") (quoting *United States v. Breen*, 243 F.3d 591, 596-97 (2d Cir. 2001)). Where the contemporaneous record is instead devoid of any reference to speedy-trial concerns, a *nunc pro tunc* finding is ineffective to exclude time. *See United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985); *United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995).

Applying that standard here, *Zedner*, *Breen*, *Tunnessen*, and *Kelly* foreclose the government's request, which is couched as "clarifying" the record but actually seeks post hoc findings from this Court. Nothing in the record reflects any reference to the Speedy Trial Act, the statutory factors, or any weighing of the

public's or Mr. Storm's speedy-trial interests when the Court issued the April 24, 2026 continuance. The government's own conduct and this Court's own practice in this case confirm as much.

First, the government overstates *Hoskins*'s endorsement of retroactive ends-of-justice findings, omitting both its limiting principles and the contrary authority in *Zedner*, *Breen*, *Tunnessen*, and *Kelly*. (Dkt. 301 at 2.) The Second Circuit has upheld the retroactive entry of an ends-of-justice finding on the record in only two fact-bound decisions, both distinguishable. In *Hoskins*, the retroactive finding rested on the judge's own "repeated references to the age of the case and attempts to press counsel into earlier trial dates" across two separate status conferences—substantive, on-the-record engagement with trial delay that the Second Circuit found sufficient to support an implicit finding "if only in the judge's mind." 44 F.4th at 154. In *Breen*, the colloquy showed the court and counsel "clearly focusing on the factors involved in applying the Speedy Trial Act," with defense counsel expressly citing the need for additional preparation time and co-defendant's counsel referring on the record to "exclusion of time"—enough for the continuance that followed to exclude time despite the absence of the "magic words." 243 F.3d at 596-97.

No comparable record exists here. The April 9, 2026 hearing contains no reference to the case's age, as in *Hoskins*; no discussion of the statutory factors, as in *Breen*; and no indication this Court was weighing the public's or Mr. Storm's speedy-trial interests against anything—only a comparison of calendar conflicts. Neither this Court nor either party used the phrase "exclusion of time," cited Section 3161, or referenced any statutory factor. (*See* Tr. 101:6–104:16.) The April 24, 2026 order confirms the same absence: it states only that "the Court has re-arranged its schedule for the fall of 2026 as much as practicable to accommodate a re-trial in this case," and that, "contingent upon this Court's ruling on Mr. Storm's pending motion for judgment of acquittal, trial will be set to begin on October 26, 2026." (Dkt. 288 at 2.)

Nor does the government's letter distinguish *Zedner*, *Tunnessen*, or *Kelly*. In *Tunnessen*, the Second Circuit held that a contemporaneous finding is required because it ensures the required balancing was done at the outset, puts the defense on notice that the clock has stopped, and forecloses post-hoc rationalization. 763 F.2d at 78. Applying that rule in *Kelly*, the Second Circuit held that a district court's *nunc pro tunc* "ends of justice" finding was ineffective to toll the clock where the record showed the continuance was granted only to accommodate the trial schedules of counsel and the court—the same circumstance present here. 45 F.3d at 47.

Second, the government's letter emphasizes that Mr. Storm "consented" to the October 26, 2026 retrial date, but that consent is legally immaterial to the question presented. (Dkt. 301 at 2.) Because "the public has as great an interest in a prompt criminal trial as has the defendant," the Speedy Trial Act "requires dismissal even where the parties have consented to adjournments other than those expressly allowed in the Act." *United States v. Pikus*, 39 F.4th 39, 52 (2d Cir. 2022) (citing *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995)); *see also Zedner*, 547 U.S. at 502-03 (a defendant cannot prospectively waive the Act's protections because they belong to the public as much as to the defendant). Mr. Storm's agreement to the October 26 date accordingly supplies no substitute for, and no excuse from, the on-the-record findings that Section 3161(h)(7)(A) requires.

Third, the government's own conduct confirms that the April 24, 2026 order reflected no ends-of-justice finding, implicit or otherwise. Unlike its 2025 letters, which expressly invoked Section 3161(h)(7) and asked this Court to make ends-of-justice findings, the government's March 9, April 21, and June 15, 2026 letters said nothing about the Speedy Trial Act despite each bearing directly on the retrial clock. (*Compare* Dkts. 226, 237, *with* Dkts. 281, 287, 294). And the government did not raise this issue at the April 9, 2026 hearing. (Tr. 101:6–104:16). It was only in preparing the August 25, 2026 order that the government apparently first noticed the gap, confirming that the contemporaneous record contains nothing to "clarify." (Dkt. 301 at 1 & n.1.) Mr. Storm had "no obligation to take affirmative steps to insure that [he will] be tried in a timely manner."

