**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jakob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

September 11, 2026

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Roman Storm*, S1 23 Cr. 430 (KPF)**

Dear Judge Failla:

The Government respectfully submits this letter regarding the Speedy Trial Act. As the Court has recognized, "it is plain from the record that the Court made an implicit ends-of-justice finding on April 24, 2026, excluding time from that date until the start of the retrial on October 26, 2026." (Dkt. 303 at 3). Thus, the Court's order today putting that finding on the record is exactly the procedure approved by the Second Circuit in *United States v. Hoskins*, 44 F.4th 140, 152 (2d Cir. 2022). Additionally, as the Court has recognized, even if the Court were to find that more than seventy days of non-excluded time had elapsed, the appropriate remedy would be dismissal of Counts One and Three of the Indictment without prejudice. (Dkt. 303 at 4 n.1).

The Government submits this letter simply to note for the record that, even if this Court's end-of-justice finding that was implicitly part of its April 24, 2026 scheduling order were disregarded, fewer than seventy days have elapsed under the Speedy Trial Act. By the Government's calculation, even aside from that scheduling order, 68 days of non-excluded time would have elapsed, as set forth below:

- The Court declared a mistrial on Counts One and Three on August 6, 2025.
- The next four days elapsed and then, beginning on August 11, 2025, the Court's orders expressly excluded time continuously through April 9, 2026.
- Time was also separately excluded beginning on September 30, 2025, when the defendant filed his Rule 29 motions, through May 30, 2026, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & 3161(h)(1)(H). *See United States v. Kennedy*, 2025 WL 845539 at * 2 (E.D. N.Y. March 18, 2025) (holding that "'a motion seeking a legal determination' made before retrial," including a post-trial motion for acquittal, "triggers the automatic subparagraph (D) exclusion") (quoting *United States v.*

*Shellef*, 718 F.3d 94, 111 (2d Cir. 2013)). The Court considered those post-trial motions at the hearing on April 9, 2026, at which point it requested supplemental briefing. That supplemental briefing was concluded on April 30, 2026, meaning that time continued to be excluded under subparagraph (D) through that date. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (Speedy Trial Act "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion"). Time was then excluded through May 30, because subparagraph (H) automatically excludes up to thirty days "during which any proceeding concerning the defendant is actually under advisement by the Court," as Storm's post-trial motions were here. *See Henderson*, 476 U.S. at 328-29 (explaining that the statute "allows exclusion of up to 30 days while the district court has a motion 'under advisement,' *i.e.*, 30 days from the time the court receives all the papers it reasonably expects").

- From May 31 to August 2, 2026, 64 days elapsed until the defendant's filing of new pretrial motions on August 3, 2026. (Dkt. 298).
- Beginning on August 3, 2026, when the defendant filed his new pretrial motions, including a motion to adjourn the trial date and a renewed motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i) (Dkt. 298), time was excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(D),[1] through August 25, 2026, when the Court entered an order granting the defendant's motion to adjourn the trial date (Dkt. 300).
- Time was then excluded from August 25, 2026 through April 26, 2027 pursuant to the Court's August 26 scheduling order. (Dkt. 300).

In sum, the only time that was not excluded, either automatically pursuant to the provisions of Section 3161(h) or pursuant to the Court's express orders, were the first four days after the first trial concluded, and the 64 days that elapsed between the exclusion of time that ended on May 30,

[1] Even assuming that those motions were immediately "under advisement by the court," they automatically triggered the thirty-day exclusion under subparagraph (H), which would have been in effect through September 2, 2026.

2026 and the exclusion of time that began on August 3, 2026. That means that 68 days would have run on the Speedy Trial Act even if the Court's April 24, 2026 order did not reflect an implicit finding that the ends of justice were served by an exclusion of time (which it did).[2]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________

Ben Arad
Christopher D. Brumwell
Thane Rehn
Assistant United States Attorneys
(212) 637-6521/ -2477/ -2354

Kevin Mosley
Special Assistant United States Attorney

cc: Defense counsel of record

---

[2] Because, in fact, the April 24, 2026 order reflected this implicit finding, only four days have run on the Speedy Trial Act clock.