**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jakob K. Javitz Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 5, 2026

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Roman Storm*, S1 23 Cr. 430 (KPF)**

Dear Judge Failla:

The Government respectfully writes to provide the Court with supplemental authority regarding venue on Counts One and Two. (*See* Rule 29 Opp., Dkt. 241 at 28-33). Specifically, in a recent decision concerning the creator of a cryptocurrency mixer similar to the Tornado Cash service—*United States v. Sterlingov*, No. 24-3161, 2026 WL 2881230 (D.C. Cir. Sept. 25, 2026)—the D.C. Circuit held that venue was proper, with respect to a money laundering conspiracy charge, where the mixer had transferred money to a person in the district because the "transfer of funds to and from [the mixer] furthered [the mixer]'s ability to launder the funds of all users," (*id.* at *4); and, with respect to a substantive unlicensed money transmitting charge, because the mixer had "served customers in the district," (*id.* at *5). These well-reasoned holdings bear directly on the facts of this case, are consistent with Second Circuit precedent, and further establish venue on Counts One and Two.

With respect to Count One, as the Government noted in its prior briefing, there was abundant evidence of the importance of increasing the number of deposits and withdrawals into the Tornado Cash pools via deposits from users, including Shakeeb Ahmed—who was located in the Southern District of New York when he executed transactions with Tornado Cash—and others like him to make the pools more effective for concealment purposes. (*See, e.g.*, Tr. 224 (testimony of Justin Bram that "the larger the anonymity set, the harder it would be to identify where funds came from and where they're going")). The defendant argues that Mr. Ahmed's use of Tornado Cash did not *materially* further the conspiracy because the funds Mr. Ahmed deposited into Tornado Cash were left in the pools for a relatively brief period. (*See* Rule 29 Mot., Dkt. 230 at 24). But in *Sterlingov*, the depositor made only two small deposits,[1] "withdrew almost all of [the

[1] Approximately $400 million of cryptocurrency flowed through the *Sterlingov* mixer. *Sterlingov*, 2026 WL 2881230 at *15. The first in-district deposit was for approximately $250, and the second

first deposit] the next day," and withdrew the second deposit within three days of making it. *Sterlingov*, 2026 WL 2881230 at *3. The D.C. Circuit found this sufficient for the jury to conclude that the depositor's "transfer of funds to and from [the mixer] furthered [its] ability to launder the funds of all users." *Id.* at *4. That conclusion squarely applies here, where Mr. Ahmed's deposit remained in the Tornado Cash pools for a comparable period. (*See* Tr. 901 (Mr. Ahmed's testimony that his deposit remained in Tornado Cash for approximately "a couple days")). *Sterlingov* thus directly supports venue as to Count One. It is also consistent with precedent in this Circuit.

Specifically, as the Court noted during oral argument on the defendant's Rule 29 motion, Second Circuit law is nearly silent on the issue of materiality regarding venue in conspiracy cases. (*See, e.g.*, R. 29 Tr. at 9, Dkt. 290 (noting that only two Second Circuit cases—*United States v. Royer*, 549 F.3d 886 (2d Cir. 2008) and *United States v. Lange*, 834 F.3d 58 (2d Cir. 2016)—even mention materiality)). In the two cases where the Second Circuit uttered any materiality language, it has done so in passing and without detailing a materiality requirement. For example, in *Royer*, the Government's venue theory was based on just a handful of subscribers to a stock-picking website, out of a pool of subscribers numbering in the hundreds, who were located in the relevant district. *Royer*, 549 F.3d at 894. The Second Circuit held that was sufficient to establish venue based on the conclusion that at least one in-district subscriber had seen information on the website—without any further inquiry into the degree to which access by any subscriber was material to the charged crime. *Id.* at 896. Accordingly, to "materially" advance a conspiracy in the Second Circuit, there merely must be a relationship between the acts in the district and the object of the conspiracy. The depositor's transactions in *Sterlingov* and Mr. Ahmed's analogous transfers here both amply meet that standard.

*Sterlingov* is even more compelling with respect to Count Two because the D.C. Circuit held—under the more exacting venue requirements for the substantive offense of unlicensed money transmitting charged there, as opposed to the conspiracy offense charged here—that venue was proper on the sole basis that "the jury reasonably could have found that [the mixer] served customers in the District," including "receiving funds from and issuing funds to a person in D.C." *Sterlingov*, 2026 WL 2881230 at *5. Mr. Ahmed's credible testimony that he accessed Tornado Cash "in [his] apartment in Manhattan" clearly established that Tornado Cash served customers in this District, (Tr. 898), and *Sterlingov* therefore strongly militates in favor of a finding that venue is proper as to Count Two.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

---

was for approximately $97, worth of Bitcoin. *Id.* at *3 (first deposit was for approximately $250); App. at 2857-65, *United States v. Sterlingov*, No. 24-3161 (D.C. Cir. Sept. 15, 2025) (second deposit was on November 18, 2019 for approximately 0.0117 Bitcoin); Bitcoin USD Price, Yahoo! Finance, https://tinyurl.com/45jay2fw (viewed Sept. 29, 2026) (closing price of 1 Bitcoin on November 18, 2019 was approximately $8,309.29).

In sum, *Sterlingov* is persuasive authority in support of venue on Counts One and Two. On that basis—and for the additional reasons previously set forth by the Government, (*see* Rule 29 Opp. at 17-40)—the Court should find that venue is proper as to both.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/ Ben Arad

Ben Arad
Christopher Brumwell
Thane Rehn
Assistant United States Attorneys
(212) 637-6521 / 2477 / 2354

Kevin Mosley
Special Assistant United States Attorney

cc: Defense counsel of record