Cooley



*United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (citing *Tunnessen*, 763 F.2d at 79). Rather, it was the government who bore "the affirmative obligation of insuring the speedy prosecution of criminal charges." *Id*.

The absence of any reference to the Speedy Trial Act in the April 24, 2026 order is not an isolated ambiguity to be resolved in the government's favor. All prior orders excluding time during the same post-verdict period were accompanied by an on-the-record ends-of-justice finding, with a statutory reference and express reasons. *See supra* n.1. The April 24 order's silence reflects the government's lack of diligence in protecting the public's interest in compliance with the Act, not a considered and intentional, but unstated, exclusion.

For all these reasons, this Court should deny the government's request to make a retroactive Speedy Trial Act finding that would be ineffective to exclude time on this record.

**B. Counts One and Three Should Be Dismissed with Prejudice**

The only question left is whether dismissal should be with or without prejudice. This Court must weigh the facts and circumstances leading to dismissal, the prejudice to the defendant, the seriousness of the offense, and the impact of reprosecution on the administration of the Speedy Trial Act and of justice. *See* 18 U.S.C. § 3162(a)(2); *United States v. Taylor*, 487 U.S. 326, 333-34 (1988); *Bert*, 814 F.3d at 79. Each factor supports dismissal with prejudice.

The facts and circumstances leading to dismissal favor dismissal with prejudice because the violation here was caused by the government. "When a [Speedy Trial Act] violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice." *Id*. at 80 (quoting *United States v. Ramirez,* 973 F.2d 36, 39 (1st Cir. 1992)). A finding of bad faith is not required: a "truly neglectful attitude," or "something more than an isolated unwitting violation," suffices. *Taylor*, 487 U.S. at 338-39. The government's sustained, months-long departure from its earlier practice of invoking the Act—across three separate 2026 submissions and a hearing—reflects exactly that kind of pattern, not an isolated oversight.

The prejudice factor also supports dismissal with prejudice here. As the Supreme Court has recognized, non-trial prejudice "may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Taylor*, 487 U.S. at 340-41. Mr. Storm has already borne the immense stress, expense, and disruption of one lengthy criminal trial; forcing him to bear that burden a second time, on charges the government could have kept alive with a timely finding, is precisely the kind of non-trial prejudice the sheer length and history of these proceedings support. *See Bert*, 814 F.3d at 82.

While the underlying charges are serious, seriousness is not itself dispositive: the length and circumstances of a delay are components of both the facts-and-circumstances factor and the prejudice factor, and together those two factors may outweigh the seriousness of the offense. *Bert*, 814 F.3d at 79-80. That is the case here—the government's pattern of neglect (*i.e.*, the multiple failures to invoke the Act in its submissions and at the hearing) and the resulting prejudice to Mr. Storm, discussed above, together outweigh the seriousness of the charges.

As to the last factor, the impact of a reprosecution on the administration of the Speedy Trial Act and of justice likewise weighs in favor of dismissal with prejudice in Mr. Storm's case. "[T]he public is the loser when a criminal trial is not prosecuted expeditiously." *Id*. at 83. Allowing the government to obtain, four months late, an ends-of-justice finding it never sought at the time would gut the contemporaneous-record

requirement and, worse, would let the government gain “successive 70-day periods in which to bring the defendant to trial” for the price of nothing. *Id*. at 82 (citation omitted).

In sum, the balance of the factors heavily weighs in favor of dismissal with prejudice. Although “[d]ismissal without prejudice is not a toothless sanction,” dismissal with prejudice “sends a stronger message . . . and is more likely to induce salutary changes in procedures.” *Taylor*, 487 U.S. at 342. As such, this Court should dismiss Counts One and Three with prejudice.

## III. CONCLUSION

Because the government asks this Court to do what *Zedner*, *Tunnessen*, and *Kelly* do not permit, and for the other reasons set forth above, the government’s request should be denied and Counts One and Three should be dismissed with prejudice pursuant to 18 U.S.C. § 3162(a)(2).

Respectfully submitted,

Brian Klein
Cooley LLP

Keri Curtis Axel
Waymaker LLP

David Patton
Hecker Fink LLP

*Attorneys for Roman Storm*